**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Rhode Island
(State)

Case number (*If known*): _____ Chapter _11_

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Central Falls Detention Facility Corporation d/b/a Donald W. Wyatt Detention Facility |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | The Donald W. Wyatt Detention Facility |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 0 5 _ 0 4 7 5 4 3 9 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 950 High Street | |
| Number   Street | Number   Street |
| | P.O. Box |
| Central Falls   RI   02863 | |
| City   State   ZIP Code | City   State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Providence | |
| County | Number   Street |
| | |
| | City   State   ZIP Code |

5. **Debtor's website** (URL)   https://www.wyattdetention.com

Debtor    Central Falls Detention Facility Corporation d/b/a Donald W. Wyatt Detention Facility     Case number *(if known)*_____
      <sub>Name</sub>

---

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❏ Partnership (excluding  LLP)

❏ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❏ Railroad (as defined in 11 U.S.C. § 101(44))

❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

❏ Tax-exempt entity (as described in 26 U.S.C. § 501)

❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

     5  6  1  2

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❏ Chapter 7

❏ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

     ❏ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

     ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

     ☒ A plan is being filed with this petition.

     ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❏ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

❏ Yes.  District _____  When _____  Case number _____
                                      MM / DD / YYYY

            District _____  When _____  Case number _____
                                        MM / DD / YYYY

---

Debtor   Central Falls Detention Facility Corporation d/b/a Donald W. Wyatt Detention Facility        Case number *(if known)*_____
_____
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.   Debtor _____   Relationship _____

District _____   When _____
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
Number        Street

_____

_____   _____ _____
City                                      State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☒ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 3

Debtor   Central Falls Detention Facility Corporation d/b/a Donald W. Wyatt Detention Facility

Name

Case number *(if known)*_____

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ❑ $0-$50,000<br>❑ $50,001-$100,000<br>❑ $100,001-$500,000<br>❑ $500,001-$1 million | ❑ $1,000,001-$10 million<br>❑ $10,000,001-$50 million<br>❑ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ❑ $500,000,001-$1 billion<br>❑ $1,000,000,001-$10 billion<br>❑ $10,000,000,001-$50 billion<br>❑ More than $50 billion |
| **16. Estimated liabilities** | ❑ $0-$50,000<br>❑ $50,001-$100,000<br>❑ $100,001-$500,000<br>❑ $500,001-$1 million | ❑ $1,000,001-$10 million<br>❑ $10,000,001-$50 million<br>❑ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ❑ $500,000,001-$1 billion<br>❑ $1,000,000,001-$10 billion<br>❑ $10,000,000,001-$50 billion<br>❑ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING --   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/10/2026

MM  / DD / YYYY

✘ /s/ Daniel S. Polsky

Signature of authorized representative of debtor

Daniel S. Polsky

Printed name

Title   Authorized Signatory

**18. Signature of attorney**

✘ /s/ Daniel E. Burgoyne

Signature of attorney for debtor

Date   07/10/2026

MM   / DD / YYYY

Daniel E. Burgoyne

Printed name

Partridge Snow & Hahn LLP

Firm name

40 Westminster Street, Suite 1100

Number       Street

Providence

City

RI

State

02903

ZIP Code

(401) 861-8254

Contact phone

dburgoyne@psh.com

Email address

7541

Bar number

RI

State

**Fill in this information to identify the case:**

Debtor name: Central Falls Detention Facility Corporation d/b/a Donald W. Wyatt Detention Facility

United States Bankruptcy Court for the: District of Rhode Island
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                    12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Accelerate Tax, LLC c/o Elihu E. Allinson, III Sullivan Nimeroff Brown Hill LLC 919 North Market Street, Suite 420 Atlanta, DE 19801 | Elihu E. Allinson, III Tel. 302-428-8191 zallinson@snbhlaw.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 2 | Alfredo Aldeco, *pro se* Address on file | Alfredo Aldeco, *pro se* Address on file | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 3 | Debora Alves Borgas c/o Richard A. Sinapi, Chloe A. Davis, and Danilo A. Borgas Sinapi Law Associates, Ltd. 2374 Post Road, Suite 201 Warwick, RI 02886 | Richard Sinapi, *et al*. Tel. 401-739-9690 ras@sinapilaw.com cad@sinapilaw.com dab@sinapilaw.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 4 | City of Central Falls c/o Matthew Jerzyk, City Solicitor 580 Broad St. Central Falls, RI 02863 | Matthew Jerzyk Tel. 401-727-7400, Ext. 2435 | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 5 | Jodie Clougherty c/o Bruce P. Gladstein Bruce Gladstein Law Offices 2377 Pawtucket Avenue East Providence, RI 02914 | Bruce P. Gladstein Tel. 401-272-9020 bgladsteinlaw.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |

