**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTRAL FALLS DETENTION FACILITY CORPORATION, d/b/a Donald W. Wyatt Detention Facility | Case No. 26-10628 |
| Debtor.[1] | |

# ORDER (I) AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), pursuant to sections 105(a), 327, 328, 330, and 363 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, for entry of an order (this "Order"): (i) authorizing, but not directing, the Debtor to retain and compensate certain professionals utilized in the ordinary course of the Debtor's business (each, an "OCP" and collectively the "OCPs"), and (ii) granting related relief, as all more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be

[1] The last four digits of the Debtor's federal employer identification number are 5439. The address of the Debtor is 950 High Street, Central Falls, RI 02863.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a), 327, 328, 330, and 363 of the Bankruptcy Code, the Debtor is authorized, but not directed, to retain and compensate the OCPs, including LDT Consulting, LLC, Regan Communications Group, Inc., ProCFO Partners, LLC, and Pannone Devereaux & O'Gara LLC in the ordinary course of business.

3. The Debtor is authorized, but not directed, to retain and compensate future OCPs in the ordinary course of business pursuant to the following Future OCP Procedures:

   a. Within thirty (30) days of the later of (i) the date of entry of the Proposed Order and (ii) the date on which an OCP commences work for the Debtor, such OCP shall provide an executed declaration of disinterestedness (the "OCP Declaration") to the Debtor for filing with the Court, which shall be served upon: (A) Central Falls Detention Facility Corporation, 950 High Street, Central Falls, RI 02863, Attn.: Warden; (B) proposed counsel to the Debtor, Troutman Pepper Locke LLP, 111 Huntington Avenue, 9th floor, Boston, MA 02199, Attn.: Jonathan W. Young and Hanna Redd and Troutman Pepper Locke LLP, 111 S. Wacker Drive, Chicago, IL 60606, Attn: Aaron C. Smith; (C) proposed co-counsel for the Debtor, Patridge Snow & Hahn LLP, 40 Westminster Street, Suite 1100, Providence, RI 02903, Attn.: Daniel E. Burgoyne and Matthew A. Lopes, Jr.; (D) counsel to the Bond Trustee, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., (1) One Financial Center, Boston, MA 02111, Attn: Ian A. Hammel, and (2) 919 Third Avenue, New York, NY 10022, Attn: Megan M. Preusker and Kaitlin R. Walsh; (E) local counsel to the Bond Trustee, Duffy & Sweeney, a Division of Stevens and Lee, 321 S. Main St., Suite 400, Providence, RI 02903, Attn: Robert M. Duffy; and (F) the Office of the United States

Trustee for Region 1, 5 Post Office Square, Suite 1000, Boston, MA 02109, Attn: Sandra Nicholls (collectively, the "Notice Parties").

b. The Notice Parties and any other party-in-interest shall have ten (10) business days after the date of filing of such OCP Declaration (the "Objection Deadline") to object to the retention of such OCP. Any objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be consensually resolved within ten (10) days of its receipt by the Debtor, the objection will be scheduled for a hearing before the Court at the next omnibus hearing date or such other date otherwise agreeable to the parties thereto. The Debtor shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c. If no objection is received by the Objection Deadline, or if all outstanding objections have been withdrawn, resolved, or overruled, with respect to any particular OCP, the Debtor shall be authorized to (i) retain such OCP as of the date such OCP commenced providing services to the Debtor and (ii) compensate such OCP as set forth below.

4. Upon receipt of a reasonably detailed invoice from an OCP for fees and costs for services provided to the Debtor (each, an "OCP Invoice"), the Debtor is authorized to make payment of 100% of the OCP Invoice; provided, however, that the fees do not exceed $25,000 per month per OCP, calculated as an average over a three-month period while this Chapter 11 Case is pending (the "OCP Cap") (it being understood that there shall be no application of a rolling three month average for the first month). If an OCP seeks the payment of fees in excess of the OCP Cap, that professional must file a fee application for the full amount of its fees and expenses incurred that exceed the OCP Cap, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any and all orders of this Court.

5. Notwithstanding anything to the contrary in this Order, any payment made or action taken by the Debtor pursuant to the authority granted in this Order must be in compliance with, and shall be subject to any orders: (a) approving the Debtor's use of cash collateral and related

relief then in effect, and solely to the extent in compliance with any budget(s) in connection therewith and (b) approving the Debtor's continued use of its cash management system.

6. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (a) an implication or admission as to the validity of any claim against the Debtor, (b) a waiver of the Debtor's or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (c) a waiver of the Debtor's or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (d) a waiver of the obligation of any party in interest to file a proof of claim, (e) an agreement or obligation to pay any claims, (f) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (g) an admission as to the validity of any liens satisfied pursuant to the Motion, or (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code. Notwithstanding anything to the contrary contained herein or in the Motion, no professional retained pursuant to this Order shall be paid on account of any prepetition claim.

7. This Order shall not apply to any attorneys or other professionals retained, or to be retained, by the Debtor pursuant to separate orders of this Court.

8. The entry of this Order does not affect the Debtor's ability to (a) dispute any invoice submitted by an OCP; and (b) seek employment of additional OCPs by separate motion, as the need arises, and the Debtor reserves all of its rights with respect thereto.

9. Notwithstanding the provisions of Bankruptcy Rules 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: August 21, 2026
Providence, Rhode Island

Honorable John A. Dorsey, Jr.
United States Bankruptcy Judge