**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTRAL FALLS DETENTION FACILITY CORPORATION, d/b/a Donald W. Wyatt Detention Facility | Case No. 26-10628 |
| Debtor.[1] | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER GRANTING (I) PRELIMINARY APPROVAL OF DATA SECURITY INCIDENT SETTLEMENT; (II) CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY; (III) APPOINTMENT OF SETTLEMENT CLASS COUNSEL; (IV) AUTHORIZATION FOR SETTLEMENT CLASS COUNSEL TO FILE A CLASS PROOF OF CLAIM; (V) APPROVAL OF THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS REGARDING CLASS CERTIFICATION AND SETTLEMENT TERMS; (VI) ESTABLISHMENT OF THE DATE AND TIME FOR A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE CLASS SETTLEMENT; AND (VII) RELATED RELIEF**

The Central Falls Detention Facility Corporation, as debtor and debtor and debtor-in-possession in the above-captioned Chapter 11 Case (the "Debtor"), submits this Motion (the "Motion"[2]), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 7023, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules"), and Rules 9013-1, 9013-2, 9013-3, and 9014-1 of the Local Rules for the U.S. Bankruptcy Court for the District of Rhode Island (the "Local Rules"), for entry of an order, substantially in the form of proposed order attached hereto (the "Preliminary Approval Order"),

[1] The last four digits of the Debtor's federal employer identification number are 5439. The address of the Debtor is 950 High Street, Central Falls, RI 02863.

[2] Unless stated otherwise, capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the Settlement Agreement, or the proposed *Chapter 11 Plan Of Central Falls Detention Facility Corporation* (the "Plan"), filed with the Court on July 10, 2026 [Docket No. 11], as applicable.

that (i) preliminarily approves the Settlement of the DSI Class Action; (ii) certifies the DSI Settlement Class for settlement purposes only; (iii) approves the form and manner of notice to members of the DSI Settlement Class; (iv) schedules a final hearing for consideration of the fairness and approval of the proposed Settlement; and (v) grants related relief. In support of this Motion, the Debtor respectfully states as follows:

**Preliminary Statement**

1. Entry of the proposed Preliminary Approval Order will begin the implementation of the proposed Settlement that, like the Debtor's proposed Plan, represents a compromise and resolution of significant litigation. As detailed below, the Debtor submits that the proposed Settlement, which is the product of negotiations with the plaintiffs' counsel, not only satisfies Rule 9019 of the Bankruptcy Rules but also Rule 23 of the Civil Rules. In turn, the Debtor submits that the Settlement and the proposed notice plan and procedures represents a reasonable exercise of the Debtor's business judgment that, upon final approval, will further ensure that the Debtor's reorganization and chapter 11 process is effective and meaningful.

**Jurisdiction**

2. The U.S. Bankruptcy Court for the District of Rhode Island (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

3. Through this Motion, the Debtor seeks entry of the proposed Preliminary Approval Order, in the form attached hereto, authorizing all relief requested in this Motion and set forth in the Preliminary Approval Order, including, without limitation, the following:

- Preliminary approval of the settlement (the "Settlement") and terms set forth in the settlement agreement (the "Settlement Agreement") to be executed upon entry of the Preliminary Approval Order, in the form of **Exhibit A**, attached hereto, between the Debtor and Jacob Hellested as the lead plaintiff and proposed DSI Class Representative (the "DSI Class Representative") on behalf of the members of the proposed DSI settlement class (the "DSI Settlement Class", and together with the Debtor, the "Parties", each a "Party");
- Certification of the DSI Settlement Class for settlement purposes only;
- Approval of, and authorization for the Law Offices of Peter N. Wasylyk and Mason & Perry LLP to serve as settlement class counsel ("Settlement Class Counsel") and to file with the Court a class proof of claim (the "DSI Class Proof of Claim"), which DSI Class Proof of Claim shall be filed and submitted on Official Form B410, or in substantially similar form;
- Establishing the procedures for notice of the Settlement, relevant dates and deadlines, and related notices (the "Notice Plan", as further detailed below), including the form and manner of notice to the members of the DSI Settlement Class, such as the long form class notice (the "Long Form Class Notice"), in the form of **Exhibit B-1**; the post-card notice (the "Post-Card Notice") in the form of **Exhibit B-2**; the publication notice (the "Publication Notice") to be published by the Providence Journal and Prison Legal News, in the form of **Exhibit B-3**; and the proposed press release (the "Informational Release"), to be released via PR Newswire, in the form **Exhibit B-4**, each as attached hereto;
- Approving the form and manner of the claim form (the "Settlement Claim Form"), in the form of **Exhibit C**, attached hereto, to be utilized by DSI Settlement Class members to assert a settlement claim for recovery (a "Settlement Claim");
- Approving the procedures, form, and manner by which members of the DSI Settlement Class may opt out and exclude themselves from the Settlement (the "Opt-Out Process");
- Scheduling a final hearing for consideration of the fairness and final approval of the proposed Settlement (the "Final Approval Hearing"), and related deadlines in advance of that Final Approval hearing;
- Authorization for, and appointment of, Epiq Class Action & Claims Solutions, Inc. ("Epiq") to serve as the settlement claims administrator (the "Settlement Administrator"), including authorization to open, maintain, and make distributions and payments on claims from a qualified settlement fund account.

4. The bases for the relief requested in this Motion include sections 105(a), 363, and 502 of the Bankruptcy Code; Bankruptcy Rules 7023, 9014, and 9019 of the Bankruptcy Rules; and Rule 23 of the Civil Rules ("Rule 23"), incorporated through Bankruptcy Rule 7023.

5. In support of this Motion, the Debtor has simultaneously filed the supporting declarations of Daniel S. Polsky, a Managing Director of Getzler Henrich & Associates, LLC, the

Debtor's financial advisor since July 2025, and Cameron R. Azari, Esq., of Epiq (the "Polsky Settlement Declaration" and the "Azari-Epiq Declaration", respectively), which declarations are incorporated herein by reference.

## Background

### A. The Chapter 11 Case

6. On July 10, 2026, (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor continues to operate and maintain its non-profit Facility and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made, and no committees have been appointed.

7. Additional information regarding the Debtor's business and financial structure, the circumstances leading to the commencement of the Chapter 11 Case, and general background for the Debtor and the proposed Plan is in the *Declaration of Daniel S. Polsky in Support of the Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 2] (the "First Day Declaration"), which was filed with the Court on July 10, 2026 and is incorporated by reference herein.

### B. The U.S. District Court Data Security Incident Class Action Case

8. On July 19, 2024, the proposed DSI Class Representative, Jacob Hellested, individually as lead plaintiff and on behalf of all others similarly situated, filed a putative class action complaint (the "DSI Class Action Complaint") against the Debtor, as the sole defendant, in the U.S. District Court for the District of Rhode Island (the "District Court") case number 1:24-CV-00284-MRD-AEM (generally, the "DSI Class Action"). (**Exhibit D**, attached hereto, is a true and correct copy of the DSI Class Action Complaint; and **Exhibit E**, attached hereto, is a true and accurate copy of the current docket sheet for the DSI Class Action.)

9. As alleged by the proposed DSI Class Representative,[3] as plaintiff in the DSI Class Action, on, or about, November 2, 2023, the Debtor was the target of the a cyberattack that compromised the Debtor's internal data network, and personally identifiable information ("PII") and protected health information ("PHI") associated with detainees; current, potential, and former staff; and third-party vendors (the "DSI"). (**Ex. D**, at 2, ¶2-3.)

10. The proposed DSI Class Representative alleges that an "unauthorized actor accessed [the Debtor's] system and may have copied and exfiltrated certain files containing Plaintiff(s)' and Class Members' Private Information." (**Ex. D**, at 2, ¶4.)

11. The proposed DSI Class Representative alleges that the putative DSI Class Action was filed "to address [the Debtor's] inadequate safeguarding of Class Members' Private Information that they collected and maintained, and for failing to provide timely and adequate notice to Plaintiff(s) and other Class Members that their information had been subject to the unauthorized access of an unknown third party and precisely what specific type of information was accessed." (**Ex. D**, at 3-4, ¶13.)

12. The proposed DSI Class Representative, on behalf of a class, claims entitlement to redress due to the Debtor's alleged "negligence, breach of implied contract, unjust enrichment, and declaratory relief . . . ." (**Ex. D**, at 5, ¶22.) In turn, the proposed DSI Class Representative seeks "remedies including, but not limited to, compensatory damages, reimbursement of out-of-pocket costs, and injunctive relief, including improvements to [the Debtor's] data security systems, future annual audits, and adequate, long term credit monitoring services funded by [the Debtor], and declaratory relief." (**Ex. D**, at 5, ¶23.)

---

[3] The following summary of the allegations averred by the proposed DSI Class Representative in the DSI Class Action Complaint is informational only, and, the Debtor reserves all its rights, claims, defenses, and remedies. The Debtor does not concede any facts or legal contentions or allegations, unless expressly stated.

13. As to class action-related allegations, the proposed DSI Class Representative alleges that he is suing on behalf of himself and all others similarly situated. (**Ex. D**, at 29, ¶130.) The DSI Class Representative proposes a class definition, subject to amendment, as: "All individuals whose Private Information was maintained on Central Falls Detention Facility Corporation d/b/a Donald D. Wyatt Detention Facility's computer systems and who were sent a notice of the November 23 Data Breach." (**Ex. D**, at 29, ¶131.)

14. Further, the DSI Class Action Complaint alleges facts concerning Rule 23:

- Numerosity, alleging the impracticability of joining all class members as plaintiffs, and that the class may consist of thousands of people;
- Commonality, alleging that common questions of law and fact predominate and affect only individual class members;
- Typicality, alleging that the class plaintiff's claims are typical of other class members affected by the DSI;
- Adequacy of Representation, alleging that the class plaintiff will fairly represent the interests of class members and that counsel for the class plaintiff is competent and experienced with litigating class actions;
- Predominance, alleging that the Debtor engaged in a common course of conduct toward the class plaintiff and class members and that adjudication of the common issues will advance judicial economy; and
- Predominance, alleging that, absent a class action, class members would face prohibitive cost-benefit risks that would discourage individualized actions.

(**Ex. D**, at 29-30, ¶¶134-139.)

15. The DSI Class Action Complaint avers four causes of action and counts—negligence, breach of implied contract, unjust enrichment, and a declaratory judgment, as well as injunctive relief—on behalf of the proposed DSI Class Representative and all other DSI Settlement Class members. (**Ex. D**, at 33-44, ¶¶143-208.)

16. The DSI Class Action Complaint seeks a judgment that (a) certifies the action as a class action and appoints the DSI Class Representative and proposed Settlement Class Counsel to represent the class; (b) enjoins the Debtor from engaging in certain conduct; (c) compels the Debtor

to use certain methods of data storage and protection; (d) requires the Debtor to disgorge certain revenue; (e) encompasses declaratory relief; (f) compels the Debtor to provide credit monitoring services; (g) awards damages, in amount to be determined; (h) awards attorneys' fees and costs; and (i) awards pre- and post-judgment interest. (**Ex. D**, at 44-45.)

17. On September 25, 2024, the Debtor filed with the District Court its Answer in the DSI Class Action (the "Answer"). DSI Class Action, Docket No. 11. The Debtor's Answer also asserted various affirmative defenses.

18. Procedurally, on October 28, 2024, the District Court entered a Standard Pretrial Order, which, among other deadlines, established an initial fact discovery cut-off date of June 30, 2025. DSI Class Action, Docket No. 14, at 1.

19. Subsequently, on June 16, 2025, the Debtor and proposed DSI Class Representative, jointly, filed with the District Court a *Joint Motion To Extend Case Deadlines*, requesting an extended discovery deadlines, as well as a January 30, 2026 deadline for the class plaintiff to file a motion for class certification with subsequent response and reply deadlines, and the dispositive motion and *Daubert* motion deadlines to be set by the District Court at a later date. DSI Class Action, Docket No. 17, at 2. On June 20, 2025, by Text Order on the docket, the District Court granted the Parties' joint motion, extending the relevant deadlines.

20. On August 7, 2025, the Debtor and proposed DSI Class Representative jointly filed with the District Court a *Joint Motion To Stay*, seeking a 90-day stay of the Data Breach Class Action and all existing deadlines. DSI Class Action, Docket No. 18, at 1. Of note, the Parties' counsel began preliminary settlement discussions and, in lieu of active litigation, sought to devote time and resources to advancing settlement discussions and exchanging information to that end. DSI Class Action, Docket No. 18, at 1. On August 12, 2025, by Text Order on the docket, the

District Court granted the Parties' joint motion. On December 3, 2025, the Parties filed with the District Court a *Joint Status Report* stating that "they have reached a settlement agreement in principle and have negotiated a proposed settlement agreement in substantially final form." DSI Class Action, Docket No. 19, at 1. Subsequently, the Parties have filed status reports with the District Court and requested extensions of the stay from the District Court, which stay continued through June 30, 2026. DSI Class Action, Docket Nos. 20-23. As of the Petition Date, the DSI Class Action pending before the District Court has been stayed by operation of the automatic stay. *See* 11 U.S.C. § 362(a)(1).