Debtor    Central Falls Detention Facility Corporation d/b/a Donald W. Wyatt
Detention Facility                                                          Case number (*if known*)
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  Terrence Fracassa c/o Vincent Indeglia Indeglia & Associates 300 Centerville Road The Summit East, Suite 320 Warwick, RI 02886 -and- Thomas A. Tarro, III Tarro & Marotti Law Firm, LLC Summit East, Suite 330 300 Centerville Road Warwick, RI 02886 | Vincent Indeglia Tel. 401-886-9240 vincent@indeglialaw.com -and- Thomas A. Tarro, III Tel. 401-737-7200 ttarro3rd@tarromarotti.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 7  Bennie Gene Gray, Jr. c/o Joshua P. Dunn Brown Rudnick LLP One Financial Center Boston, MA 02111 | Joshua P. Dunn Tel. 617-856-8375 jdunn@brownrudnick.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 8  Jacob Hellested, *et al.* c/o Peter N. Wasylyk Law Offices of Peter N. Wasylyk 1307 Chalkstone Avenue Providence, RI 02908 | Peter N. Wasylyk Tel. 401-831-7730 pnwlaw@aol.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 9  Leslie Jacobo c/o Mark P. Gagliardi Law Office of Mark P. Gagliardi 56 Pine Street, Suite 200 Providence, RI 02903 | Mark P. Gagliardi Tel. 401-277-2030 mark@markgagliardilaw.net | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 10  Maeva Payroll Consulting, LLC Christopher Clark, Registered Agent 2122 S. Terripin Cir. Mesa, AZ 85209 | Christopher Clark Registered Agent 2122 S. Terripin Cir. Mesa, AZ 85209 | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 11  Edgar Medina c/o Amato A. DeLuca DeLuca, Weizenbaum, Barry & Revens, Ltd. 199 North Main Street Providence, RI 02903 | Amato A. DeLuca Tel. 401-453-1500 bud@dwbrlaw.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 12  Shane W. Rylah c/o Matthew H. Parker Whelan Corrente & Flanders LLP 100 Westminster Street Suite 710 Providence, RI 02903 | Matthew H. Parker Jessica A. Sclafani Tel. 401-270-4500 mparker@whelancorrente.com jsclafani@whelancorrente.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 13  Franklin Soto, *pro se* Address on file | Franklin Soto, *pro se* Address on file | Litigation | Contingent Unliquidated Disputed | | | Undetermined |

| Debtor | Central Falls Detention Facility Corporation d/b/a Donald W. Wyatt Detention Facility | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | United States Marshals Service Prisoner Operations Division/Intergovernmental Agreements Branch CG-3, Suite 300 Washington, DC 20530-0001 | Arness Harris Tel. 202-308-6262 arness.harris@usdoj.gov | Government Contracts | Disputed | | | $1,552,360.66 |
| 15 | David Vasbinder c/o Jane R. Duket Douglas E. Chabot Marasco & Nesselbush 685 Westminster Street Providence, RI 02903 | Jane R. Duket Douglas E. Chabot Tel. 401-274-7400 jduket@m-n-law.com dchabot@m-n-law.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 16 | David Daoud Wright c/o Amato A. DeLuca DeLuca, Wizenbaum, Barry & Revens, Ltd. 199 North Main Street Providence, RI 02903 | Amato A. DeLuca Tel. 401-453-1500 bud@dwbrlaw.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |
| 17 | Reassurance Solutions LLC PO Box 766 Benton, KY 42025 | Tel. 416- 432-2541 Info@reassurancesolutions.com | Medical Devices | | | | $20,000.00 |
| 18 | Marquis Software Development 1625 Summit Lake Drive Suite 305 Tallahassee, FL 32317-7940 | Ben Harrell Tel. 850-766-8761 accounting@marquisware.com | Medical Software | | | | $3,961.80 |
| 19 | R.I. Department of State Division of Business Services/Notary 148 W. River Street Providence, RI 02904-2615 | DLT/elevator Unit Tel. 401-462-8570 www.dlt.ri.gov/occusafe | Notary Application | | | | $80.00 |
| 20 | | | | | | | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re: ) | |
| CENTRAL FALLS DETENTION ) | Chapter 11 |
| FACILITY CORPORATION, ) | |
| d/b/a Donald W. Wyatt Detention Facility ) | Case No. 26 -_____ |
| ) | |
| Debtor.[1] ) | |
| ) | |
| ) | |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO
FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(A)(1) AND 7007.1**