**C. The Proposed DSI Class Action Settlement & Plan**

21. As stated in the Debtor's first-day papers and Plan-related documents filed with the Court, the Debtor and the DSI Class Representative reached the Settlement that, if authorized and approved, resolves the putative DSI Class Action. The material terms of the Settlement, if approved, are as follows:[4]

- The Debtor shall fund, or cause to be funded, a Qualified Settlement Fund (the "Settlement Fund") in the total amount of $100,000.00, from which the Settlement Administrator shall pay all approved claims and the Service Award, defined below. The Settlement Fund and account shall be opened and maintained by the Settlement Administrator, and shall be an interest-bearing account and qualified settlement under U.S. Treasury regulations;

- Members of the DSI Settlement Class may file a Settlement Claim for documented ordinary losses, lost time, and/or reimbursement for extraordinary losses, including compensation for unreimbursed losses fairly traceable to the DSI, up to a total of $5,000 per claimant, upon submission of a claim form and supporting documentation, including as to out-of-pocket expenses incurred due to the DSI, and members of the proposed DSI Settlement Class can receive reimbursement for up to four (4) hours of lost time on an hourly basis of $20 per hour for time spent responding to the DSI;

- The Debtor will provide sixty (60) months of 1-bureau credit monitoring to those

---

[4] In all instances, the terms of the Settlement Agreement shall control in the event of any inconsistency between (a) the summary provided in this Motion; and (b) the terms of the Settlement Agreement.

members of the DSI Settlement Class who enroll in credit monitoring services during the claims period through the process established by the Settlement Administrator, to be paid for by the Debtor outside of funds paid to establish the Settlement Fund;

- The DSI Class Representative, as the sole lead plaintiff and the sole class representative, will be compensated with a service award of $2,000.00 (the "Service Award"), which Service Award will be paid with funds in the Settlement Fund; and

- Subject to Court approval, Settlement Class Counsel shall receive compensation of $90,000.00 for their reasonable fees, costs, and expenses incurred for legal services on behalf of the DSI Settlement Class, which funds will ***not*** be paid from, or otherwise reduce, the Settlement Fund, and Settlement Class Counsel shall file with the Court a motion seeking approval for compensation, to be heard at the Final Approval Hearing.

22. Regardless of whether a member of the DSI Settlement Class with an allowed claim accepts the recovery provided by the Settlement or opts out of the Settlement, as proposed, ***the Plan treats all members of the DSI Settlement Class as unimpaired***. Depending on whether a class member and claim-holder either (A) opts out of the Settlement, and is classified in Class 5; or (B) elects to receive a recovery from, and participate in, the Settlement, and is classified in Class 6, the claims of members of the DSI Settlement Class will be treated in either of those two classes under the proposed Plan.

23. Class 5 of the Plan, which is unimpaired, includes DSI class opt-out claims and any other Unsecured Litigation Claims not related to the DSI. Each holder of an allowed Class 5 claim—including eligible members of the DSI Settlement Class that submit timely and proper Opt-Out Letters, defined below (each, a "Class Settlement Opt-Out")—shall have their respective Claim reinstated by the Plan.

24. Class 6 of the Plan, which is unimpaired, is comprised of DSI Settlement Claims, and each member of the DSI Settlement Class and holder of an allowed Class 6 claim will receive a recovery in accordance with the proposed Settlement, which material terms are detailed below, if the Settlement is approved. Alternatively, if the Settlement is not approved, then each holder of

an allowed Class 6 claim will have their respective claim reinstated.

25. As contemplated by the proposed *Order (I) Approving Disclosure Statement; (II) Establishing Voting Record Date, Voting Deadline, and other Dates; (III) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on Chapter 11 Plan and for Filing Objections to Chapter 11 Plan; (IV) Approving Notice and Objection Procedures for the Assumption or Rejection of Executory Contracts and Unexpired Leases; (V) Approving Form, Manner, and Sufficiency of Notice and other Related Documents; and (VI) Granting Related Relief* (the "Disclosure Statement Order"), the holders of (i) allowed Class 5 claims that are Class Settlement Opt-Outs, and (ii) allowed Class 6 claims—which, together, cover the entirety of potential members of the DSI Settlement Class and any Class Settlement Opt-Outs—shall receive the Non-Voting Status Notice and a Confirmation Hearing Notice, each as defined in the proposed Disclosure Statement Order.

**D. The Notice Plan & Steps Necessary To Implement The DSI Class Action Settlement**

26. Due to the unique nature of the Debtor's business operations and the composition of potential members of the DSI Settlement Class, the Debtor, in consultation with the Settlement Administrator, submits that the proposed Notice Plan is consistent with the requirements of due process and satisfies applicable law, namely, Rule 23 of the Civil Rules, Rules 2002 and 9019 of the Bankruptcy Rules, and, as may be applicable, the Class Action Fairness Act of 2005 ("CAFA"), which is codified at 28 U.S.C. §§ 1332(d), 1453, and 1711 through 1715. The Settlement Administrator, on behalf of the Debtor, shall fulfill the Notice Plan by providing notice and service of the documents and information required upon entry of the Preliminary Approval Order.

27. As to CAFA and in accordance with 28 U.S.C. § 1715(b), the Debtor will within ten (10) days of filing this Motion, cause to be served, or otherwise provided requisite notice of, the following documents, in electronic format: (i) a copy of the DSI Class Action Complaint; (ii)

notice of the Bankruptcy Court's hearing to consider entry of the proposed Preliminary Approval Order; (iii) a copy of this Motion, including all exhibits, which include the proposed notice forms to be sent to members of the DSI Settlement Class, including notice of members' right to request exclusion and opt out of the Settlement and the terms of the proposed Settlement; (iv) a copy of the proposed Settlement Agreement between the Debtor and the DSI Class Representative; and (v) pursuant to 28 U.S.C. § 1715(b)(7)(B), an estimate of the number of potential class members in each state and an estimate as to the proportionate share of claims of such members as to the settlement (collectively, the foregoing documents and information described at (i) through (v) are the "CAFA Documents").

28. Also in accordance with 28 U.S.C. § 1715(a)-(b), service, or notice as applicable, of the CAFA Documents will be provided to the following officials and entities: (i) the Attorney General for the State of Rhode Island, as the "appropriate State official" under CAFA because the Debtor is *not* subject to any other regulator, supervisor, or licensing authority with primary regulatory or supervisory responsibility over the Debtor or one that licenses the Debtor to conduct its business; (ii) the attorneys general for all 50 states as the Debtor is not regulated, licensed, or supervised by any other states; and (iii) the Attorney General of the United States (collectively, the foregoing officials and entities described at (i) through (iii) are the "CAFA Notice Parties"). *See* 28 U.S.C. § 1715(a)(1)-(2).

29. Next, upon entry of the Preliminary Approval Order, the Debtor or the Settlement Administrator, as appropriate, shall take the following actions to effectuate the Notice Plan:

- Settlement Website: Within 30 Days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish a web-site (the "Settlement Website") with detailed information concerning the terms of the proposed Settlement, posting the approved Long Form Class Notice, at **Exhibit B-1**, relevant deadlines and requirements necessary to either file a Settlement claim, including enrollment in credit-monitoring, or to opt-out of the Settlement, relevant telephone numbers,

including English and Spanish language options, that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff, and the ability to access, view, and download with no charge copies of all documents filed with the Court, including filings concerning the Settlement, the Settlement Website will also have an online claim portal for the submission and filing of claims;

- Post-Card Notice: Within 30 Days after entry of the Preliminary Approval Order, the members of the DSI Settlement Class will be sent, via U.S. Mail, a post-card notice in the form of **Exhibit B-2**, attached hereto, which will include critical information concerning the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement claim or to opt out of the Settlement, a QR code that will direct the recipient to the Settlement Website, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff. The Post-Card Notice also includes a "tear-off" claim;

- Social Media Notice: Through social media and other Internet methods of notice, including through *Google Display Network*, *Facebook*, and *Instagram*, as well as with *ProvidenceJournal.com* and *NewportRI.com*, the Settlement Administrator will publicize the Settlement Website, and additional information and links regarding the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement Claim or to opt out of the Settlement, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff; and

- Publication Notice: Within 75 Days after entry of the Preliminary Approval Order, notice of and information regarding the Settlement Website, the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement Claim or to opt-out of the Settlement, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff shall also be publicized with (i) *Prison Legal News*; and (ii) the *Providence Journal*, in the form of the Publication Notice at **Exhibit B-3**, attached hereto, in both print and online formats. Additionally, the Debtor, or Epiq, shall issue an informational, press release concerning the Settlement for regional issuance via *PR Newswire's Rhode Island Newsline* in the form of the Informational Release, at **Exhibit B-4**.

30. The Azari-Epiq Declaration, incorporated herein by reference, further describes the Notice Plan and its scope.

31. Due to restrictions and limitations for the size, page length, and content that may be sent via U.S. Mail to detainees and incarcerated individuals, the Debtor intends to send only a

hard-copy of the Post-Card Notice via U.S. Mail to all known members of the DSI Settlement Class for which the Debtor has a last known address. If an eligible member of the DSI Settlement Class, however, affirmatively requests in writing, to receive additional notice documents and a claim form via hard copy, then the Debtor, through the Settlement Administrator, shall send to such eligible member of the DSI Settlement Class hard-copy(ies) of the Long Form Class Notice and a Settlement Claim Form via prepaid, U.S. Mail.

32. The Notice Plan—comprised of the Settlement Website, the Long Form Class Notice, the Post-Card Notice, Social Media Notice, Publication Notice, and Informational Release—meets the standards of Rule 23 by providing "class members the best notice that is practicable under the circumstances." FED. R. CIV. P. 23(c)(2)(B). The Notice Plan will provide DSI Settlement Class Members with adequate and sufficient notice and due process so that DSI Settlement Class Members have ample time and information to make an informed decision, pose questions, and request additional information where appropriate, as to their potential recovery from the Settlement and the submission of a Settlement claim or an Opt-Out Letter.

33. Upon entry of the Preliminary Approval Order, the Debtor or the Settlement Administrator, as appropriate, shall take the following actions, and, where applicable, the Debtor requests that the Court approve the following deadlines, subject to the date on which the Court sets the date for the Final Approval Hearing:

| DEADLINE | EVENT / ACTION |
|---|---|
| General Bar Date (October 16, 2026) | Proposed Settlement Class Counsel shall file the Settlement Class Proof of Claim |
| No Later Than 25 days after entry of Preliminary Approval Order | Debtor shall provide to the Settlement Administrator all available information regarding the DSI Settlement Class members necessary to effectuate the Notice Plan |
| No Later Than 30 days | Launch of Settlement Website |

| DEADLINE | EVENT / ACTION |
|---|---|
| after entry of Preliminary Approval Order | |
| No Later Than 75 days after entry of Preliminary Approval Order | Substantial completion of the Notice Plan, including mailing of Post-Card Notices, issuance of Publication Notice, issuance of Informational Release, and notice of Final Approval Hearing |
| ● ●, 2026<br><br>[Proposed: 35 days before Final Approval Hearing] | Settlement Class Counsel to file with the Court a fee application for award of fees, expenses, costs, and for Service Award for DSI Class Representative |
| ● ●, 2026<br><br>[Proposed: 21 days before Final Approval Hearing] | Deadline for DSI Settlement Class members to file objections to final Settlement approval and to submit Opt-Out Letters |
| ● ●, 2026<br><br>[Proposed: 7 days before Final Approval Hearing] | Debtor and Settlement Class Counsel to file with Court all necessary documents in support of entry of the Final Approval Order |
| ● ●, 2026 | Final Approval Hearing |

34. Upon the occurrence of (i) the Plan Effective Date; and (ii) the entry of the Final Approval Order, the Debtor and Settlement Class Counsel shall take all necessary and appropriate steps to dismiss with prejudice the pending DSI Class Action before the District Court. Further, if the proposed Plan is not confirmed, consummated, and effective on, or before, November 11, 2026, then the Debtor requests that the dates, deadlines, and actions to be taken in furtherance of the Notice Plan be held in abeyance and vacated, pending further Order of the Court.