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the Debtor submits the following information:

The following entities directly or indirectly own 10% or more of any class of the

above-captioned Debtor's equity interests:

☒ None

---

[1]  The last four digits of the Debtor's federal employer identification number are 5439. The address of the Debtor is 950 High Street, Central Falls, RI 02863.

Dated: July 10, 2026

**PARTRIDGE SNOW & HAHN LLP**

*/s/ Daniel E. Burgoyne*
Daniel E. Burgoyne (#7541)
Matthew A. Lopes, Jr. (#3877)
40 Westminster Street
Suite 1100
Providence, RI 02903
T: (401) 861-8254
F: (401) 861-8210
dburgoyne@psh.com
mlopes@psh.com

– and –

**TROUTMAN PEPPER LOCKE LLP**

Jonathan W. Young (*pro hac vice* forthcoming)
Hanna J. Redd (*pro hac vice* forthcoming)
111 Huntington Ave., 9th Floor
Boston, MA 02199
T: (617) 239-0100
F: (617) 227-4420
jonathan.young@troutman.com
hanna.redd@troutman.com

Aaron C. Smith (*pro hac vice* forthcoming)
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
T: (312) 443-700
F: (312) 443-0336
aaron.smith@troutman.com

*Proposed Counsel to the Debtor and Debtor in Possession*

**Fill in this information to identify the case and this filing:**

Debtor Name <u>Central Falls Detention Facility Corporation d/b/a Donald W. Wyatt Detention Facility</u>

United States Bankruptcy Court for the : _____ District of <u>Rhode Island</u>
(State)

Case number (*in known*) _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ *Amended Schedule _____*

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration <u>Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>07/10/2026</u>
MM / DD / YYYY

**X** */s/ Daniel S. Polsky*
Signature of individual signing on behalf of debtor

Daniel S. Polsky
Printed name

Authorized Signatory
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**SUPPLEMENTAL RESOLUTIONS ADOPTED BY
THE BOARD OF DIRECTORS OF THE
CENTRAL FALLS DETENTION FACILITY CORPORATION**

**AT A MEETING HELD ON**

**February 2, 2026**

Following a discussion among the board of directors of the Central Falls Detention Facility Corporation (the "*Corporation*"), upon a motion duly made and seconded, the resolutions set forth on **Exhibit A** were duly approved.

Dated: February 2, 2026

Name:  James Lombardi III
Title:    Chairman

## Exhibit A

### CENTRAL FALLS DETENTION FACILITY CORPORATION
**Supplemental Board Resolutions**
**February 2, 2026**

**WHEREAS**, the Board of Directors (the "**Board**") of the Central Falls Detention Facility Corporation (the "**Corporation**"), acting by vote at a duly-called meeting under Rhode Island law, does hereby supplement and approve the following resolutions in accordance with applicable law and the relevant provisions of the governing documents of the Corporation;

**WHEREAS,** at a duly-called meeting on July 23, 2025, the Board, in executive session, approved the filing of a Chapter 11 proceeding for the Corporation, the execution and implementation of a Restructuring Support Agreement and Chapter 11 Plan in connection with the anticipated Chapter 11 proceeding, the retention of professionals, and other actions needed to perform the authorized actions (the "**July 23 Resolutions**");