## Argument

35. As explained below, the Debtor respectfully submits that the proposed Settlement, the relief to be authorized by entry of the Preliminary Approval Order, and the related procedures satisfy and adhere to Bankruptcy Rule 9019, Civil Rule 23, and the Due Process clause of the U.S. Constitution, in accordance with relevant authorities applying those standards and in light of the

factual circumstances and the composition of the proposed Settlement Class.

**A. The Proposed DSI Class Settlement Agreement Satisfies Bankruptcy Rule 9019**

36. Rule 9019(a) states that "[o]n the [debtor-in-possession's] motion and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). "Notice must be given to: all creditors; the United States trustee; the debtor; all indenture trustees as provided in Rule 2002; and any other entity the court designates." *Id.*

37. When evaluating a settlement, bankruptcy courts "assess and balance the value of the claim that is being compromised against the value the value to the estate of the acceptance of the compromise proposal." *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995) (quoting *In re GHR Cos.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (internal quotations omitted)). "The specific factors which a bankruptcy court considers when making this determination include: (i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise." *Jeffrey*, 70 F.3d at 185 (citing *In re Anolik*, 107 B.R. 426, 429 (D. Mass. 1989)); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

38. The Debtor respectfully submits that the proposed Settlement and Settlement Agreement are fair and equitable, fall well within the range of reasonableness, are in the best interests of the Debtor's estate, and, therefore, should be approved. Prior and subsequent to the Petition Date, the Debtor, the DSI Class Representative, and Settlement Class Counsel engaged in extensive, good-faith negotiations to reach an agreement that allows the Debtor to avoid further drains on its resources incidental to continued, prolonged litigation and discovery, such as legal

fees and costs, due, in large part, to the inherent complexity of class action litigation.

39. Relying on *TMT Trailer Ferry*, courts in this circuit have applied the following factors to assess the reasonableness of bankruptcy settlements (generally, the "*TMT* Factors"):

- Probability of success in litigation;
- Difficulties, if any, encountered with collection of any award or damages;
- Complexity of the litigation, and the attendant expense, inconvenience, and delay caused by litigation; and
- The paramount interest of the creditors and deference to their reasonable views.

*Jeffrey*, 70 F.3d at 185 (citing *In re Anolik*, 107 B.R. at 429); *see also TMT Trailer Ferry*, 390 U.S. at 424.

40. Based on the *TMT* Factors, the Debtor submits that the Settlement and Settlement Agreement should be approved. As to the first factor—probability of success in litigation—this factor supports approval of the Settlement. As with all litigation, risk and uncertainty are inherent, particularly where the litigants are each confident in their respective legal positions and relevant facts. That is true with the DSI Class Action, where the issues and uncertainty are amplified due to the nature and complexity of data security and privacy and class action litigation, including discovery, the certification of the proposed DSI Settlement Class, and other procedural and substantive issues unique to class action litigation.

41. Next, the Debtor submits that the second factor—collectability—is not relevant in this instance, as the Debtor is the defendant in the DSI Class Action, and if the Debtor prevailed in litigation, then the Debtor would not be seeking affirmative damages or collecting funds from the DSI Class Representative, as plaintiff. Alternatively, as to the collectability of any award in favor of the DSI Settlement Class, at the time of the DSI, the Debtor did not have insurance coverage for data breach and cyber-security claims. The lack of applicable insurance coverage

combined with the Debtor's financial distress supports the reasonableness of the Settlement.

42. The third factor—complexity, expense, inconvenience, and delay—is most relevant in this instance. Absent approval of the Settlement, the lengthy duration of litigation, including discovery, that necessarily arises in federal class action proceedings would burden the Debtor's estate and advisors with significant costs, expenses, and fees that would inhibit the Debtor's reorganization. Prepetition, the Debtor, the DSI Class Representative, and proposed Settlement Class Counsel recognized that litigating in District Court was not efficient for the Parties and, in turn, agreed to the initial, principle terms of the Settlement in late 2025. Litigating to final judgment issues such as class certification, and other questions of fact and legal issues attendant to Rule 23, would require the devotion of significant time and resources from all Parties and their representatives. The fees, costs, and expenses incurred by the Debtor attendant to protracted litigation with the DSI Class Action would deplete the Debtor's resources and reduce the recovery, not just for DSI Settlement Class members, but for all of the Debtor's creditors.

43. Alternatively, the Settlement provides certainty and efficiency to the Debtor and its estate, by preserving value that will inure to the benefit of all of the Debtor's creditors and stakeholders. Approval of the Settlement ensures that the Debtor's stay in chapter 11 remains swift and purposeful. And again, members of the proposed DSI Settlement Class retain the ability to opt out of the proposed Settlement should they decide to do so. In short, the proposed Settlement, in the context of the Debtor's Plan, avoids complexities, delays, inconvenience, and cost without prejudice to the rights of the Debtor's constituents and creditors.

44. Fourth and finally, the Debtor submits that approval, both preliminary and final, of the Settlement and Settlement Agreement benefits the Debtor's creditors, for many of the same reasons discussed above: reduction in fees, costs, and expenses that preserves estate funds for the

Debtor's creditors. From a holistic view, with the Debtor's entire creditor body in mind, the proposed Settlement forecloses a scenario in which the DSI Class Action could delay implementation of the RSA and consummation of the Plan that ensures the Debtor's return to sound financial footing. Approval of the Settlement will ensure that those DSI Settlement Class members with valid claims receive a fair recovery commensurate with their claimed damages and do so in a timely manner. The Notice Plan and related procedures and deadlines in the proposed Preliminary Approval Order are also commensurate with applicable non-bankruptcy law, such that DSI Settlement Class members' rights are adequately preserved, including their opt-out rights.

45. Approval of the Settlement and Settlement Agreement provides a fair, practical, and efficient resolution of numerous, complex disputes among the Debtor and, potentially, thousands of DSI Class Members that enables the Debtor to progress towards Plan confirmation and consummation in an efficient manner.

**B. The Proposed Settlement Meets Rule 23's Requirements For Preliminary Approval**

46. Pursuant to Rule 23, incorporated through Bankruptcy Rule 7023, "a class proposed to be certified for purposes of settlement—may be settled . . . or compromised only with the court's approval." FED. R. CIV. P. 23(e). Rule 23(e) states the framework necessary for the Court to grant preliminary approval of a class action settlement.

47. Rule 23(e)(1) requires that the Parties "provide the [C]ourt with information sufficient to enable it to determine whether to give notice of the proposal to the class." FED. R. CIV. P. 23(e)(1)(A). Thereafter, "[t]he [C]ourt must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the [P]arties' showing that the [C]ourt will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." FED. R. CIV. P. 23(e)(1)(B)(i)-(ii).

48. With respect to the requirements of Rule 23(e)(1), the Debtor submits that the information provided in connection with this Motion, the proposed Notice Plan, and the proposed Preliminary Approval Order enable the Court to determine that notice to the proposed DSI Settlement Class is justified. This Motion, together with its attachments, including the Polsky Settlement Declaration, Azari-Epiq Declaration, provides ample details and information and in a manner that meets the applicable standards. The Debtor is not seeking expedited relief that would impose abbreviated notice periods in which the DSI Settlement Class members would need to decide to accept the Settlement's terms or to opt out. Notably, at this stage, the Parties need show only that final approval is "likely" under Rule 23(e)(1)(B). *See* FED. R. CIV. P. 23(e)(1)(B).

49. Rule 23(e)(2) requires that the "[i]f the proposal would bind class members, the [C]ourt may approve it only after a hearing and only on finding that is fair, reasonable, and adequate after considering" various enumerated factors. FED. R. CIV. P. 23(e)(2). Those standards and factors dovetail with those of Bankruptcy Rule 9019, and the Debtor submits that each is satisfied as to the Settlement and Settlement Agreement. Rule 23(e)(2)'s discrete factors for fairness, reasonableness, and adequacy are:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2)(A)-(D). The Debtor submits that the proposed Settlement and Settlement

Agreement meet Rule 23(e)(2)'s requirements for preliminary approval.

50. "At the preliminary approval stage, which is where the instant matter is, the role of the court effectively is to serve as a fiduciary for absent class members and protect them from an unjust or unfair settlement." *Mongue v. Wheatleigh Corp.*, No. 3:18-CV-30095-KAR, 2023 WL 5435918, at *4 (D. Mass. Aug. 23, 2023) (citing *Wright v. S. N.H. Univ.*, 565 F. Supp. 3d. 193, 206 (D. N.H. 2021) (internal citations omitted)).

i. <u>The DSI Class Representative & Class Counsel Adequately Represent the Class</u>

51. This factor focuses "on the actual performance of counsel acting on behalf of the class." FED. R. CIV. P. 23, Advisory Comm. Notes (Dec. 1, 2018) (the "<u>Advisory Comm. Notes</u>"). Here, the Debtor submits that this factor is satisfied. Proposed Settlement Class Counsel have actively and diligently prosecuted the DSI Class Action before the District Court. Proposed Settlement Class Counsel have material, comparable experience representing plaintiffs in litigation and class action litigation, including concerning similar data privacy and cyber-security matters. Those cases include: *Pannozzi, individually and on behalf of all others similarly situated, et al. v. Deloitte Consulting LLP*, U.S. District Court for the District of Rhode Island, Case No. 1:24-CV-00524-MRD-LDA, and *Morelli, individually and on behalf of all others similarly situated, et al. v. Rhode Island Public Transit Authority, et al.*, Superior Court for Providence Rhode Island, Case No. PC-2022-6145. Proposed Settlement Class Counsel have acted, not only in furtherance of the interests of the DSI Class Representative, but for all potential DSI Settlement Class members.

52. Likewise, the proposed DSI Class Representative has advocated for the interests of all potential DIS Settlement Class members, and his own interests are aligned with those of all potential DSI Settlement Class members. On information and belief, the DSI Class Representative, at all relevant times, has been, and remains, a resident and citizen of Rhode Island.

The DSI Class Representative applied for a job with the Debtor, pursuant to which he provided his PII and PHI to the Debtor. In July 2024, the DSI Class Representative received written notice of the DSI, informing him that his PII was accessed by an unauthorized user.

53. In response to the DSI, like other potential DSI Settlement Class members, the DSI Class Representative alleges that he has expended personal time and resources addressing credit monitoring and identity theft insurance options. The DSI Class Representative also claims to have changed passwords and discussed precautions and potential recourse with a law firm in order to mitigate the effects of the DSI. He further alleges that he would not have expended this time, and incurred alleged damages, but for the DSI. Like all potential DSI Settlement Class members, the Debtor understands that the DSI Class Representative has a continuing interest to ensure that his own PII and PHI remains safeguarded from future exposure and unauthorized use.

54. The Debtor understands that the DSI Class Representative's own interests align with those of all potential DSI Settlement Class members, and that he will continue to represent and advocate for their interests in furtherance of the Settlement. To the Debtor's knowledge, the DSI Class Representative does not have or hold any interests that would contravene those of other DSI Settlement Class members, including to seek shared remuneration as provided by the Settlement. The Debtor understands that the DSI Class Representative has been informed of, and understands, his duties and obligations to represent the DSI Settlement Class and to participate actively in these proceedings. The Debtor understands that the DSI Class Representative reviewed and approved pleadings and filings with the District Court, had ongoing communications with the Settlement Class Counsel, has reviewed and approved filings with this Court, and will continue to do so through final approval and the implementation of the Settlement. Accordingly, the Debtor submits that the first factor of adequate representation has been satisfied.

ii. <u>The Settlement Was Negotiated At Arm's Length</u>

55. The Debtor submits and affirms that the Settlement was negotiated between the Parties at arm's length. *See* FED. R. CIV. P. 23(e)(2)(B). This factor focuses on whether the settlement negotiations "were conducted in a manner that would protect and further the class interests." FED. R. CIV. P. 23(e)(2), Advisory Comm. Notes. Of note, counsel for the Parties has engaged in good faith and hard-negotiated settlement discussions over a period of several months and multiple rounds of discussions. Among other points, counsel for the Parties candidly discussed the nature of the losses claimed by the DSI Class Representative and incurred by members of the DSI Settlement Class, the Debtor's substantial bond debt, and its inability to satisfy a judgment in the amount claimed in the DSI Class Action—given the Debtor's lack of available cyber-security insurance coverage at the time of the DSI to cover claims asserted in the DSI Class Action. This factor, therefore, favors preliminary approval of the Settlement Agreement.

iii. <u>The Relief To Be Awarded To The DSI Settlement Class Is Adequate</u>

56. Rule 23(e)(2)(C) relies on four factors to determine the adequacy of the relief to be provided to the DSI Settlement Class members: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." FED. R. CIV. P. 23(e)(2)(C)(i)-(iv). The Debtor submits that each of these factors is satisfied by the proposed Settlement, Settlement Agreement, the Notice Plan, and other procedures requested in this Motion that the proposed Preliminary Approval Order would authorize.