**WHEREAS**, the Board determined that executive session was appropriate to consider and approve the July 23 Resolutions in order to implement the terms of the proposed settlement reached as part of a confidential federal court mediation process;

**WHEREAS**, in furtherance of the authorized actions, the Corporation retained professionals and moved forward diligently with preparations for the Chapter 11 filing, the Restructuring Support Agreement, the Chapter 11 Plan and related matters;

**WHEREAS**, as the Chapter 11 filing and related action items are nearing final form, the Board finds it appropriate and advisable to make public and supplement the July 23 Resolutions, provided that the Board clarifies that the following resolutions are substantially similar, in form and content, to the July 23 Resolutions, which resolutions have been in effect since July 23, 2025;

**WHEREAS**, (i) the Corporation presently does not have sufficient liquidity or net operating income to service its outstanding bond debt, (ii) the Corporation has negotiated in good faith with the Bond Trustee and the City of Central Falls to restructure its outstanding obligations to address these liquidity issues, (iii) following extensive negotiations, the parties have agreed to a restructuring of the Corporation's obligations that substantially reduces the outstanding debt owed by the facility, (iv) the parties desire to implement this restructuring through a Chapter 11 proceeding, and have agreed to the essential elements of a Chapter 11 plan that accomplishes such restructuring, and (v) the proposed restructuring reduces the Corporation's outstanding debt to a level that will permit regular debt service from the Corporation's net operating income, and thereby allow the facility to remain viable and continue operating;

**WHEREAS**, the Board has considered presentations by the Corporation's financial and legal advisors regarding the Corporation's liquidity, its liabilities, including the secured bonds issued by the Corporation (the "**Bonds**"), the strategic alternatives available to it, and the effect

2

of the foregoing on the Corporation's operations, its stakeholders, and its long-term financial viability;

**WHEREAS**, the Board has had the opportunity to consult with the financial and legal advisors of the Corporation and fully consider each of the strategic alternatives available to the Corporation and the impact of all of the foregoing on the Corporation's business;

**WHEREAS**, after substantial mediation efforts led and facilitated by the United States District Court for the District of Rhode Island as well as lengthy and detailed negotiations among the Corporation, the trustee, on behalf of the holders of the Bonds (the "***Trustee***"), and the City of Central Falls (the "***City***"), the Corporation, the Trustee, and the City have reached and documented an agreement in principle with respect to a consensual restructuring of the Bonds and the resolution of other outstanding issues among them;

**WHEREAS**, the Board believes that taking the actions set forth below is in the best interests of the Corporation and, therefore, desires to adopt, authorize, and approve the following resolutions:

### A.    Chapter 11 Filing

**NOW, THEREFORE, BE IT APPROVED**, that in the business judgment of the Board, it is desirable and in the best interest of the Corporation, its creditors, stakeholders, and other parties in interest, that the Corporation shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***", and such case, the "***Chapter 11 Case***") in the United States Bankruptcy Court for the District of Rhode Island (the "***Bankruptcy Court***") and any other petition for relief or reorganization or other order that may be desirable under applicable law in the United States; and

**FURTHER APPROVED**, that Daniel Polsky of Getzler Henrich & Associates LLC and any other duly appointed officer, or other person acting at the direction of the Board, as applicable (each, an "***Authorized Signatory***" and collectively, the "***Authorized Signatories***"), acting alone or with one or more other Authorized Signatory be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Corporation all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, notices, and other documents (collectively, the "***Chapter 11 Filings***") (with such changes therein and additions thereto as any such Authorized Signatory may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Signatory with any changes thereto to be conclusive evidence that any such Authorized Signatory deemed such changes to meet such standard), and resolve or settle, subject to Bankruptcy Court approval as applicable, any objections to the Chapter 11 Filings;

**FURTHER APPROVED**, that any Authorized Signatory be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name of and on behalf of the Corporation, to take any and all actions deemed necessary, proper, or convenient in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Signatory deems necessary,

3

appropriate, or desirable, (ii) negotiating, preparing, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates applications, securities filings and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Signatory deemed the same to meet such standard), and (iii) any action necessary to maintain the ordinary course operation of the Corporation's business; and

**FURTHER APPROVED**, that all actions heretofore taken by the Corporation in furtherance of the Chapter 11 filing, the Restructuring Support Agreement, the Chapter 11 filing and related matters are hereby ratified and approved.