57. The relief and remuneration to be awarded to members of the DSI Settlement Class is adequate considering the Debtor's strained financial condition, the lack of available insurance

coverage, and the nature of injury suffered by DSI Settlement Class members. DSI Settlement Class members are entitled to claim reimbursement of up to $5,000 in reimbursements for documented losses and $80 in lost time from the Settlement Fund. DSI Settlement Class members are also entitled to claim sixty (60) months of 1-bureau credit monitoring. Last, any DSI Settlement Class member that elects to opt out of the Settlement will have their claim treated in Class 5 under the Plan, which provides that such claims shall be reinstated and unimpaired, regardless of whether that claimant and DSI Settlement Class member files an individual claim against the Debtor's bankruptcy estate.[5]

58. Turning back to the factors under Rule 23(e)(2)(C), as discussed above in the context of Bankruptcy Rule 9019, the potential uncertain and prolonged costs, risks, and delays of trial—relative to the Settlement—warrant approval of the Settlement. Absent approval of the Settlement, the lengthy duration of litigation that arises in federal class action proceedings would burden the Debtor's estate and advisors with significant costs, expenses, and fees that would inhibit the Debtor's reorganization.

59. Second, the proposed method of distribution and process for reviewing Settlement Claims will be effective and efficient, in large part due to the sophistication and experience of Epiq, the proposed Settlement Administrator and the Court-appointed Claims and Notice Agent for the Debtor in this Chapter 11 Case. Epiq is familiar with the Debtor's bankruptcy process and reconciling claims, which may be filed electronically and reviewed efficiently to further reduce costs and preserve estate resources. Prepetition, an affiliate of Epiq provided necessary and

---

[5] Any such DSI Settlement Class member that opts out of the Settlement and has such claim reinstated through the Plan will retain all rights with respect to the DSI Incident, but such member will have the burden to establish the validity and amount of any claim, including but not limited to through separate litigation absent resolution with the Debtor. The Debtor reserves all rights, remedies, and defenses with respect to any claims asserted by DSI Settlement Class member that opts out of the Settlement.

required notices of the DSI to those understood to be members of the proposed DSI Settlement Class, and Epiq not only has material working knowledge of the Debtor's Chapter 11 Case but also institutional and historical knowledge on the DSI.

60. Third, the terms of the proposed award and fees to the proposed DSI Settlement Class Counsel are fair and reasonable to the DSI Settlement Class members and in the context of the Debtor's chapter 11 proceedings. As proposed in the Settlement Agreement, the Settlement Class Counsel shall be entitled to seek reasonable attorneys' fees, costs, and expenses, not to exceed $90,000.00, from funds that do ***not*** comprise the Settlement Fund. Of note, in addition to the Settlement Fund, from which approved claims will be paid to members of the DSI Settlement Class; each of the approximately 18,500 potential members of the DSI Settlement Class will have the opportunity to enroll in one bureau credit monitoring services for 60 consecutive months, at no cost to the enrollee. Again, that Settlement benefit will be paid by the Debtor and will not reduce the amount of the Settlement Fund. On average, one-bureau credit monitoring services for 60 months costs approximately $720.00 per person, so the aggregate value of Settlement benefits available to the DSI Settlement Class is approximately $13,420,000, including the $100,000 Settlement Fund and in-kind benefits. The proposed award paid to Settlement Class Counsel is fair and reasonable relevant to $13,420,000 in total, value of available benefits. Proposed Settlement Class Counsel shall file with the Court a fee application seeking approval of its award of $90,000.00 for its legal services on behalf of the DSI Settlement Class.

61. Also, through this Motion, the Debtor seeks approval of the Service Award of $2,000.00 for the DSI Class Representative, to be paid solely from the Settlement Fund, which the Debtor submits is fair and reasonable under the circumstances.

62. The final factor under Rule 23(e)(2)(C)(iv) concerns "any agreement to be

identified under Rule 23(e)(3)", but that factor is not applicable because there are no agreements made in connection with the Settlement. *See* FED. R. CIV. P. 23(e)(3).

63. Also, if there are remaining, surplus funds in the Settlement Fund after the review and payment of all valid, approved Settlement Claims filed by members of the DSI Settlement Class, then any surplus funds shall be returned and paid over to the Debtor, with no further Court approval necessary, which funds the Debtor may use in its sole discretion.

iv. The Settlement Treats DSI Class Members Equitably

64. Rule 23(e)(2)(D) requires that the Court consider whether "the proposal treats class members equitably relative to each other." FED. R. CIV. P. 23(e)(2)(D). Here, the Debtor submits that the proposed Settlement and relief is equitable for DSI Settlement Class members. This factor prevents the "inequitable treatment of some class members *vis-à-vis* others." Advisory Comm. Notes. Notably, all potential DSI Settlement Class members are treated the same, with the sole exception being the Service Award to which the DSI Class Representative would be entitled.

65. The Parties have ensured that the Settlement provides meaningful and appropriate benefits to DSI Settlement Class members by taking into account damages allegedly incurred by class members. Each member of the DSI Settlement Class with an allowed claim shall receive monetary remuneration based on that member's own, unique documented ordinary losses and reimbursement for losses fairly traceable to the DSI. Further, class members are also entitled to seek compensation based on documented time spent responding to the DSI, up to four (4) hours. All class members can claim sixty (60) months of 1-bureau credit monitoring, paid for by the Debtor. Thus, the Settlement is reasonably tailored to provide relief based on both an individual's unique circumstances—i.e., documented losses and time spent—and general relief for all members through credit monitoring services.

66. The Debtor submits that this relief and treatment is equitable by balancing, on the one hand, each class member's unique losses and, on the other hand, the broad nature of the alleged harm suffered by all class members. Each class member with an allowed Settlement Claim will receive compensation based on personal circumstances, and all class members will have the opportunity to elect to receive protection through credit-monitoring services.

**C. The Court Should Certify The Class For Settlement Purposes Pursuant To Rule 23**

67. Upon a determination that the Court "will likely be able to . . . approve the proposal under Rule 23(e)(2)," the next aspect of the preliminary approval analysis is for the Court to determine whether it "will likely be able to . . . certify the class for purposes of judgment on the proposal." FED. R. CIV. P. 23(e)(1)(B)(ii). Class certification is appropriate where a plaintiff can demonstrate that the four factors under Rule 23(a)—numerosity, commonality, typicality, and adequacy—and that the two factors under Rule 23(b)—predominance and superiority—are satisfied. *See* FED. R. CIV. P. 23(a)(1)-(4), FED. R. CIV. P. 23(b)(3).

i. <u>The DSI Settlement Class Is Sufficiently Numerous</u>

68. Rule 23(a)(1) requires that the class be sufficiently numerous such that joinder of all members would be impracticable. *See* FED. R. CIV. P. 23(a)(1). The Debtor submits that the potential DSI Settlement Class satisfies the numerosity requirement because there are approximately 18,500 potential members including former detainees, current and former staff, job applicants, and outside vendors that may have been affected by the DSI. That number of individuals is sufficient for entry of the Preliminary Approval Order. *See, e.g.*, *Sesto v. Prospect CharterCARE, LLC*, No. 18-CV-328-WES, 2019 WL 2394251, at *4-5 (D. R.I. June 6, 2019) (granting preliminary approval and class certification for potential class of 2,729 members).

ii. <u>There Are Common Questions Of Law And Fact Across The DSI Settlement Class</u>

69. Next, Rule 23(a)(2) requires that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The issues raised by the DSI Class Representative in the DSI Class Action are common legal issues that implicate similar factual contentions. As alleged by the DSI Class Representative, certain of the alleged common questions of law and fact include:

- The Debtor's maintenance and storage of PII and PHI belonging to DSI Settlement Class members and related systems and procedures employed by the Debtor concerning electronic records of PII and PHI;
- Whether, and to what extent, unauthorized third parties may have obtained access to PII and PHI belonging to DSI Settlement Class members on the Debtor's database and systems;
- The scope of damages, if any, suffered by DSI Settlement Class members due to the DSI;
- The propriety of the Debtor's notice of the DSI to DSI Settlement Class members; and
- The scope, nature, and amount, if any, of any monetary compensation and injunctive relief, if any, to be awarded to DSI Settlement Class members.

70. Under Rule 23(a)(2) a plaintiff must aver claims that "depend upon a common contention . . . that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

71. Here, the DSI Settlement Class members' claims satisfy the requirement of commonality because each claim arises from a single occurrence—the DSI—and alleged acts or omissions of the Debtor. Further, the manner and form of exposure of the DSI Settlement Class members' PII and PHI is a fact common to each class member. The nature of the DSI and the potential harm suffered by the DSI Settlement Class members demonstrate commonality among their claims such that the Court could resolve the dispute with a single ruling that addresses the Debtor's duties and obligations concerning the DSI.

iii. The Potential Injuries Are Typical Across The DSI Settlement Class

72. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The typicality requirement is satisfied because the DSI Class Representative's claims and causes of action arise from the DSI, which is the same event and occurrence from which all claims of DSI Settlement Class members' arise. There is no distinction between the cause of damages to the DSI Class Representative and the cause of damages to the potential members of the DSI Settlement Class.

iv. <u>The Proposed DSI Class Representative And Settlement Class Counsel Will, And Have, Adequately Protected The Interests Of The DSI Settlement Class</u>

73. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). This requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc.* v. *Windsor*, 521 U.S. 591, 625 (1997) (internal citation omitted).

74. As set forth above, proposed Settlement Class Counsel diligently prosecuted the DSI Class Action before the District Court. The proposed Settlement Class Counsel have material, comparable experience representing plaintiffs in litigation and class action litigation, including similar data privacy and cyber-security matters. Proposed Settlement Class Counsel have acted, not only in furtherance of the interests of the DSI Class Representative, but of all potential members of the DSI Settlement Class.

75. Likewise, the proposed DSI Class Representative has advocated for the interests of all potential DSI Settlement Class members, and his own interests align with those of all potential DSI Settlement Class members. In July 2024, the DSI Class Representative received written notice of the DSI, informing him that an unauthorized user accessed his PII. Like all potential DSI Settlement Class members, the DSI Class Representative expended personal time and resources addressing credit monitoring and identity theft insurance options. The DSI Class Representative

changed passwords and discussed precautions and potential recourse with a law firm in order to mitigate the effects of the DSI. Like all potential DSI Settlement Class members, the DSI Class Representative has a continuing interest to ensure that his own PII and PHI remains safeguarded from future exposure and unauthorized use.

76. The DSI Class Representative's own interests align with those of all potential DSI Settlement Class members, and he will continue to represent and advocate for their interests in furtherance of the Settlement. The DSI Class Representative does not have, or hold, any interests that would contravene those of other DSI Settlement Class members, including to seek shared remuneration as provided by the Settlement. The DSI Class Representative has been informed of, and understands well, his duties and obligations to represent the DSI Settlement Class and participate actively in these proceedings. The DSI Class Representative has reviewed and approved pleadings and filings with the District Court, had ongoing communications with the Settlement Class Counsel, has reviewed and approved filings with this Court, and will continue to do so through final approval and the implementation of the Settlement. Accordingly, the Debtor submits that the factor of adequate representation is satisfied.

v. <u>Common Issues Of Law And Fact Predominate To Satisfy Rule 23(b)(3)</u>

77. Once Rule 23(a)'s requirements have been met, "[a] class action may be maintained if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623 (citation omitted).

78. When determining whether common questions predominate, courts ask whether, if the plaintiff's general allegations are true, common evidence could suffice to make out a *prima*

*facie* case for the class. *See Tyson Foods, Inc.* v. *Bouaphakeo*, 577 U.S. 442, 453 (2016) ("A common question is one where the same evidence will suffice for each member to make a *prima facie* showing [or] the issue is susceptible to generalized, class-wide proof.") (alteration in original) (internal quotation marks and citations omitted). Even if just one common question predominates, "the action may be considered proper under Rule 23(b)(3)." *Id*.

79. As stated above, common issues and facts predominate regarding the Debtor and the DSI such that the Court could resolve the claims of all DSI Settlement Class members in a single proceeding and ruling. The Debtor's data privacy and security measures were common to all potential DSI Settlement Class members; necessarily, the Debtor's maintenance and storage of the class members' PII and PHI, and the Debtor's other conduct, are also common facts. The nature of the Debtor's data security practices and procedures is dispositive to all class members. Accordingly, common questions predominate among the potential DSI Settlement Class members.

vi. <u>Class Certification Is A Superior Method To Resolve This Dispute</u>

80. Finally, "[a] class action may be maintained if . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). To address this requirement, courts consider four non-exhaustive factors: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id*. The Debtor submits that superiority is met in this instance.