### B.    Restructuring Support Agreement and Chapter 11 Plan

**NOW THEREFORE, IT IS APPROVED**, that in connection with the Chapter 11 Case, the Board has determined that it is in the best interests of the Corporation to enter into a Restructuring Support Agreement and any Term Sheet accompanying same (together, the "***Restructuring Support Agreement***") and pursuant to the Restructuring Support Agreement enter into the Chapter 11 Plan of Central Falls Detention Facility Corporation (the "***Plan***") on the terms and conditions substantially similar to those previously described to the Board; and

**FURTHER APPROVED**, that the form, terms and provisions of the Restructuring Support Agreement and Plan,  and the execution, delivery and performance of the Restructuring Support Agreement and Plan and the consummation of the transactions contemplated under the Restructuring Support Agreement and Plan by the Corporation are hereby authorized, approved, and declared advisable and in the best interest of the Corporation, with such changes therein and additions thereto as Authorized Signatory executing the same may in their discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement to be conclusive evidence of the approval of the Restructuring Support Agreement and the Plan; and

**FURTHER APPROVED**, that any Authorized Signatory be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to cause the Corporation to deliver, certify, file and/or record, the Restructuring Support Agreement, including the Plan attached thereto and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement.

### C.    Retention of Professionals

**NOW, THEREFORE, IT IS APPROVED**, that any Authorized Signatory be, and each hereby is, authorized, empowered and directed , with full power of delegation, in the name and on behalf of the Corporation, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, on behalf of the Corporation, that such Authorized Signatory deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Satisfactory deemed the same to meet such standard); and

4

**FURTHER APPROVED**, that the law firm of Troutman Pepper Locke LLP ("*TPL*"), is hereby retained as general and lead bankruptcy counsel in the Chapter 11 Case, subject to Bankruptcy Court approval, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and TPL is authorized to take any and all actions to advance the Corporation's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and

**FURTHER APPROVED**, that the law firm of Pannone Lopes Devereaux & O'Gara LLC ("*PLDO*") is hereby retained as local bankruptcy counsel in the Chapter 11 Case, subject to Bankruptcy Court approval, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and PLDO is authorized to take any and all actions to advance the Corporation's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and

**FURTHER APPROVED**, that the firm of Getzler Henrich & Associates LLC is hereby retained as financial advisor in the Chapter 11 Case, subject to Bankruptcy Court approval, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and

**FURTHER APPROVED**, that the firm of Epiq Corporate Restructuring, LLC is hereby retained as claims and noticing agent in the Chapter 11 Case, subject to Bankruptcy Court approval, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and

**FURTHER APPROVED**, that any Authorized Signatory be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Corporation, to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses and taxes such Authorized Signatory deems necessary, appropriate, or desirable, and (iii) negotiating, executing, delivering, performing and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Signatory deemed the same to meet such standard).

### D. General Authorizations

**NOW, THEREFORE, IT IS APPROVED**, that the Authorized Signatories of the Corporation be, and each hereby is, authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments, and certificates and to take such other actions as may be necessary, proper, or appropriate in order to carry out the intent and purposes of the foregoing resolutions; and

**FURTHER APPROVED**, that the Board has received sufficient notices of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, its enabling act, and under applicable law, or hereby waives any right to have received such notice; and

5

**FURTHER APPROVED**, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of the Corporation by any officer, director or other Authorized Signatory of the Corporation in connection with or related to the matters set forth or contemplated by the foregoing resolutions be, and hereby are, approved, ratified, adopted and confirmed in all respects as if such actions had been presented to the Board for approval prior to such actions being taken; and

**FURTHER APPROVED**, that each Authorized Signatory of the Corporation is hereby authorized to certify to third parties with respect to the approvals of the foregoing in the form and substance reasonably satisfactory to such party.