81. The members of the proposed DSI Settlement Class hold potential claims and causes of action that arise from, and depend on, common questions of law and fact that may be

analyzed and evaluated on a holistic basis, which is superior to one-off, piecemeal litigation. The generalized, representative nature of a class action ensures fair and efficient treatment for all potential DSI Settlement Class members. Due to the large number of potential DSI Settlement Class members and the existence of common claims, certification of the DSI Settlement Class ensures efficiency and fairness in the adjudication and resolution of class members' claims.

82. Further, the potential cost and expense that individual class members would incur through individual, single plaintiff litigation would be prohibitive due to the likelihood that the cost of litigation would exceed the benefit of any potential recovery, particularly with the Debtor's financial condition and lack of available insurance coverage for the DSI. Again, the efficiency of a class action is paramount. Thus, class members' interests in individually controlling litigation claims does not outweigh the benefits of class treatment.

83. Second, regarding the extent of any existing litigation concerning the controversy already begun by members of the DSI Settlement Class, the Debtor submits that is not applicable because, other than the DSI Class Action pending before the District Court, the Debtor is not aware of any other litigation, or any threatened litigation.

84. Third, even prior to the commencement of this Chapter 11 Case, the concentration of litigation in a single forum in this jurisdiction was superior given the Debtor's location in Rhode Island, that at the time of the DSI nearly all of the members of the DSI Settlement Class were in Rhode Island, and the large number of potential members of the DSI Class that still reside in Rhode Island. With the commencement of the Chapter 11 Case and the plenary relief afforded by chapter 11, the Debtor submits that the concentration of the class members' claims in a single forum is superior to any alternative where multiple venues would be required.

85. Fourth, there are no apparent difficulties in managing a class action that render class

certification and treatment inferior to individualized litigation. Accordingly, the Debtor submits that class treatment is superior to other manners of resolving these potential disputes.

**D. Plaintiff's Counsel in The DSI Class Action Should Be Appointed as Class Counsel**

86. The Court should approve and authorize the Law Offices of Peter N. Wasylyk and Mason & Perry LLP to serve as Settlement Class Counsel for purposes of the Settlement. Rule 23(g) controls the analysis and standards for the appointment of class counsel on behalf of a certified class. *See* FED. R. CIV. P. 23(g)(1) ("Unless a statute provides otherwise, a court that certifies a class must appointment class counsel.").

87. Rule 23(g)(1)(A) provides four factors that the Court "must consider" when appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." FED. R. CIV. P. 23(g)(1)(A)(i)-(iv). The Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class [and] may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs." FED. R. CIV. P. 23(g)(1)(B)-(C).

88. As to proposed Settlement Class Counsel in this class action, the Debtor submits that consideration of each of the four key factors warrants appointment of the Law Offices of Peter N. Wasylyk and Mason & Perry LLP. First, proposed Settlement Class Counsel investigated, prepared, and pursued the claims and causes of action in the DSI Class Action on behalf of the proposed DSI Class Representative, as plaintiff. Second, proposed Settlement Class Counsel have material and substantial experience handling class action litigation. Third, proposed Settlement

Class Counsel have sufficient and significant experience and knowledge of the relevant procedural and substantive law regarding data breach and cyber-security class action litigation. Fourth, proposed Settlement Class Counsel have the appropriate resources and depth to represent the proposed Settlement Class.

89. Further, the Debtor submits that the Court should also consider that proposed Settlement Class Counsel have negotiated and reached the agreement and terms memorialized in the Settlement Agreement. Proposed Settlement Class Counsel has actively handled the entirety of the DSI Class Action. If the Court were to appoint another law firm, or firms, in lieu of the proposed Settlement Class Counsel, then the cost and expense of educating and "getting up to speed" for a newcomer would far exceed any benefit obtained. Proposed Settlement Class Counsel has significant historical knowledge and working experience with the Debtor and the claims asserted in the DSI Class Action. Accordingly, the Debtor submits that proposed Settlement Class Counsel may fairly and adequately represent the interests of the Settlement Class members.

90. With respect to fees and costs to which the proposed Settlement Class Counsel are entitled, the Parties have agreed that Settlement Class Counsel shall, subject to Court approval, receive compensation in the amount of $90,000.

**E. Proposed Settlement Class Counsel May File A Class Bankruptcy Proof of Claim**

91. The Debtor submits that, upon entry of the Preliminary Approval Order and prior to the General Bar Date, proposed Settlement Class Counsel, on behalf of the DSI Class Representative, may file the DSI Class Proof of Claim with Epiq, in its capacity as the Debtor's claims and notice agent (the "Claims and Notice Agent") as a single, consolidated class proof of claim on behalf of all members of the DSI Settlement Class. The DSI Class Proof of Claim may be filed in an amount determined by Settlement Class Counsel in accordance with the terms of the

Settlement. Notwithstanding the filed, asserted amount of the DSI Class Proof of Claim—subject to the Plan, entry of the Preliminary Approval Order, and entry of the Final Approval Order—the DSI Class Proof of Claim shall be deemed to be an allowed claim in the amount of $190,000.00, and the aggregate cash distributions on account of the DSI Class Proof of Claim shall not exceed $190,000.00, including amounts paid to Settlement Class members, the Service Award, and the reasonable attorneys' fees, costs, and expenses of Settlement Class Counsel, *but excluding* amounts associated with the in-kind benefit of creditor monitoring services, costs of administration, and other in-kind benefits.

92. DSI Settlement Class members that (i) have no claims against the Debtor ***unrelated*** to the DSI, and (ii) do not opt out and do not request exclusion from the Settlement shall not be required to file an individualized bankruptcy proof of claim, ***provided that*** no other party-in-interest objects to the allowance of the DSI Class Proof of Claim, to the extent that any other party has standing to object to such allowance, and the DSI Class Proof of Claim is finally allowed upon entry of the Final Approval Order. For the avoidance of doubt, the Debtors expressly reserve all rights, claims, remedies, and defenses as to any and all proofs of claim, opt-outs, settlement claims, and any other demands, assertions, claims, and/or causes of action that may be asserted by, or on behalf of, any person, regulatory entity, or governmental entity concerning the DSI, including, without limitation, to object to any such proofs of claim, opt-outs, settlement claims, and any other demands, assertions, claims, and/or causes of action.

93. Generally, bankruptcy courts have discretion in whether to permit the representative of a putative class action to file a class proof of claim. *See, e.g.*, *In re Chaparral Energy, Inc.*, 571 B.R. 642, 646 (Bankr. D. Del. 2017). The two overarching factors for that consideration are whether (i) application of Rule 23 to the bankruptcy claims administration process will be

beneficial, and (ii) Rule 23 is satisfied such that it is proper to file a class proof of claim. *See id.* (citing *In re Pacific Sunwear of California, Inc.*, Case No. 16-10882, 2016 WL 3564484, at *5 (Bankr. D. Del. June 22, 2016), *In re MF Global Inc.*, 512 B.R. 757, 763 (Bankr. S.D.N.Y. 2014), *In re Motors Liq. Co.*, 447 B.R. 150, 157 (Bankr. S.D.N.Y. 2011)).

94. Courts have developed a three-factor analysis of whether application of Rule 23 will benefit the claims administration process, but no single factor is dispositive: (1) prepetition certification of the class; (2) whether class members received notice of the bankruptcy claims bar date; and (3) whether class certification will adversely affect the administration of the estate. *See, e.g.*, *Chaparral Energy*, at 646-47; *In re Musicland Holding Corp.*, 362 B.R. 644, 654 (Bankr. S.D.N.Y. 2007).

95. Here, the proposed DSI Settlement Class was not certified prepetition, but the primary terms of the proposed Settlement were agreed to prepetition. Second, the Debtor has provided notice of this bankruptcy case to members of the proposed DSI Settlement Class, as well as notice of the general proof of claim bar date (the "<u>General Bar Date</u>"), which is October 16, 2026. The Debtor submits that—given the relief requested in this Motion, including the DSI Class Proof of Claim, and the proposed Plan treatment of the DSI Settlement Class members—sending individualized notice of the General Bar Date is not necessary for those potential claimants and class members who hold, or may hold, claims against the Debtor arising *only* from the DSI. Members of the DSI Settlement Class that intend to participate in the Settlement will not need to file a proof of claim against the Debtor's bankruptcy estate and need only to complete and file a Settlement Claim with the Settlement Administrator to obtain a recovery as to the DSI. Further, all members of the Settlement Class who opt out of the Settlement will face no prejudice for not having filed a proof of claim against the Debtor's bankruptcy estate, because the Debtor's proposed

Plan treats DSI Settlement Class claims as unimpaired. Under the proposed Plan, DSI Settlement Class members may either accept their recovery from the Settlement—as members of Class 6 under the Plan—or opt out and elect to have their respective claims reinstated—as members of Class 5 under the Plan. Accordingly, the Debtor submits that this second *Musicland* factor supports authorization of a DSI Class Proof of Claim.

96. Third, class certification will not have an adverse effect on the administration of the Debtor's chapter 11 bankruptcy estate. To the contrary, class certification, and the relief requested in this Motion, will streamline the administration of the Debtor's estate. The alternative to a class proof of claim would require that the Debtor provide notice of the General Bar Date to each member of the Settlement Class, of which there are approximately 18,500 members. Then, each of those individuals would need to file a bankruptcy proof of claim. In turn, the Debtor's estate would bear the burden of reviewing, reconciling, and potentially objecting to upwards of 18,500 proofs of claim. As proposed, a class proof of claim and related relief concerning class certification and preliminary approval of the Settlement will reduce the administrative burden, including fees and costs, on the Debtor's estate.

97. The relief and procedures requested in this Motion will not inhibit the Debtor's implementation of the RSA and confirmation of the proposed Plan and will, at the same time, ensure that DSI Settlement Class members have sufficient notice and time to decide whether to participate in the Settlement, or opt out. Thus, the Debtor submits that a class proof of claim is beneficial to the Debtor's estate and appropriate for the facts and circumstances of this case.

98. Regarding the second overarching factor—satisfaction of Rule 23—for authorization of a class proof of claim, Rule 23 will be satisfied upon entry of the proposed Preliminary Approval Order, for the reasons stated above. The relief to be authorized, and

procedures implemented, by the Preliminary Approval Order meet Rule 23's requirements.

99. The authorization of a class proof of claim is one component of a holistic approach by the Debtor to afford potential DSI Settlement Class members the procedural protections of Rule 23, while the Debtor pursues a consensual and expedient financial restructuring.

**F. Court Approval Of The Form & Manner Of Notice & Objection Procedures Is Warranted**

100. When a class action lawsuit is settled, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Rule 23 requires "the best notice that is practicable under the circumstances, including individual notice to all class members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Such notice can be effectuated through "United States mail, electronic means, or other appropriate means." *Id.* Here, the proposed Notice Plan, detailed above and described in the Azari-Epiq Declaration, upon entry of the Preliminary Approval Order, conforms to Rule 23(c). The Debtor submits that the proposed Notice Plan provides information and notice written in clear language, that accurately describe the nature of the action, the Settlement, the scope of the release, and the process class members must follow to exclude themselves from, or object to, the Settlement. DSI Settlement Class members will be able to find more information about the claims in the case and the Settlement (including the Settlement Agreement) on the Settlement Website and will also be able to contact the Settlement Administrator by U.S. Mail or through the toll-free help telephone line.

101. The Settlement Administrator will establish a bilingual toll-free help telephone line with information responsive to frequently asked questions about the Settlement and will provide to DSI Settlement Class members information responsive to frequently asked questions and the opportunity to speak live with an operator. That telephone number will be included in the Post

Card Notice, Social Media Notice, Publication Notice, and posted on the Settlement Website, as well as in the Long Form Class Notice. The Settlement Administrator will also establish and maintain a P.O. Box for correspondence via U.S. Mail.

102. The Debtor, in consultation with the Settlement Administrator, has tailored the proposed Notice Plan to comport with existing standards, such that the Notice Plan takes into account the nature of data breach claims and, class members that were, and may remain, incarcerated.

103. The Debtor's proposed Notice Plan conforms to methods utilized in prior class action settlements that courts have approved. The "notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). Notably, neither Rule 23 nor the Due Process Clause of the U.S. Constitution require actual, individual notice on all potential class members. *See, e.g., Silber v. Malbon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994); *Hughes v. Kore of Ind. Enter., Inc.*, 731 F.3d 672, 676-77 (7th Cir. 2013); *see also Medoff v. CVS Caremark Corp.*, No. 09-CV-554, 2016 WL 632238, at *7 (D. R.I. Feb. 17, 2016) (citing Fed. R. Civ. P. 23(c)(2)(B)) ("The notice program need not be perfect, but it must provide the 'best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'").

104. In early 2026, the U.S. District Court for the District of Rhode Island granted preliminary approval of a class action settlement and notice program, in which the plaintiffs' claims

arose from an alleged 2024 data security incident, and plaintiffs alleged, in part, that the defendant was negligent due to the data breach. *See Springer v. Johnson & Wales Univ.*, No. 24-CV-00399, 2026 WL 24229 (D. R.I. Jan. 5, 2026). In *Springer*—where Epiq also served as settlement administrator—the court-approved notice program was similar to the Debtors' proposed Notice Plan: only post-card notice was sent via U.S. Mail to class members' last address on record, which post-card notice included: "the material terms of the Settlement, how to submit a claim form, direction to the Settlement Website, the Claims Deadline, the Opt-Out Date, the Objection Date, the requested attorneys' fees, and the date of the Final Fairness Hearing." *Springer*, Plaintiffs' Mem. Of Law in Supp. of Plaintiffs' Unopposed Mot. for Prelim. Approval of Class Action Settlement, at 5-6, No. 24-CV-00399, ECF No. 26-1 (D. R.I. Jan. 5, 2026).

105. In 2011, the U.S. District Court for the District of Rhode Island conditionally approved a short-form notice of a class action as the best practicable notice, in lieu of a previously approved long-form notice. *See Trombley v. Bank of Am. Corp.*, No. 08-CV-456, 2011 WL 3740488, at *1-2 (D. R.I. Aug. 24, 2011). In *Trombley*, the court noted that the parties agreed to "provide the short-form notice which gives the website address and toll-free telephone number for more information. The website will allow recipients to download the Settlement Agreement, the long-form class notice, and the claim form." *Id.*, at *2. The court in *Trombley*, however, required that, for the short-form notice to be sufficient, "its recipients could then easily obtain the long-form notice, claim form, and other information. While that information will be readily available through the website, notice to those without access to the website is not sufficient. To fill that gap, the short-form should include instructions of how to obtain that information by mail . . ." *Id.* The *Trombley* court ordered that "[i]f the parties include instructions of how recipients can obtain the full notice and the claim form by mail as part of the short-form notice, the short-form notice would

also be granted preliminary approval." *Id.* at *2-3.

106. In 2011, the U.S. District Court for the District of Columbia approved a class action settlement that included a notice program in which approximately 90,000 possible class members were sent via mail only a post-card notice of the proposed settlement, which was a "short-form notice[ that] also directed potential class members to both a toll-free number and a website through which an individual could obtain long-form notice." *In re Black Farmers' Discrimination Litig.*, 856 F. Supp. 2d 1, 28-30 (D. D.C. 2011) ("Class counsel also retained a firm specializing in the provision of class action notice, which developed and implemented a comprehensive scheme for reaching a vast array of potential class members by use of radio, television, print, and Internet campaigns."). Here, the Debtor's proposed Post-Card Notice satisfies Rule 23(c)(2)(B)'s requirements, and Epiq, as the Settlement Administrator, has considerable experience and expertise, and the Notice Plan utilizes multiple forms and methods to reach the potential members of the DSI Settlement Class.

107. Courts have also previously approved comparable and similar notice programs where the proposed settlement class included individuals that have been, or are, detained or incarcerated. *See, e.g., Boone v. City of Philadelphia*, 668 F. Supp. 2d 693 (E.D. Pa. 2009); *Harris v. Reeves*, 761 F. Supp. 382 (E.D. Pa. 1991); *Purnell v. Sheriff of Cook County*, No. 07-C-7070, 2009 WL 1210651 (N.D. Ill. May 4, 2009).

108. In *Harris*, the court certified a class consisting of "all persons who are, or who have been inmates of the Philadelphia Prison System since April 30, 1980, and all persons who shall be inmates of the Philadelphia Prison System in the future . . . ." (internal quotation marks omitted). *Harris*, 761 F. Supp. at 384. "[T]he court determined that it was impractical to provide individual notice because the class was very large, not all its members could be identified (i.e., future

prisoners), and many other members could be identified only after great time and expense." *Id.*, at 393. The *Harris* court, in authorizing notice through publicity in the media and through posting notice in prisons, acknowledged "[t]he difficulties of providing individual notice remain. Individual notice to the class representatives and to other class members through the media and through posting in the prisons remain the best way to provide whatever notice is required." *Id*.

109. Here, the proposed Notice Plan relies on both direct notice but also publicity in via publication—the Providence Journal and Prison Legal News—and electronic, web-based, and social media methods that appropriately target potential DSI Settlement Class members in a manner that is "the best notice practicable under the circumstances" as to potential class members. Fed. R. Civ. P. 23(c)(2)(B).

110. The Notice Plan will provide notice of all relevant information concerning the Settlement, allow for potential DSI Settlement Class members to evaluate the Settlement, pose questions, and, ultimately, make an informed decision and election concerning their participation, or opt-out, regarding the Settlement. These actions support preliminary approval of the Settlement and approval of the Notice Plan.

**G. Epiq Should Be Appointed As Settlement Administrator**

111. On July 20, 2026, the Court entered the Order that approved the Debtor's retention of Epiq as the Debtor's Claims and Notice Agent for this Chapter 11 Case, and, as previously stated, Epiq is well qualified and has considerable experience with providing claims and notice services in both bankruptcy and class action proceedings [Docket No. 67]. The Court has also approved Epiq's retention as administrative advisor in this case for purposes of solicitation of votes on the Plan and the tabulation of ballots [Docket No. 145]. Further, Epiq has significant experience with providing claims and notice services in class action cases and settlements in non-bankruptcy

cases.

112. Given Epiq's existing Court-approved role in this Chapter 11 Case and familiarity with the Debtor and its advisors, approval of Epiq as the Settlement Administrator will reduce and avoid otherwise duplicative costs, fees, and expenses that would accompany the appointment of another entity to serve as Settlement Administrator.

113. As set forth in the Azari-Epiq Declaration, incorporated herein by reference, Epiq is qualified to serve in the role of Settlement Administrator for purposes of the Settlement and all tasks and services to be provided in furtherance of the Settlement and consistent with the Settlement Agreement.

114. For its services related to the Settlement, Notice Plan, and consistent with the Settlement Agreement, Epiq will charge its standard rates for all services and standard reimbursement rates for costs and expenses, which are commensurate with its rates utilized for other services on behalf of the Debtor. These services include, without limitation, (i) fulfillment of the Notice Plan, and all related mailings and postage costs; (ii) establishing and maintaining the Settlement Website and call center; (iii) claims processing, reconciliation, and review; and (iv) opening, establishing, maintaining, and making distributions and payments on allowed settlement claims from a qualified settlement fund account, which shall be an interest-bearing account and qualifies settlement as defined by Treasury § 1.46B-1, *et seq.*

115. Epiq's proposed compensation is reasonable in light of the services Epiq will provide to the Debtor, the significant number of potential DSI Settlement Class members, the potential number of Settlement opt-outs, and the aggregate award and relief provided by the Settlement.

**H. Manner & Form of Opt-Outs & Objections**

116. As stated above, eligible and potential DSI Settlement Class members may freely choose whether to participate in the Settlement or to opt out of the Settlement. Potential DSI Class members will receive various notices and materials, including the Post-Card Notice and various information provided on the Settlement Website, as well as additional information, upon request, sent via prepaid, U.S. Mail. All potential DSI Settlement Class members will be able to evaluate the Settlement, pose questions, and, ultimately, make an informed decision and election concerning their participation in, or opt out and exclusion from, the Settlement. Provided that the Court authorizes Settlement Class Counsel to file the DSI Class Proof of Claim, eligible and potential DSI Settlement Class members need only file a Settlement Claim, submit an Opt-Out Letter, defined below, or object to the Settlement.

117. In order for an eligible and potential DSI Settlement Class member to request exclusion and opt out of the Settlement, that individual will be required to send to the Settlement Administrator a letter, via U.S. Mail (an "Opt-Out Letter"), that includes (i) the class member's name, address, and telephone number; (ii) a personal signature; (iii) the name and caption of the Chapter 11 Case; and (iv) a clear written statement that the individual desires to be excluded from the DSI Settlement Class, such as "I hereby request to be excluded from the Data Incident Settlement Class for *In re Central Falls Detention Facility Corporation*." Opt-Out Letters, to be effective, must also be received, or post-marked, by the Settlement Administrator no later than twenty-one (21) days prior to the date on which the Final Approval Hearing shall be convened (the proposed "Opt-Out Deadline"). The Settlement Administrator shall verify that each individual who submits an Opt-Out Letter is an eligible DSI Settlement Class member.

118. The proposed Notice Plan will advise all DSI Settlement Class members of their right (a) to opt out of the Settlement, (b) to file with the Court an objection to the Settlement, (c)

to file with the Court an objection concerning the fees, costs, and expenses of proposed Settlement Class Counsel and the Service Award for the DSI Class Representative, and (d) all relevant and related deadlines.

119. The opt out and objection instructions are in plain language and clearly prompt those who wish to opt out or object to provide the specific information each action requires. The Long Form Class Notice, to be posted to the Settlement Website, clearly informs DSI Settlement Class members of the Opt-Out Deadline, how to opt out, the consequences of opting out, and requires that they supply only the information needed to opt out of the Settlement. Similarly, the Long Form Class Notice informs DSI Settlement Class members about how to send their written objections to the Court or file in person with the Court (or if represented by counsel to have counsel file a written objection), tells them that the Court can only approve or deny the Settlement and cannot change its terms, and clearly states the Objection Deadline.

**I. Scheduling The Final Approval Hearing & Final Approval Is Appropriate**

120. The last step in the settlement approval process is a final fairness hearing at which the Court may hear all evidence and argument necessary to determine whether the proposed settlement is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). During this hearing, class members or their counsel may be heard in support of or in opposition to the settlement. The Court will determine after the Final Approval Hearing whether the Settlement should be approved, and whether to enter a Final Approval Order and judgment under Rule 23(e). The Debtor respectfully requests that the Court set the Final Approval Hearing ***after*** the Debtor's Plan is confirmed and the Plan Effective Date, to avoid any disruption to the Debtor's solicitation procedures as contemplated pursuant to the Disclosure Statement Motion. Further, that sequence and schedule comport with CAFA. *See* 28 U.S.C. § 1715(d).

121. Rule 23(e)(1)(C) provides that "[t]he court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(1)(C).

122. Relevant factors for final approval include: (a) the merits of the plaintiff's case, weighed against the terms of the settlement; (b) the defendant's financial condition; (c) the complexity and expense of further litigation; and (d) the amount of opposition to the settlement.

123. For all of the foregoing reasons, the Debtor submits that, after the Final Approval Hearing, the Settlement should be approved as fair, reasonable, and adequate for entry of the Final Approval Order.

**Motion Practice**

124. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to the Motion. Accordingly, the Debtor submits that the Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules.

**WHEREFORE**, for the reasons stated above and as supported by the First Day Declaration and the Declarations of Daniel Polsky and Cameron Azari, the Debtor respectfully requests that the Court enter the proposed Preliminary Approve Order, in form substantially similar to that attached hereto, granting the relief requested in this Motion and awarding to the Debtor such other relief as the Court deems appropriate.

DATED: August 31, 2026

**PARTRIDGE SNOW & HAHN LLP**

*/s/ Daniel E. Burgoyne*
Daniel E. Burgoyne (#7541)
Matthew A. Lopes, Jr. (#3877)

40 Westminster Street
Suite 1100
Providence, RI 02903
T: (401) 861-8254
F: (401) 861-8210
dburgoyne@psh.com
mlopes@psh.com

- and -

**TROUTMAN PEPPER LOCKE LLP**

Jonathan W. Young (*pro hac vice*)
Hanna J. Redd (*pro hac vice*)
111 Huntington Ave., 9th Floor
Boston, MA 02199
T: (617) 239-0100
F: (617) 227-4420
jonathan.young@troutman.com
hanna.redd@troutman.com

Aaron C. Smith (*pro hac vice*)
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
T: (312) 443-0700
F: (312) 443-0336
aaron.smith@troutman.com

*Counsel to the Debtor and Debtor-In-Possession*

**PROPOSED PRELIMINARY APPROVAL ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CENTRAL FALLS DETENTION FACILITY CORPORATION, d/b/a Donald W. Wyatt Detention Facility | ) | Case No. 26-10628 |
| Debtor.[1] | ) | |

**ORDER GRANTING (I) PRELIMINARY APPROVAL OF DATA SECURITY INCIDENT SETTLEMENT; (II) CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY; (III) APPOINTMENT OF SETTLEMENT CLASS COUNSEL; (IV) AUTHORIZATION FOR SETTLEMENT CLASS COUNSEL TO FILE A CLASS PROOF OF CLAIM; (V) APPROVAL OF THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS REGARDING CLASS CERTIFICATION AND SETTLEMENT TERMS; (VI) ESTABLISHMENT OF THE DATE AND TIME FOR A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE CLASS SETTLEMENT; AND (VII) RELATED RELIEF**

Upon the motion (the "Motion"[2]) of the Debtor, for entry of an order (this "Order" or the "Preliminary Approval Order") (a) preliminarily approving the settlement (generally, the "Settlement") contemplated in the Settlement Agreement attached to the Motion, between the Debtor and the DSI Class Representative, on behalf of the DSI Settlement Class (together with the Debtor, the "Parties", each a "Party"); (b) certifying the DSI Settlement Class for settlement purposes only, appointing the DSI Settlement Class Representative, and authorizing the Service Award; (c) appointing Settlement Class Counsel; (d) authorizing Settlement Class Counsel to file the DSI Class Proof of Claim with the Claims and Notice Agent for this Chapter 11 Case; (e) approving and authorizing the Notice Plan, detailed below, and form and manner of notices to

[1] The last four digits of the Debtor's federal employer identification number are 5439. The address of the Debtor is 950 High Street, Central Falls, RI 02863.

[2] Unless stated otherwise, capitalized terms used but not defined in this Order, shall have the meaning ascribed to them in the Motion.

members of the DSI Settlement Class (collectively, the "Class Notices"), attached hereto at **Exhibit A**; (f) approving the Settlement Claim Form, attached hereto at **Exhibit B**; (g) approving the form and manner by which DSI Settlement Class members may opt-out and exclude themselves from the Settlement; (h) scheduling the Final Approval Hearing to consider final approval of the Settlement and Settlement Agreement; and (i) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor and the Debtor's estate, its creditors, the DSI Settlement Class, and other parties-in-interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were proper and sufficient and no other or further notice being necessary; and the Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before the Court; and the Court having determined that the legal and factual bases set forth in the Motion, declarations of Daniel Polsky and Cameron Azari, and at the hearing establish just cause for the relief granted in this Order; and upon all of the proceedings before the Court; and after due deliberation and sufficient cause, the Court ORDERS THAT[3]:

1. The Motion is GRANTED, as set forth in this Order.

2. Pursuant to 11 U.S.C. §§ 105(a), 363(b), 502, Rules 7023, 9014, and 9019 of the

[3] Where appropriate, findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact. *See* Fed. R. Bankr. P. 7052.

Bankruptcy Rules, Rule 23 of the Civil Rules, as incorporated herein, the Local Rules, and all applicable law, the Settlement and Settlement Agreement, each, are authorized and preliminarily approved, as set forth in this Order.

3. The Settlement Agreement was negotiated by the Parties, and their respective representatives, in good faith and is preliminary approved, subject to the Final Approval Hearing and entry of a Final Approval Order.

**A. Bankruptcy Rule 9019 Has Been Satisfied**

4. The Settlement and Settlement Agreement meet and satisfy the standards of Bankruptcy Rule 9019 for approval of a settlement and compromise as to the DSI Class Action and related claims and disputes. The Court accepts the reasoning stated in the Motion concerning Bankruptcy Rule 9019. The Settlement and Settlement Agreement satisfy the factors espoused by the U.S. Supreme Court, as applied by courts within this Circuit. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995); *In re GHR Cos.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1985); *In re Anolik*, 107 B.R. 426, 429 (D. Mass. 1989).

5. The facts stated in the Polsky Settlement Declaration further support entry of this Preliminary Approval Order, which facts also support the requisite standards under Bankruptcy Rule 9019 for approval of a settlement and compromise.

6. The Parties' respective probability of success in the litigation warrants approval of the Settlement and Settlement Agreement. The collectability of a judgment, if one were entered in favor of the DSI Class Representative as plaintiff, warrants approval of the Settlement and Settlement Agreement. The complexity, expense, inconvenience, and delay of prolonged litigation and discovery warrant approval of the Settlement and Settlement Agreement. Approval of the

Settlement and Settlement Agreement benefits the Debtor's creditors, all of the Debtor's stakeholders, and the Debtor itself.

**B. Civil Rule 23, Through Bankruptcy Rule 7023, Has Been Satisfied**

7. The Court finds and concludes that the Debtor's Motion, as well as its Exhibits and supporting facts asserted in the Declarations, establish that the Settlement and Settlement Agreement and these procedures satisfy all requirements for preliminary approval under Rule 23.

i. Civil Rule 23(a)(1)-(4) Is Satisfied On A Preliminary Basis

8. The Court finds and concludes, on a preliminary basis, that: the DSI Settlement Class is "so numerous that joinder of all members is impracticable; there are questions of law [and] fact common to the [DSI Settlement Class]; the claims [and] defenses of the [DSI Class Representative] are typical of the claims [and] defenses of the [DSI Settlement Class]; and the [DSI Class Representative] will fairly and adequately protect the interests of the [DSI Settlement Class.]" Fed. R. Civ. P. 23(a)(1)-(4).

ii. Civil Rule 23(b)(3) Is Satisfied On A Preliminary Basis

9. The Court, on a preliminary basis and based on the relevant factors set forth in Rule 23(b)(3)(A), (B), and (C), "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

10. The DSI Settlement Class satisfies Rule 23(b)(3) for settlement purposes, that the questions and issues of law and fact common to members of the DSI Settlement Class predominate over any questions or issues that may affect only individual members, and that a class action is superior to other available, if any, methods for fairly and efficiently adjudicating the controversies

and claims raised by the DSI Class Representative and the DSI Settlement Class members.

iii. <u>The DSI Settlement Class Is Certified For Settlement Purposes</u>

11. The Court preliminarily certifies, for settlement purposes only pursuant to Rule 23, incorporated and applicable herein through Rule 7023 of the Bankruptcy Rules, the DSI Settlement Class, consistent with the Settlement Agreement, is defined as follows: all individuals in the United States whose private information was maintained on the Debtor's computer systems and who were identified by the Debtor as having certain of that private information taken from the Debtor during the DSI.

12. The DSI Settlement Class expressly ***excludes***: (a) the Debtor's directors; (b) all eligible DSI Settlement Class Members who timely and validly request to opt-out from the DSI Settlement Class; (c) the presiding Judge of this Bankruptcy Court that evaluates the fairness of the Settlement and the presiding Judge of the DSI Class Action before the U.S. District Court for the District of Rhode Island, and the respective staff and employees for each of the foregoing Bankruptcy Court and U.S. District Court; and (d) potential DSI Settlement Class members, if any, that, prior to July 10, 2026 have provided to the Debtor an express release of claims arising from the DSI.

13. Under Rule 23(e)(1)(B)(ii), the Court finds and concludes that the DSI Settlement Class may be certified for purposes of judgment on the Settlement and Settlement Agreement. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). The Debtor's Motion establishes that class certification is appropriate because the four factors under Rule 23(a)—numerosity, commonality, typicality, and adequacy—and that the two factors under Rule 23(b)—predominance and superiority—are satisfied. *See* Fed. R. Civ. P. 23(a)(1)-(4), Fed. R. Civ. P. 23(b)(3).

iv. <u>The Notice Plan Is Approved And Meets Civil Rule 23(c)(2)(B) and 23(e)(1)</u>

14. Based on the certificate of service filed on behalf of Epiq, the Debtor has served, or caused to be served, on all necessary CAFA Notice Parties, the CAFA Documents, or notice thereof, within ten (10) days of the Debtor's filing of the Motion.

15. The Court GRANTS the proposed Notice Plan, which is APPROVED and AUTHORIZED, as detailed below. For settlement purposes, and, as to the proposed DSI Settlement Class, the Notice Plan is "the best notice that is practicable under the circumstances . . . ." Fed. R. Civ. P. 23(c)(2)(B). The elements of the Notice Plan satisfy each of the elements of Rule 23(c)(2)(B)(i)-(vii), including the following sources of notice, information, and related forms, all of which are approved:

- Settlement Website: Within 30 Days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish a web-site (the "Settlement Website") with detailed information concerning the terms of the proposed Settlement, posting the approved Long Form Class Notice, in the form attached hereto, relevant deadlines and requirements necessary to either file a Settlement claim, including enrollment in credit-monitoring, or to opt-out of the Settlement, relevant telephone numbers, including English and Spanish language options, that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff, and the ability to access, view, and download with no charge copies of all documents filed with the Court, including filings concerning the Settlement, the Settlement Website will also have an online claim portal for the submission and filing of claims;

- Post-Card Notice: Within 30 Days after entry of the Preliminary Approval Order, the members of the DSI Settlement Class will be sent, via U.S. Mail, a post-card notice in the form attached hereto, which will include critical information concerning the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement claim or to opt out of the Settlement, a QR code that will direct the recipient to the Settlement Website, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff. The Post-Card Notice also includes a "tear-off" claim;

- Social Media Notice: Through social media and other Internet methods of notice, including through *Google Display Network*, *Facebook*, and *Instagram*, as well as with *ProvidenceJournal.com* and *NewportRI.com*, the Settlement Administrator will publicize the Settlement Website, and additional information and links regarding the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement Claim or to opt out of the

Settlement, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff; and

- <u>Publication Notice</u>: Within 75 Days after entry of the Preliminary Approval Order, notice of and information regarding the Settlement Website, the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement Claim or to opt-out of the Settlement, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff shall also be publicized with (i) *Prison Legal News*; and (ii) the *Providence Journal*, in the form of the Publication Notice attached hereto, in both print and online formats. Additionally, the Debtor, or Epiq, shall issue an informational, press release concerning the Settlement for regional issuance via *PR Newswire's Rhode Island Newsline* in the form of the Informational Release, in the form attached hereto.

16. The Settlement Website, the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice, together, satisfy Rule 23(c)(2)(B). The form and content of each of the relevant notices— the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice—are each expressly approved pursuant to Rule 23(c)(2)(B).

17. Pursuant to Rule 23(e)(1)(A) and based on the information to be included with the Notice Plan and the Settlement Website, the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice, the Parties have provided to the Court "information sufficient to enable [the Court] to determine whether to give notice of the [proposed Settlement] to the [DSI Settlement Class]." Fed. R. Civ. P. 23(e)(1)(A).

18. Pursuant to Rule 23(e)(1)(B), the Court finds grounds sufficient for the Debtor, and its agents and representatives, to commence the Notice Plan, which constitutes "notice in a reasonable manner to all class members who would be bound by the [proposed Settlement because] notice is justified by the parties' showing that the Court will likely be able to: (i) approve the [proposed Settlement] under Rule 23(e)(2); and (ii) certify the [DSI Settlement Class] for purposes of judgment on the [proposed Settlement]." Fed. R. Civ. P. 23(e)(1)(B).

19. The following schedule and deadlines, relating to the approval process of the

Settlement and the Settlement Agreement is APPROVED, *provided that* the schedule and deadlines may be modified as may be mutually agreed between the Debtor and the DSI Class Representative, or their respective counsel and representatives without further order of the Court, *provided further that* any such modification(s) to the schedule and deadlines do not shorten or abbreviate the time periods with respect to: (a) the Notice Period; (b) the Objection and Opt-Out Deadline; and (c) the Deadline for submission of settlement claims:

| DEADLINE | EVENT / ACTION |
|---|---|
| General Bar Date (October 16, 2026) | Proposed Settlement Class Counsel shall file the Settlement Class Proof of Claim |
| No Later Than 25 days after entry of Preliminary Approval Order | Debtor shall provide to the Settlement Administrator all available information regarding the DSI Settlement Class members necessary to effectuate the Notice Plan |
| No Later Than 30 days after entry of Preliminary Approval Order | Launch of Settlement Website |
| No Later Than 75 days after entry of Preliminary Approval Order | Substantial completion of the Notice Plan, including mailing of Post-Card Notices, issuance of Publication Notice, issuance of Informational Release, and notice of Final Approval Hearing |
| ● ●, 2026<br><br>[Proposed: 35 days before Final Approval Hearing] | Settlement Class Counsel to file with the Court a fee application for award of fees, expenses, costs, and for Service Award for DSI Class Representative |
| ● ●, 2026<br><br>[Proposed: 21 days before Final Approval Hearing] | Deadline for DSI Settlement Class members to file objections to final Settlement approval and to submit Opt-Out Letters |
| ● ●, 2026<br><br>[Proposed: 7 days before Final Approval Hearing] | Debtor and Settlement Class Counsel to file with Court all necessary documents in support of entry of the Final Approval Order |
| ● ●, 2026 | Final Approval Hearing |

20. Under Rule 23(e)(2), the Court finds and concludes that the DSI Class Representative and Settlement Class Counsel have adequately represented the DSI Settlement Class, the Settlement Agreement was negotiated at arm's length, the relief provided by the Settlement Agreement and the Settlement is adequate.

21. The Settlement Agreement and the Settlement treat the members of the DSI Settlement Class equitably relative to each other. The Court has preliminarily determined that the Settlement is fair, reasonable, and adequate based on the merits of the claims raised and asserted by the DSI Class Representative, as plaintiff, weighted against the terms of the Settlement, the Debtor's financial condition, the lack of available insurance coverage for the claims alleged by the DSI Class Representative, the complexity, expense, and uncertainty of further litigation, and any opposition to the Settlement at this stage. *See* Fed. R. Civ. P. 23(e)(2)(C)(i)-(iv), (D).

22. The form and manner of the Settlement Claim Form, in the form attached hereto, and the method of distribution of benefits to members of the DSI Settlement Class, including, without limitation, the method and manner of processing class-member claims, as set forth in the Motion, is APPROVED.

23. Jacob Hellested, as the proposed class representative, is hereby appointed as the DSI Class Representative. To date, the DSI Class representative has advocated for the interests of all potential DIS Settlement Class members, and his own interests are aligned with interests of all potential DSI Settlement Class members. The DSI Class Representative does not have or hold any interests that would contravene those of other DSI Settlement Class members, including to seek shared remuneration as provided by the Settlement. The DSI Class Representative has been informed of, and understands, his duties and obligations to represent the DSI Settlement Class and to participate actively in these proceedings. The DSI Class Representative reviewed and approved

pleadings and filings with the District Court, had ongoing communications with the Settlement Class Counsel, has reviewed and approved filings with this Court, and will continue to do so through final approval and the implementation of the Settlement.

24. On a preliminary basis, the Service Award, of $2,000.00, to be paid and distributed to the DSI Class Representative is APPROVED. The Service Award is justified, reasonable, and adequate based on the services and efforts and the time and expense incurred by the DSI Class Representative, subject to entry of the Final Approval Order.

The Settlement Treats Class Members Equitably Under Rule 23(e)(2)(D)

25. The Court finds and concludes, on a preliminary basis, the Settlement and Settlement Agreement treat DSI Settlement class members equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2)(D). All potential DSI Settlement Class members are treated the same, with the sole exception being the Service Award to which the DSI Class Representative would be entitled. Each member of the DSI Settlement Class with an allowed claim shall receive monetary remuneration based on that member's own, unique documented ordinary losses and reimbursement for losses fairly traceable to the DSI. The Settlement is reasonably tailored to provide relief based on both an individual's unique circumstances—*i.e.,* documented losses and time spent—and general relief for all members through credit monitoring services.

Proposed Settlement Class Counsel Is Appointed Pursuant To Rule 23(g)

26. The Court appoints the law firms of (a) the Law Offices of Peter N. Wasylk, and (b) Mason & Perry LLP, together, as Settlement Class Counsel. Settlement Class Counsel is adequate under Rule 23(g)(1) and 23(g)(4). In appointing Settlement Class Counsel, the Court has considered (i) the work that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have done in identifying and investigating potential claims concerning the DSI and the DSI Class

Action; (ii) the experience that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have with handling class action litigation and the nature of the claims asserted in the DSI Class Action; (iii) the knowledge that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have concerning the applicable law, including data and cyber security law and class action litigation; and (iv) the resources that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP will commit to representing the DSI Settlement Class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

27. Accordingly, the Court finds and concludes that Settlement Class Counsel fairly and adequately represent the interests of the DSI Settlement Class.

28. Settlement Class Counsel is authorized to file a DSI Class Proof of Claim with the Claims and Notice Agent on, or before, the General Bar Date, to be allowed in the amount of $190,000.00, with an aggregate recovery in an amount not to exceed $190,000.00. The DSI Class Proof of Claim shall be filed in form substantially similar to Official Form B410 for bankruptcy court proofs of claim.

29. Those DSI Settlement Class Members who only hold claims based on, and arising exclusively from, the DSI are not required to file general bankruptcy proofs of claim against the Debtor's bankruptcy estate. The Debtor is not required to send to individual members of the DSI Settlement Class who only hold claims based on, and arising exclusively from, the DSI notice of the General Bar Date in the Chapter 11 Case. As to those individual members of the DSI Settlement Class who are known to hold potential claims against the Debtor arising from matters distinct and separate from the DSI, the Debtor shall provide to such potential claimants and class members notice of the General Bar Date.

30. DSI Settlement Class members that (i) have no claims against the Debtor ***unrelated*** to the DSI, and (ii) do not opt-out and do not request exclusion from the Settlement shall not be

required to file an individualized bankruptcy proof of claim, ***provided that*** no other party-in-interest objects to the allowance of the DSI Class Proof of Claim, to the extent that any other party has standing to object to such allowance, and the DSI Class Proof of Claim is finally allowed upon entry of the Final Approval Order. All rights, claims, remedies, and defenses of the Debtor are expressly preserved as to any and all proofs of claim, opt-outs, settlement claims, and any other demands, assertions, claims, and/or causes of action that may be asserted by, or on behalf of, any person, regulatory entity, governmental entity, or any other entity, authority, or person whatsoever concerning the DSI, including, without limitation, the Debtor's right to object to any such proofs of claim, opt-outs, settlement claims, and any other demands, assertions, claims, and/or causes of action.

**C. The Opt-Out Process And Objection Procedures Are Approved**

31. The proposed Opt-Out Process, including, without limitation, the nature and form of the Opt-Out Letter and the Opt-Out Deadline are APPROVED.

32. For an eligible and potential DSI Settlement Class member to request exclusion and opt out of the Settlement, that individual will be required to send to the Settlement Administrator a letter, via U.S. Mail an Opt-Out Letter, that includes (i) the class member's name, address, and telephone number; (ii) a personal signature; (iii) the name and caption of the Chapter 11 Case; and (iv) a clear written statement that the individual desires to be excluded from the DSI Settlement Class, such as "I hereby request to be excluded from the Data Incident Settlement Class for *In re Central Falls Detention Facility Corporation*."

33. Opt-Out Letters, to be effective, must also be received, or post-marked, by the Settlement Administrator no later than twenty-one (21) days prior to the Final Approval Hearing (the "Opt-Out Deadline"). The Settlement Administrator shall verify that each individual who

submits an Opt-Out Letter is an eligible DSI Settlement Class member.

34. The Court finds and concludes that the Notice Plan will advise all DSI Settlement Class members of their right (a) to opt out of the Settlement, (b) to file with the Court an objection to the Settlement, (c) to file with the Court an objection concerning the fees, costs, and expenses of proposed Settlement Class Counsel and the Service Award for the DSI Class Representative, and (d) all relevant and related deadlines. The opt out and objection instructions are in plain language and clearly prompt those who wish to opt out or object to provide the specific information each action requires. The Long Form Class Notice, to be posted to the Settlement Website, clearly informs DSI Settlement Class members of the Opt-Out Deadline, how to opt out, the consequences of opting out, and requires that they supply only the information needed to opt out of the Settlement. Similarly, the Long Form Class Notice informs DSI Settlement Class members about how to send their written objections to the Court or file in person with the Court (or if represented by counsel to have counsel file a written objection), tells them that the Court can only approve or deny the Settlement and cannot change its terms, and clearly states the Objection Deadline.

35. The Court shall, if any formal objections are timely served and filed with the Court, convene a hearing for final consideration and approval of the Settlement Agreement, the award of Settlement Class Counsel's fees, costs, and expenses, and approval of the Service Award.

**D. Epiq Is Appointed As Settlement Administrator**

36. The Court appoints Epiq as Settlement Administrator and finds and concludes that Epiq is qualified and has considerable experience with providing claims and notice services in both bankruptcy and class action proceedings. Epiq, as Settlement Administrator, is expressly authorized to take all actions necessary consistent with, and in furtherance of, this Order, including, without limitation, as to the Notice Plan and its components.

37. For its services related to the Settlement, Notice Plan, and consistent with the Settlement Agreement, Epiq shall charge its standard rates for all services and standard reimbursement rates for costs and expenses, which are commensurate with its rates utilized for other services on behalf of the Debtor. These services include, without limitation, (i) fulfillment of the Notice Plan, and all related mailings and postage costs; (ii) establishing and maintaining the Settlement Website and call center; (iii) claims processing, reconciliation, and review; and (iv) opening, establishing, maintaining, and making distributions and payments on allowed settlement claims from a qualified settlement fund account, which shall be an interest-bearing account and qualifies settlement as defined by Treasury § 1.46B-1, *et seq.*

38. Epiq, as the Settlement Administrator, shall have the authority to open, maintain, and make distributions and payments on claims from a qualified settlement fund account, which shall be an interest-bearing account and qualified settlement as defined by Treasury § 1.46B-1, *et seq.* To the extent that any prior Order may have restricted Epiq's authority to open, establish, and maintain a bank account, such prior Order is abrogated so that Epiq may take all actions necessary in furtherance of the Settlement Agreement, including as to the Settlement Fund and associated bank accounts.

**E. Final Approval Hearing**

39. The Final Approval Hearing is set for December ●, 2026 at ●.

**F. Related And Miscellaneous Relief**

40. No creditor, other than the members of the DSI Settlement Class that timely file Settlement Claims that are allowed and valid, shall gain any rights by reason of the Settlement Agreement. The Settlement Agreement shall not be used, introduced, or otherwise deemed to be admissible in any manner or fashion in any action or proceeding by any creditors of the Debtor or

its insiders.

41. All of the Debtor's rights, claims, remedies, and defenses to any Claim that is not the subject of the Settlement Agreement are expressly reserved and preserved. All of the Debtor's rights, claims, remedies, and defenses to any individual, or entity, that submits an Opt-Out Letter are expressly reserved and preserved.

42. The Settlement Agreement, and any related agreements, documents, or other instruments, may be modified, amended, or supplemented upon mutual agreement of the Parties without further order of the Court, provided that such modification, amendment, or supplement is not material and does not contravene the express terms of this Order.

43. The failure to mention or expressly reference any provision or term of the Settlement or the Settlement Agreement in this Order shall not impair the efficacy of the Settlement or the Settlement Agreement, it being the intent and effect of this Order that the Settlement, the Settlement Agreement, and the compromises and agreements contained therein are preliminarily approved in all respects and all relief contemplated by the Settlement and the Settlement Agreement is hereby GRANTED; *provided that*, for the avoidance of doubt, the releases contained in the Settlement Agreement are subject to entry of the Final Approval Order and upon entry of the Final Approval Order, such releases shall be deemed effective as of the Plan Effective Date.

44. Notwithstanding the relief authorized and preliminarily approved by this Preliminary Approval Order and any actions taken in furtherance of such relief and preliminary approval, nothing in this Order shall be deemed to be: (a) an admission to the amount of, bases for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law or regulation; (b) a waiver of the Debtor's, or any other party-in-interest's, right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim unless expressly

required by this Order; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion, this Order, or any other order granting the relief requested by the Motion that any particular claim is an administrative expense priority claim or other priority claim; (e) a request or authorization to assume, assign, adopt, or reject any agreement, contract, or lease pursuant to 11 U.S.C. § 365; (f) any admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor or the Debtor's estate; (g) a waiver or limitation of the Debtor's, or any other party-in-interest's, rights under the Bankruptcy Code or any other applicable law or regulation; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion or authorized by this Order are valid, and the rights of all parties-in-interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

45. Notice of the Motion, as provided and certified therein, including, without limitation, the certificate of service filed with the Court on ● ●, 2026, is deemed proper, good, and sufficient notice of the Motion, and, as to notice, the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and CAFA have been satisfied.

46. The Debtor, and its representatives, are authorized to take all actions necessary to effectuate the relief authorized and granted by this Order in accordance with the Motion.

47. The Court shall retain exclusive jurisdiction with respect to all matters and disputes, if any, arising from or related to the implementation, interpretation, and enforcement of this Order.

48. No later than four (4) Business Days after the date of entry of this Order, the Debtor shall cause to be served on the necessary and required notice parties—including all creditors pursuant to the Bankruptcy Rules, Local Rules, and the Case Management Procedures Order

entered in this Case—a copy of this Order or, where applicable, notice of the Final Approval Hearing, related relief, and related objection deadlines—and shall file a certificate of service not later than four (4) Business Days after such service.

Dated: __________________, 2026
Providence, Rhode Island

_________________________________
The Honorable John A. Dorsey, Jr.
United States Bankruptcy Judge

4933-2792-0076.2/033262-0017