**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re:<br><br>CENTRAL FALLS DETENTION FACILITY CORPORATION,<br>d/b/a Donald W. Wyatt Detention Facility<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-10628 |

**NOTICE OF REVISED PROPOSED PRELIMINARY APPROVAL ORDER**
**<u>AS TO DATA SECURITY INCIDENT SETTLEMENT</u>**

On August 31, 2026, the Debtor filed with the Court a *Motion Seeking Entry Of An Order Granting (I) Preliminary Approval Of Data Security Incident Settlement; (II) Class Certification For Settlement Purposes Only; (III) Appointment Of Settlement Class Counsel; (IV) Authorization For Settlement Class Counsel To File A Class Proof Of Claim; (V) Approval Of The Form And Manner Of Notice To Class Members Regarding Class Certification And Settlement Terms; (VI) Establishment Of The Date And Time For A Fairness Hearing To Consider Final Approval Of The Class Settlement; And (VII) Related Relief* (the "<u>Preliminary Approval Motion</u>"). (ECF No. 169.)

Except as to the Office of the U.S. Trustee, objections in response to the Preliminary Approval Motion were due to be filed with the Court no later than September 17, 2026. (ECF No. 173.) On September 14, 2026, the Court entered an Order, based on a Consent Motion, that provided that the U.S. Trustee's deadline to object, or otherwise respond, to the Preliminary Approval Motion would be extended through September 21, 2026. (ECF Nos. 182, 183.) No

[1] The last four digits of the Debtor's federal employer identification number are 5439. The address of the Debtor is 950 High Street, Central Falls, RI 02863.

formal objections were filed with the Court, and only the Office of the U.S. Trustee raised an informal, limited objection to the relief requested in the Preliminary Approval Motion.

In response to comments of the Office of the U.S. Trustee provided to the Debtor's counsel, the Debtor has resolved any potential objection that the U.S. Trustee informally raise, or may have otherwise asserted in response to the Preliminary Approval Motion. The Debtor and the Office of the U.S. Trustee have agreed to the form of a revised, proposed Preliminary Approval Order, in the form of **Exhibit A**, attached hereto. Further, **Exhibit B**, attached hereto, is a redline comparison of the revisions to the form of proposed Preliminary Approval Order filed with the Court on August 31, 2026. (ECF No. 169, at 47-64.)

As indicated based on the revisions to the form of the revised, proposed Preliminary Approval Order, the Office of the U.S. Trustee requested that, due to jurisdictional concerns, the Bankruptcy Court issue proposed findings of fact and conclusions of law, and that final approval of the Settlement be granted by an Order of the U.S. District Court for the District of Rhode Island, to which the Debtor was agreeable, subject to the approval of this Bankruptcy Court.

Based on a review of the Local Rules for the U.S. District Court of the District of Rhode Island (the "District Court Rules"), District Court Local Rule 109(a) addresses the scenario in which the Bankruptcy Court may determine that entry of a final order may not be consistent with Article III of the United States Constitution, providing, in relevant part, the following:

> If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this rule and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the District Court, hear the proceeding and submit proposed findings of fact and conclusions of law to the District Court.
>
> The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with the federal and local rules of bankruptcy procedure. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

(D. R.I. Local Rule 109(a).) Further, Local Rule 109(c) of the District Court Rules provides procedures by which parties may assert objections, responses, and replies concerning the Bankruptcy Court's proposed findings of fact and conclusions of law, comparable to Rule 9033 of the Federal Rules of Bankruptcy Procedure.

Accordingly, the Debtor respectfully submits that the revisions to the proposed, Preliminary Approval Order are contemplated by the Local Rules for the U.S. District Court for the District of Rhode Island. Regardless, the Debtor, through counsel, will be prepared to address at the September 24, 2026 hearing on the Preliminary Approval Motion further questions that the Bankruptcy Court may have regarding these revisions, and, to the extent that the Bankruptcy Court may request additional information or supplemental briefing, then the Debtor, through counsel, will adhere to the Bankruptcy Court's directives.

Dated: September 22, 2026

**Partridge Snow & Hahn LLP**

*/s/ Daniel E. Burgoyne*
Daniel E. Burgoyne (#7541)
Matthew A. Lopes, Jr. (#3877)
40 Westminster Street
Suite 1100
Providence, RI 02903
T: (401) 861-8254
F: (401) 861-8210
dburgoyne@psh.com
mlopes@psh.com

– and –

**Troutman Pepper Locke LLP**

Jonathan W. Young (*pro hac vice*)
Hanna J. Redd (*pro hac vice*)
111 Huntington Ave., 9th Floor
Boston, MA 02199
T: (617) 239-0100
F: (617) 227-4420
jonathan.young@troutman.com
hanna.redd@troutman.com

Aaron C. Smith (*pro hac vice*)
225 W. Randolph Street, Suite 2600
Chicago, IL 60606
T: (312) 443-700
F: (312) 443-0336
aaron.smith@troutman.com

James K. Donaldson (*pro hac vice*)
1001 Haxall Point, 15th Floor
Richmond, VA 23219
T: (804) 554-2426
F: (804) 697-1339
jed.donaldson@troutman.com

*Counsel to the Debtor and Debtor in Possession*

# **EXHIBIT A**

## **REVISED PROPOSED PRELIMINARY APPROVAL ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re:<br><br>CENTRAL FALLS DETENTION FACILITY CORPORATION,<br>d/b/a Donald W. Wyatt Detention Facility<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-10628 |

**ORDER GRANTING (I) PRELIMINARY APPROVAL OF DATA SECURITY INCIDENT SETTLEMENT; (II) CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY; (III) APPOINTMENT OF SETTLEMENT CLASS COUNSEL; (IV) AUTHORIZATION FOR SETTLEMENT CLASS COUNSEL TO FILE A CLASS PROOF OF CLAIM; (V) APPROVAL OF THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS REGARDING CLASS CERTIFICATION AND SETTLEMENT TERMS; (VI) ESTABLISHMENT OF THE DATE AND TIME FOR A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE CLASS SETTLEMENT; AND (VII) RELATED RELIEF**

Upon the motion (the "Motion"[2]) of the Debtor, for entry of an order (this "Order" or the "Preliminary Approval Order") (a) preliminarily approving the settlement (generally, the "Settlement") contemplated in the Settlement Agreement attached to the Motion, between the Debtor and the DSI Class Representative, on behalf of the DSI Settlement Class (together with the Debtor, the "Parties", each a "Party"); (b) certifying the DSI Settlement Class for settlement purposes only, appointing the DSI Settlement Class Representative, and authorizing the Service Award; (c) appointing Settlement Class Counsel; (d) authorizing Settlement Class Counsel to file the DSI Class Proof of Claim with the Claims and Notice Agent for this Chapter 11 Case; (e) approving and authorizing the Notice Plan, detailed below, and form and manner of notices to

---

[1] The last four digits of the Debtor's federal employer identification number are 5439. The address of the Debtor is 950 High Street, Central Falls, RI 02863.

[2] Unless stated otherwise, capitalized terms used but not defined in this Order, shall have the meaning ascribed to them in the Motion.

members of the DSI Settlement Class (collectively, the "Class Notices"), attached hereto at **Exhibit A**; (f) approving the Settlement Claim Form, attached hereto at **Exhibit B**; (g) approving the form and manner by which DSI Settlement Class members may opt-out and exclude themselves from the Settlement; (h) scheduling the Final Approval Hearing to consider final approval of the Settlement and Settlement Agreement; and (i) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to issue an Order granting relief on a preliminary basis; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor and the Debtor's estate, its creditors, the DSI Settlement Class, and other parties-in-interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were proper and sufficient and no other or further notice being necessary; and the Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at the September 24, 2026 hearing (the "Hearing") before the Court; and the Court having determined that the legal and factual bases set forth in the Motion, declarations of Daniel Polsky and Cameron Azari, and at the hearing establish just cause for the relief granted in this Order; and upon all of the proceedings before the Court; and after due deliberation and sufficient cause, the Court ORDERS THAT[3]:

1. The Motion is GRANTED, as set forth in this Order.

2. Pursuant to 11 U.S.C. §§ 105(a), 363(b), 502, Rules 7023, 9014, and 9019 of the Bankruptcy Rules, Rule 23 of the Civil Rules, as incorporated herein, the Local Rules, and all applicable law, the Settlement and Settlement Agreement, each, are authorized and preliminarily

---

[3] Where appropriate, findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact. *See* Fed. R. Bankr. P. 7052.

approved, as set forth in this Order.

3. The Settlement Agreement was negotiated by the Parties, and their respective representatives, in good faith and is preliminary approved, subject to the Final Approval Hearing and entry of a Final Approval Order by a U.S. District Court.

**A. Bankruptcy Rule 9019 Has Been Satisfied**

4. The Settlement and Settlement Agreement meet and satisfy the standards of Bankruptcy Rule 9019 for approval of a settlement and compromise as to the DSI Class Action and related claims and disputes. The Court accepts the reasoning stated in the Motion concerning Bankruptcy Rule 9019. The Settlement and Settlement Agreement satisfy the factors espoused by the U.S. Supreme Court, as applied by courts within this Circuit. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995); *In re GHR Cos.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1985); *In re Anolik*, 107 B.R. 426, 429 (D. Mass. 1989).

5. The facts stated in the Polsky Settlement Declaration further support entry of this Preliminary Approval Order, which facts also support the requisite standards under Bankruptcy Rule 9019 for approval of a settlement and compromise.

6. The Parties' respective probability of success in the litigation warrants approval of the Settlement and Settlement Agreement. The collectability of a judgment, if one were entered in favor of the DSI Class Representative as plaintiff, warrants approval of the Settlement and Settlement Agreement. The complexity, expense, inconvenience, and delay of prolonged litigation and discovery warrant approval of the Settlement and Settlement Agreement. Approval of the Settlement and Settlement Agreement benefits the Debtor's creditors, all of the Debtor's stakeholders, and the Debtor itself.

**B. Civil Rule 23, Through Bankruptcy Rule 7023, Has Been Satisfied**

7. The Court finds and concludes that the Debtor's Motion, as well as its Exhibits and supporting facts asserted in the Declarations, establish that the Settlement and Settlement Agreement and these procedures satisfy all requirements for preliminary approval under Rule 23.

i. Civil Rule 23(a)(1)-(4) Is Satisfied On A Preliminary Basis

8. The Court finds and concludes, on a preliminary basis, that: the DSI Settlement Class is "so numerous that joinder of all members is impracticable; there are questions of law [and] fact common to the [DSI Settlement Class]; the claims [and] defenses of the [DSI Class Representative] are typical of the claims [and] defenses of the [DSI Settlement Class]; and the [DSI Class Representative] will fairly and adequately protect the interests of the [DSI Settlement Class.]" Fed. R. Civ. P. 23(a)(1)-(4).

ii. Civil Rule 23(b)(3) Is Satisfied On A Preliminary Basis

9. The Court, on a preliminary basis and based on the relevant factors set forth in Rule 23(b)(3)(A), (B), and (C), "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

10. The DSI Settlement Class satisfies Rule 23(b)(3) for settlement purposes, that the questions and issues of law and fact common to members of the DSI Settlement Class predominate over any questions or issues that may affect only individual members, and that a class action is superior to other available, if any, methods for fairly and efficiently adjudicating the controversies and claims raised by the DSI Class Representative and the DSI Settlement Class members.

iii. The DSI Settlement Class Is Certified For Settlement Purposes

11. The Court preliminarily certifies, for settlement purposes only pursuant to Rule 23, incorporated and applicable herein through Rule 7023 of the Bankruptcy Rules, the DSI Settlement Class, consistent with the Settlement Agreement, is defined as follows: all individuals in the United States whose private information was maintained on the Debtor's computer systems and who were identified by the Debtor as having certain of that private information taken from the Debtor during the DSI.

12. The DSI Settlement Class expressly ***excludes***: (a) the Debtor's directors; (b) all eligible DSI Settlement Class Members who timely and validly request to opt-out from the DSI Settlement Class; (c) the presiding Judge of this Bankruptcy Court, the presiding Judge of the U.S. District Court that issues a Final Approval Order and that evaluates the fairness of the Settlement on a final basis, and the presiding Judge of the DSI Class Action before the U.S. District Court for the District of Rhode Island, and the respective staff and employees for each of the foregoing Bankruptcy Court and U.S. District Court; and (d) potential DSI Settlement Class members, if any, that, prior to July 10, 2026 have provided to the Debtor an express release of claims arising from the DSI.

13. Under Rule 23(e)(1)(B)(ii), the Court finds and concludes on a preliminary basis that the DSI Settlement Class may be certified for purposes of judgment on the Settlement and Settlement Agreement. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). The Debtor's Motion establishes that class certification is appropriate because the four factors under Rule 23(a)—numerosity, commonality, typicality, and adequacy—and that the two factors under Rule 23(b)—predominance and superiority—are satisfied. *See* Fed. R. Civ. P. 23(a)(1)-(4), Fed. R. Civ. P. 23(b)(3).

iv. <u>The Notice Plan Is Approved And Meets Civil Rule 23(c)(2)(B) and 23(e)(1)</u>

14. Based on the certificate of service filed on behalf of Epiq, the Debtor has served,

or caused to be served, on all necessary CAFA Notice Parties, the CAFA Documents, or notice thereof, within ten (10) days of the Debtor's filing of the Motion.

15. The Court GRANTS the proposed Notice Plan, which is APPROVED and AUTHORIZED, as detailed below. For settlement purposes, and, as to the proposed DSI Settlement Class, the Notice Plan is "the best notice that is practicable under the circumstances . . . ." Fed. R. Civ. P. 23(c)(2)(B). The elements of the Notice Plan satisfy each of the elements of Rule 23(c)(2)(B)(i)-(vii), including the following sources of notice, information, and related forms, all of which are approved:

- Settlement Website: Within 30 Days after entry of this Preliminary Approval Order, the Settlement Administrator shall establish a web-site (the "Settlement Website") with detailed information concerning the terms of the proposed Settlement, posting the approved Long Form Class Notice, in the form attached hereto, relevant deadlines and requirements necessary to either file a Settlement claim, including enrollment in credit-monitoring, or to opt-out of the Settlement, relevant telephone numbers, including English and Spanish language options, that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff, and the ability to access, view, and download with no charge copies of all documents filed with the Court, including filings concerning the Settlement, the Settlement Website will also have an online claim portal for the submission and filing of claims;

- Post-Card Notice: Within 30 Days after entry of this Preliminary Approval Order, the members of the DSI Settlement Class will be sent, via U.S. Mail, a post-card notice in the form attached hereto, which will include critical information concerning the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement claim or to opt out of the Settlement, a QR code that will direct the recipient to the Settlement Website, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff. The Post-Card Notice also includes a "tear-off" claim;

- Social Media Notice: Through social media and other Internet methods of notice, including through *Google Display Network*, *Facebook*, and *Instagram*, as well as with *ProvidenceJournal.com* and *NewportRI.com*, the Settlement Administrator will publicize the Settlement Website, and additional information and links regarding the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement Claim or to opt out of the Settlement, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement

Administrator's staff; and

- <u>Publication Notice</u>: Within 75 Days after entry of this Preliminary Approval Order, notice of and information regarding the Settlement Website, the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement Claim or to opt-out of the Settlement, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff shall also be publicized with (i) *Prison Legal News*; and (ii) the *Providence Journal*, in the form of the Publication Notice attached hereto, in both print and online formats. Additionally, the Debtor, or Epiq, shall issue an informational, press release concerning the Settlement for regional issuance via *PR Newswire's Rhode Island Newsline* in the form of the Informational Release, in the form attached hereto.

16. The Settlement Website, the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice, together, satisfy Rule 23(c)(2)(B). The form and content of each of the relevant notices— the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice—are each expressly approved pursuant to Rule 23(c)(2)(B).

17. Pursuant to Rule 23(e)(1)(A) and based on the information to be included with the Notice Plan and the Settlement Website, the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice, the Parties have provided to the Court "information sufficient to enable [the Court] to determine whether to give notice of the [proposed Settlement] to the [DSI Settlement Class]." Fed. R. Civ. P. 23(e)(1)(A).

18. Pursuant to Rule 23(e)(1)(B), the Court finds grounds sufficient for the Debtor, and its agents and representatives, to commence the Notice Plan, which constitutes "notice in a reasonable manner to all class members who would be bound by the [proposed Settlement because] notice is justified by the parties' showing that the Court will likely be able to: (i) approve the [proposed Settlement] under Rule 23(e)(2); and (ii) certify the [DSI Settlement Class] for purposes of judgment on the [proposed Settlement]." Fed. R. Civ. P. 23(e)(1)(B).

19. The following schedule and deadlines, relating to the approval process of the Settlement and the Settlement Agreement is APPROVED, *provided that* the schedule and

deadlines may be modified as may be mutually agreed between the Debtor and the DSI Class Representative, or their respective counsel and representatives without further order of the Court, *provided further that* any such modification(s) to the schedule and deadlines do not shorten or abbreviate the time periods with respect to: (a) the Notice Period; (b) the Objection and Opt-Out Deadline; and (c) the Deadline for submission of settlement claims:

| DEADLINE | EVENT / ACTION |
|---|---|
| General Bar Date<br>(October 16, 2026) | Proposed Settlement Class Counsel shall file the Settlement Class Proof of Claim |
| No Later Than 25 days after entry of Preliminary Approval Order | Debtor shall provide to the Settlement Administrator all available information regarding the DSI Settlement Class members necessary to effectuate the Notice Plan |
| No Later Than 30 days after entry of Preliminary Approval Order | Launch of Settlement Website |
| No Later Than 75 days after entry of Preliminary Approval Order | Substantial completion of the Notice Plan, including mailing of Post-Card Notices, issuance of Publication Notice, issuance of Informational Release, and notice of Final Approval Hearing |
| ● ●, 2026<br><br>[Proposed: 35 days before Final Approval Hearing] | Settlement Class Counsel to file with the Bankruptcy Court a fee application for award of fees, expenses, costs, and for Service Award for DSI Class Representative |
| ● ●, 2026<br><br>[Proposed: 21 days before Final Approval Hearing] | Deadline for DSI Settlement Class members to file with the Bankruptcy Court objections to final Settlement approval and to submit Opt-Out Letters |
| ● ●, 2026<br><br>[Proposed: 7 days before Final Approval Hearing] | Debtor and Settlement Class Counsel to file with the Bankruptcy Court all necessary documents in support of entry of the Final Approval Order |
| ● ●, 2026 | Final Approval Hearing before the Bankruptcy Court |

20. Under Rule 23(e)(2), the Court finds and concludes, on a preliminary basis, that the

DSI Class Representative and Settlement Class Counsel have adequately represented the DSI Settlement Class, the Settlement Agreement was negotiated at arm's length, the relief provided by the Settlement Agreement and the Settlement is adequate.

21. The Settlement Agreement and the Settlement treat the members of the DSI Settlement Class equitably relative to each other. The Court has preliminarily determined that the Settlement is fair, reasonable, and adequate based on the merits of the claims raised and asserted by the DSI Class Representative, as plaintiff, weighted against the terms of the Settlement, the Debtor's financial condition, the lack of available insurance coverage for the claims alleged by the DSI Class Representative, the complexity, expense, and uncertainty of further litigation, and any opposition to the Settlement at this stage. *See* Fed. R. Civ. P. 23(e)(2)(C)(i)-(iv), (D).

22. The form and manner of the Settlement Claim Form, in the form attached hereto, and the method of distribution of benefits to members of the DSI Settlement Class, including, without limitation, the method and manner of processing class-member claims, as set forth in the Motion, is APPROVED.

23. Jacob Hellested, as the proposed class representative, is hereby appointed as the DSI Class Representative. To date, the DSI Class representative has advocated for the interests of all potential DIS Settlement Class members, and his own interests are aligned with interests of all potential DSI Settlement Class members. The DSI Class Representative does not have or hold any interests that would contravene those of other DSI Settlement Class members, including to seek shared remuneration as provided by the Settlement. The DSI Class Representative has been informed of, and understands, his duties and obligations to represent the DSI Settlement Class and to participate actively in these proceedings. The DSI Class Representative reviewed and approved pleadings and filings with the District Court, had ongoing communications with the Settlement

Class Counsel, has reviewed and approved filings with this Court, and will continue to do so through final approval and the implementation of the Settlement.

24. On a preliminary basis, the Service Award, of $2,000.00, to be paid and distributed to the DSI Class Representative is APPROVED. The Service Award is justified, reasonable, and adequate based on the services and efforts and the time and expense incurred by the DSI Class Representative, subject to entry of the Final Approval Order by a U.S. District Court.

The Settlement Treats Class Members Equitably Under Rule 23(e)(2)(D)

25. The Court finds and concludes, on a preliminary basis, the Settlement and Settlement Agreement treat DSI Settlement class members equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2)(D). All potential DSI Settlement Class members are treated the same, with the sole exception being the Service Award to which the DSI Class Representative would be entitled. Each member of the DSI Settlement Class with an allowed claim shall receive monetary remuneration based on that member's own, unique documented ordinary losses and reimbursement for losses fairly traceable to the DSI. The Settlement is reasonably tailored to provide relief based on both an individual's unique circumstances—*i.e.*, documented losses and time spent—and general relief for all members through credit monitoring services.

Proposed Settlement Class Counsel Is Appointed Pursuant To Rule 23(g)

26. The Court appoints the law firms of (a) the Law Offices of Peter N. Wasylk, and (b) Mason & Perry LLP, together, as Settlement Class Counsel. Settlement Class Counsel is adequate under Rule 23(g)(1) and 23(g)(4). In appointing Settlement Class Counsel, the Court has considered (i) the work that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have done in identifying and investigating potential claims concerning the DSI and the DSI Class Action; (ii) the experience that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have

with handling class action litigation and the nature of the claims asserted in the DSI Class Action; (iii) the knowledge that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have concerning the applicable law, including data and cyber security law and class action litigation; and (iv) the resources that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP will commit to representing the DSI Settlement Class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

27. Accordingly, the Court finds and concludes that Settlement Class Counsel fairly and adequately represent the interests of the DSI Settlement Class.

28. Settlement Class Counsel is authorized to file a DSI Class Proof of Claim with the Claims and Notice Agent on, or before, the General Bar Date, to be allowed in the amount of $190,000.00, with an aggregate recovery in an amount not to exceed $190,000.00. The DSI Class Proof of Claim shall be filed in form substantially similar to Official Form B410 for bankruptcy court proofs of claim.

29. Those DSI Settlement Class Members who only hold claims based on, and arising exclusively from, the DSI are not required to file general bankruptcy proofs of claim against the Debtor's bankruptcy estate. The Debtor is not required to send to individual members of the DSI Settlement Class who only hold claims based on, and arising exclusively from, the DSI notice of the General Bar Date in the Chapter 11 Case. As to those individual members of the DSI Settlement Class who are known to hold potential claims against the Debtor arising from matters distinct and separate from the DSI, the Debtor shall provide to such potential claimants and class members notice of the General Bar Date.

30. DSI Settlement Class members that (i) have no claims against the Debtor ***unrelated*** to the DSI, and (ii) do not opt-out and do not request exclusion from the Settlement shall not be required to file an individualized bankruptcy proof of claim, ***provided that*** no other party-in-

interest objects to the allowance of the DSI Class Proof of Claim, to the extent that any other party has standing to object to such allowance, and the DSI Class Proof of Claim is finally allowed upon entry of the Final Approval Order. All rights, claims, remedies, and defenses of the Debtor are expressly preserved as to any and all proofs of claim, opt-outs, settlement claims, and any other demands, assertions, claims, and/or causes of action that may be asserted by, or on behalf of, any person, regulatory entity, governmental entity, or any other entity, authority, or person whatsoever concerning the DSI, including, without limitation, the Debtor's right to object to any such proofs of claim, opt-outs, settlement claims, and any other demands, assertions, claims, and/or causes of action.

**C. The Opt-Out Process And Objection Procedures Are Approved**

31. The proposed Opt-Out Process, including, without limitation, the nature and form of the Opt-Out Letter and the Opt-Out Deadline are APPROVED.

32. For an eligible and potential DSI Settlement Class member to request exclusion and opt out of the Settlement, that individual will be required to send to the Settlement Administrator via U.S. Mail an Opt-Out Letter, that includes (i) the class member's name, address, and telephone number; (ii) a personal signature; (iii) the name and caption of the Chapter 11 Case; and (iv) a clear written statement that the individual desires to be excluded from the DSI Settlement Class, such as "I hereby request to be excluded from the Data Incident Settlement Class for *In re Central Falls Detention Facility Corporation*."

33. Opt-Out Letters, to be effective, must also be received, or post-marked, by the Settlement Administrator no later than twenty-one (21) days prior to the Final Approval Hearing (the "Opt-Out Deadline"). The Settlement Administrator shall verify that each individual who submits an Opt-Out Letter is an eligible DSI Settlement Class member.

34. The Court finds and concludes that the Notice Plan will advise all DSI Settlement Class members of their right (a) to opt out of the Settlement, (b) to file with the Bankruptcy Court an objection to the Settlement, (c) to file with the Bankruptcy Court an objection concerning the fees, costs, and expenses of proposed Settlement Class Counsel and the Service Award for the DSI Class Representative, and (d) all relevant and related deadlines. The opt out and objection instructions are in plain language and clearly prompt those who wish to opt out or object to provide the specific information each action requires. The Long Form Class Notice, to be posted to the Settlement Website, clearly informs DSI Settlement Class members of the Opt-Out Deadline, how to opt out, the consequences of opting out, and requires that they supply only the information needed to opt out of the Settlement. Similarly, the Long Form Class Notice informs DSI Settlement Class members about how to send their written objections to the Bankruptcy Court or file in person with the Bankruptcy Court (or if represented by counsel to have counsel file a written objection), tells them that each of the Bankruptcy Court and a U.S. District Court can only approve or deny the Settlement and cannot change its terms, and clearly states the Objection Deadline.

35. The Bankruptcy Court shall convene the Final Approval Hearing for final consideration and approval of the Settlement Agreement, the award of Settlement Class Counsel's fees, costs, and expenses, and approval of the Service Award, and after such Final Approval Hearing—if there are any objections and any such objections are overruled, resolved, or otherwise withdrawn—the Bankruptcy Court may issue proposed findings of fact and conclusions of law concerning the final authorization and approval of the relief requested in the Motion for review by the U.S. District Court for the District of Rhode Island consistent with the Federal Rules of Bankruptcy Procedure and, thereafter, the U.S. District Court for the District of Rhode Island may enter a final Order concerning the authorization and approval of the relief requested in the Motion.

**D. Epiq Is Appointed As Settlement Administrator**

36. The Court appoints Epiq as Settlement Administrator and finds and concludes that Epiq is qualified and has considerable experience with providing claims and notice services in both bankruptcy and class action proceedings. Epiq, as Settlement Administrator, is expressly authorized to take all actions necessary consistent with, and in furtherance of, this Order, including, without limitation, as to the Notice Plan and its components.

37. For its services related to the Settlement, Notice Plan, and consistent with the Settlement Agreement, Epiq shall charge its standard rates for all services and standard reimbursement rates for costs and expenses, which are commensurate with its rates utilized for other services on behalf of the Debtor. These services include, without limitation, (i) fulfillment of the Notice Plan, and all related mailings and postage costs; (ii) establishing and maintaining the Settlement Website and call center; (iii) claims processing, reconciliation, and review; and (iv) opening, establishing, maintaining, and making distributions and payments on allowed settlement claims from a qualified settlement fund account, which shall be an interest-bearing account and qualifies settlement as defined by Treasury § 1.46B-1, *et seq.*

38. Epiq, as the Settlement Administrator, shall have the authority to open, maintain, and make distributions and payments on claims from a qualified settlement fund account, which shall be an interest-bearing account and qualified settlement as defined by Treasury § 1.46B-1, *et seq.* To the extent that any prior Order may have restricted Epiq's authority to open, establish, and maintain a bank account, such prior Order is abrogated so that Epiq may take all actions necessary in furtherance of the Settlement Agreement, including as to the Settlement Fund and associated bank accounts.

**E. Final Approval Hearing**

39. The Final Approval Hearing is set for December ●, 2026 at ●, which shall be convened before the Bankruptcy Court.

**F. Related And Miscellaneous Relief**

40. No creditor, other than the members of the DSI Settlement Class that timely file Settlement Claims that are allowed and valid, shall gain any rights by reason of the Settlement Agreement. The Settlement Agreement shall not be used, introduced, or otherwise deemed to be admissible in any manner or fashion in any action or proceeding by any creditors of the Debtor or its insiders.

41. All of the Debtor's rights, claims, remedies, and defenses to any Claim that is not the subject of the Settlement Agreement are expressly reserved and preserved. All of the Debtor's rights, claims, remedies, and defenses to any individual, or entity, that submits an Opt-Out Letter are expressly reserved and preserved.

42. The Settlement Agreement, and any related agreements, documents, or other instruments, may be modified, amended, or supplemented upon mutual agreement of the Parties without further order of the Court, provided that such modification, amendment, or supplement is not material and does not contravene the express terms of this Order.

43. The failure to mention or expressly reference any provision or term of the Settlement or the Settlement Agreement in this Order shall not impair the efficacy of the Settlement or the Settlement Agreement, it being the intent and effect of this Order that the Settlement, the Settlement Agreement, and the compromises and agreements contained therein are preliminarily approved in all respects and all relief contemplated by the Settlement and the Settlement Agreement is hereby GRANTED on a preliminary basis; *provided that*, for the avoidance of doubt, the releases contained in the Settlement Agreement are subject to entry of the Final Approval Order

by a U.S. District Court and upon entry of the Final Approval Order by a U.S. District Court, such releases shall be deemed effective as of the Plan Effective Date.

44. Notwithstanding the relief authorized and preliminarily approved by this Preliminary Approval Order and any actions taken in furtherance of such relief and preliminary approval, nothing in this Order shall be deemed to be: (a) an admission to the amount of, bases for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law or regulation; (b) a waiver of the Debtor's, or any other party-in-interest's, right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim unless expressly required by this Order; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion, this Order, or any other order granting the relief requested by the Motion that any particular claim is an administrative expense priority claim or other priority claim; (e) a request or authorization to assume, assign, adopt, or reject any agreement, contract, or lease pursuant to 11 U.S.C. § 365; (f) any admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor or the Debtor's estate; (g) a waiver or limitation of the Debtor's, or any other party-in-interest's, rights under the Bankruptcy Code or any other applicable law or regulation; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion or authorized by this Order are valid, and the rights of all parties-in-interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

45. Notice of the Motion, as provided and certified therein, including, without limitation, the certificates of service filed with the Court on September 4, 2026 (ECF No. 174) and September ●, 2026 (ECF No. ●), is deemed proper, good, and sufficient notice of the Motion, and,

as to notice, the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and CAFA have been satisfied.

46. The Debtor, and its representatives, are authorized to take all actions necessary to effectuate the relief authorized and granted by this Order in accordance with the Motion.

47. The Bankruptcy Court shall retain jurisdiction with respect to all matters and disputes, if any, arising from or related to the implementation, interpretation, and enforcement of this Order, subject to the entry, and terms, of the Final Approval Order by a U.S. District Court.

48. No later than four (4) Business Days after the date of entry of this Order, the Debtor shall cause to be served on the necessary and required notice parties a copy of this Order and shall file a certificate of service not later than four (4) Business Days after such service.

Dated: ________________, 2026
Providence, Rhode Island

______________________________
The Honorable John A. Dorsey, Jr.
United States Bankruptcy Judge

# EXHIBIT B

## REVISED PROPOSED PRELIMINARY APPROVAL ORDER

## [REDLINE COMPARISON]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CENTRAL FALLS DETENTION FACILITY CORPORATION, d/b/a Donald W. Wyatt Detention Facility | ) | Case No. 26-10628 |
| Debtor.[1] | ) | |

**ORDER GRANTING (I) PRELIMINARY APPROVAL OF DATA SECURITY INCIDENT SETTLEMENT; (II) CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY; (III) APPOINTMENT OF SETTLEMENT CLASS COUNSEL; (IV) AUTHORIZATION FOR SETTLEMENT CLASS COUNSEL TO FILE A CLASS PROOF OF CLAIM; (V) APPROVAL OF THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS REGARDING CLASS CERTIFICATION AND SETTLEMENT TERMS; (VI) ESTABLISHMENT OF THE DATE AND TIME FOR A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE CLASS SETTLEMENT; AND (VII) RELATED RELIEF**

Upon the motion (the "Motion"[2]) of the Debtor, for entry of an order (this "Order" or the "Preliminary Approval Order") (a) preliminarily approving the settlement (generally, the "Settlement") contemplated in the Settlement Agreement attached to the Motion, between the Debtor and the DSI Class Representative, on behalf of the DSI Settlement Class (together with the Debtor, the "Parties", each a "Party"); (b) certifying the DSI Settlement Class for settlement purposes only, appointing the DSI Settlement Class Representative, and authorizing the Service Award; (c) appointing Settlement Class Counsel; (d) authorizing Settlement Class Counsel to file the DSI Class Proof of Claim with the Claims and Notice Agent for this Chapter 11 Case; (e) approving and authorizing the Notice Plan, detailed below, and form and manner of notices to

[1] The last four digits of the Debtor's federal employer identification number are 5439. The address of the Debtor is 950 High Street, Central Falls, RI 02863.

[2] Unless stated otherwise, capitalized terms used but not defined in this Order, shall have the meaning ascribed to them in the Motion.

members of the DSI Settlement Class (collectively, the "Class Notices"), attached hereto at **Exhibit A**; (f) approving the Settlement Claim Form, attached hereto at **Exhibit B**; (g) approving the form and manner by which DSI Settlement Class members may opt-out and exclude themselves from the Settlement; (h) scheduling the Final Approval Hearing to consider final approval of the Settlement and Settlement Agreement; and (i) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction ~~over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter an order consistent with Article III of the United States Constitution~~to issue an Order granting relief on a preliminary basis; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor and the Debtor's estate, its creditors, the DSI Settlement Class, and other parties-in-interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were proper and sufficient and no other or further notice being necessary; and the Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at ~~a~~ the September 24, 2026 hearing (the "Hearing") before the Court; and the Court having determined that the legal and factual bases set forth in the Motion, declarations of Daniel Polsky and Cameron Azari, and at the hearing establish just cause for the relief granted in this Order; and upon all of the proceedings before the Court; and after due deliberation and sufficient cause, the Court ORDERS THAT[3]:

1. The Motion is GRANTED, as set forth in this Order.

[3] Where appropriate, findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact. *See* Fed. R. Bankr. P. 7052.

2. Pursuant to 11 U.S.C. §§ 105(a), 363(b), 502, Rules 7023, 9014, and 9019 of the Bankruptcy Rules, Rule 23 of the Civil Rules, as incorporated herein, the Local Rules, and all applicable law, the Settlement and Settlement Agreement, each, are authorized and preliminarily approved, as set forth in this Order.

3. The Settlement Agreement was negotiated by the Parties, and their respective representatives, in good faith and is preliminary approved, subject to the Final Approval Hearing and entry of a Final Approval Order by a U.S. District Court.

**A. Bankruptcy Rule 9019 Has Been Satisfied**

4. The Settlement and Settlement Agreement meet and satisfy the standards of Bankruptcy Rule 9019 for approval of a settlement and compromise as to the DSI Class Action and related claims and disputes. The Court accepts the reasoning stated in the Motion concerning Bankruptcy Rule 9019. The Settlement and Settlement Agreement satisfy the factors espoused by the U.S. Supreme Court, as applied by courts within this Circuit. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995); *In re GHR Cos.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1985); *In re Anolik*, 107 B.R. 426, 429 (D. Mass. 1989).

5. The facts stated in the Polsky Settlement Declaration further support entry of this Preliminary Approval Order, which facts also support the requisite standards under Bankruptcy Rule 9019 for approval of a settlement and compromise.

6. The Parties' respective probability of success in the litigation warrants approval of the Settlement and Settlement Agreement. The collectability of a judgment, if one were entered in favor of the DSI Class Representative as plaintiff, warrants approval of the Settlement and Settlement Agreement. The complexity, expense, inconvenience, and delay of prolonged litigation

and discovery warrant approval of the Settlement and Settlement Agreement. Approval of the Settlement and Settlement Agreement benefits the Debtor's creditors, all of the Debtor's stakeholders, and the Debtor itself.

**B. Civil Rule 23, Through Bankruptcy Rule 7023, Has Been Satisfied**

7. The Court finds and concludes that the Debtor's Motion, as well as its Exhibits and supporting facts asserted in the Declarations, establish that the Settlement and Settlement Agreement and these procedures satisfy all requirements for preliminary approval under Rule 23.

i. Civil Rule 23(a)(1)-(4) Is Satisfied On A Preliminary Basis

8. The Court finds and concludes, on a preliminary basis, that: the DSI Settlement Class is "so numerous that joinder of all members is impracticable; there are questions of law [and] fact common to the [DSI Settlement Class]; the claims [and] defenses of the [DSI Class Representative] are typical of the claims [and] defenses of the [DSI Settlement Class]; and the [DSI Class Representative] will fairly and adequately protect the interests of the [DSI Settlement Class.]" Fed. R. Civ. P. 23(a)(1)-(4).

ii. Civil Rule 23(b)(3) Is Satisfied On A Preliminary Basis

9. The Court, on a preliminary basis and based on the relevant factors set forth in Rule 23(b)(3)(A), (B), and (C), "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

10. The DSI Settlement Class satisfies Rule 23(b)(3) for settlement purposes, that the questions and issues of law and fact common to members of the DSI Settlement Class predominate over any questions or issues that may affect only individual members, and that a class action is

superior to other available, if any, methods for fairly and efficiently adjudicating the controversies and claims raised by the DSI Class Representative and the DSI Settlement Class members.

iii. The DSI Settlement Class Is Certified For Settlement Purposes

11. The Court preliminarily certifies, for settlement purposes only pursuant to Rule 23, incorporated and applicable herein through Rule 7023 of the Bankruptcy Rules, the DSI Settlement Class, consistent with the Settlement Agreement, is defined as follows: all individuals in the United States whose private information was maintained on the Debtor's computer systems and who were identified by the Debtor as having certain of that private information taken from the Debtor during the DSI.

12. The DSI Settlement Class expressly ***excludes***: (a) the Debtor's directors; (b) all eligible DSI Settlement Class Members who timely and validly request to opt-out from the DSI Settlement Class; (c) the presiding Judge of this Bankruptcy Court, the presiding Judge of the U.S. District Court that issues a Final Approval Order and that evaluates the fairness of the Settlement on a final basis, and the presiding Judge of the DSI Class Action before the U.S. District Court for the District of Rhode Island, and the respective staff and employees for each of the foregoing Bankruptcy Court and U.S. District Court; and (d) potential DSI Settlement Class members, if any, that, prior to July 10, 2026 have provided to the Debtor an express release of claims arising from the DSI.

13. Under Rule 23(e)(1)(B)(ii), the Court finds and concludes on a preliminary basis that the DSI Settlement Class may be certified for purposes of judgment on the Settlement and Settlement Agreement. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). The Debtor's Motion establishes that class certification is appropriate because the four factors under Rule 23(a)—numerosity, commonality, typicality, and adequacy—and that the two factors under Rule 23(b)—predominance

and superiority—are satisfied. *See* Fed. R. Civ. P. 23(a)(1)-(4), Fed. R. Civ. P. 23(b)(3).

iv. The Notice Plan Is Approved And Meets Civil Rule 23(c)(2)(B) and 23(e)(1)

14. Based on the certificate of service filed on behalf of Epiq, the Debtor has served, or caused to be served, on all necessary CAFA Notice Parties, the CAFA Documents, or notice thereof, within ten (10) days of the Debtor's filing of the Motion.

15. The Court GRANTS the proposed Notice Plan, which is APPROVED and AUTHORIZED, as detailed below. For settlement purposes, and, as to the proposed DSI Settlement Class, the Notice Plan is "the best notice that is practicable under the circumstances . . . ." Fed. R. Civ. P. 23(c)(2)(B). The elements of the Notice Plan satisfy each of the elements of Rule 23(c)(2)(B)(i)-(vii), including the following sources of notice, information, and related forms, all of which are approved:

- Settlement Website: Within 30 Days after entry of ~~the~~ this Preliminary Approval Order, the Settlement Administrator shall establish a web-site (the "Settlement Website") with detailed information concerning the terms of the proposed Settlement, posting the approved Long Form Class Notice, in the form attached hereto, relevant deadlines and requirements necessary to either file a Settlement claim, including enrollment in credit-monitoring, or to opt-out of the Settlement, relevant telephone numbers, including English and Spanish language options, that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff, and the ability to access, view, and download with no charge copies of all documents filed with the Court, including filings concerning the Settlement, the Settlement Website will also have an online claim portal for the submission and filing of claims;

- Post-Card Notice: Within 30 Days after entry of ~~the~~ this Preliminary Approval Order, the members of the DSI Settlement Class will be sent, via U.S. Mail, a post-card notice in the form attached hereto, which will include critical information concerning the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement claim or to opt out of the Settlement, a QR code that will direct the recipient to the Settlement Website, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff. The Post-Card Notice also includes a "tear-off" claim;

- Social Media Notice: Through social media and other Internet methods of notice, including through *Google Display Network*, *Facebook*, and *Instagram*, as well as

with *ProvidenceJournal.com* and *NewportRI.com*, the Settlement Administrator will publicize the Settlement Website, and additional information and links regarding the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement Claim or to opt out of the Settlement, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff; and

- Publication Notice: Within 75 Days after entry of ~~the~~ this Preliminary Approval Order, notice of and information regarding the Settlement Website, the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement Claim or to opt-out of the Settlement, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff shall also be publicized with (i) *Prison Legal News*; and (ii) the *Providence Journal*, in the form of the Publication Notice attached hereto, in both print and online formats. Additionally, the Debtor, or Epiq, shall issue an informational, press release concerning the Settlement for regional issuance via *PR Newswire's Rhode Island Newsline* in the form of the Informational Release, in the form attached hereto.

16. The Settlement Website, the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice, together, satisfy Rule 23(c)(2)(B). The form and content of each of the relevant notices— the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice—are each expressly approved pursuant to Rule 23(c)(2)(B).

17. Pursuant to Rule 23(e)(1)(A) and based on the information to be included with the Notice Plan and the Settlement Website, the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice, the Parties have provided to the Court "information sufficient to enable [the Court] to determine whether to give notice of the [proposed Settlement] to the [DSI Settlement Class]." Fed. R. Civ. P. 23(e)(1)(A).

18. Pursuant to Rule 23(e)(1)(B), the Court finds grounds sufficient for the Debtor, and its agents and representatives, to commence the Notice Plan, which constitutes "notice in a reasonable manner to all class members who would be bound by the [proposed Settlement because] notice is justified by the parties' showing that the Court will likely be able to: (i) approve the [proposed Settlement] under Rule 23(e)(2); and (ii) certify the [DSI Settlement Class] for purposes

of judgment on the [proposed Settlement].” Fed. R. Civ. P. 23(e)(1)(B).

19. The following schedule and deadlines, relating to the approval process of the Settlement and the Settlement Agreement is APPROVED, *provided that* the schedule and deadlines may be modified as may be mutually agreed between the Debtor and the DSI Class Representative, or their respective counsel and representatives without further order of the Court, *provided further that* any such modification(s) to the schedule and deadlines do not shorten or abbreviate the time periods with respect to: (a) the Notice Period; (b) the Objection and Opt-Out Deadline; and (c) the Deadline for submission of settlement claims:

| DEADLINE | EVENT / ACTION |
|---|---|
| General Bar Date (October 16, 2026) | Proposed Settlement Class Counsel shall file the Settlement Class Proof of Claim |
| No Later Than 25 days after entry of Preliminary Approval Order | Debtor shall provide to the Settlement Administrator all available information regarding the DSI Settlement Class members necessary to effectuate the Notice Plan |
| No Later Than 30 days after entry of Preliminary Approval Order | Launch of Settlement Website |
| No Later Than 75 days after entry of Preliminary Approval Order | Substantial completion of the Notice Plan, including mailing of Post-Card Notices, issuance of Publication Notice, issuance of Informational Release, and notice of Final Approval Hearing |
| ● ●, 2026<br><br>[Proposed: 35 days before Final Approval Hearing] | Settlement Class Counsel to file with the Bankruptcy Court a fee application for award of fees, expenses, costs, and for Service Award for DSI Class Representative |
| ● ●, 2026<br><br>[Proposed: 21 days before Final Approval Hearing] | Deadline for DSI Settlement Class members to file with the Bankruptcy Court objections to final Settlement approval and to submit Opt-Out Letters |
| ● ●, 2026<br><br>[Proposed: 7 days before | Debtor and Settlement Class Counsel to file with the Bankruptcy Court all necessary documents in support of entry of the Final Approval Order |

| DEADLINE | EVENT / ACTION |
|---|---|
| Final Approval Hearing] | |
| ● ●, 2026 | Final Approval Hearing before the Bankruptcy Court |

20. Under Rule 23(e)(2), the Court finds and concludes, on a preliminary basis, that the DSI Class Representative and Settlement Class Counsel have adequately represented the DSI Settlement Class, the Settlement Agreement was negotiated at arm's length, the relief provided by the Settlement Agreement and the Settlement is adequate.

21. The Settlement Agreement and the Settlement treat the members of the DSI Settlement Class equitably relative to each other. The Court has preliminarily determined that the Settlement is fair, reasonable, and adequate based on the merits of the claims raised and asserted by the DSI Class Representative, as plaintiff, weighted against the terms of the Settlement, the Debtor's financial condition, the lack of available insurance coverage for the claims alleged by the DSI Class Representative, the complexity, expense, and uncertainty of further litigation, and any opposition to the Settlement at this stage. *See* Fed. R. Civ. P. 23(e)(2)(C)(i)-(iv), (D).

22. The form and manner of the Settlement Claim Form, in the form attached hereto, and the method of distribution of benefits to members of the DSI Settlement Class, including, without limitation, the method and manner of processing class-member claims, as set forth in the Motion, is APPROVED.

23. Jacob Hellested, as the proposed class representative, is hereby appointed as the DSI Class Representative. To date, the DSI Class representative has advocated for the interests of all potential DIS Settlement Class members, and his own interests are aligned with interests of all potential DSI Settlement Class members. The DSI Class Representative does not have or hold any interests that would contravene those of other DSI Settlement Class members, including to seek

shared remuneration as provided by the Settlement. The DSI Class Representative has been informed of, and understands, his duties and obligations to represent the DSI Settlement Class and to participate actively in these proceedings. The DSI Class Representative reviewed and approved pleadings and filings with the District Court, had ongoing communications with the Settlement Class Counsel, has reviewed and approved filings with this Court, and will continue to do so through final approval and the implementation of the Settlement.

24. On a preliminary basis, the Service Award, of $2,000.00, to be paid and distributed to the DSI Class Representative is APPROVED. The Service Award is justified, reasonable, and adequate based on the services and efforts and the time and expense incurred by the DSI Class Representative, subject to entry of the Final Approval Order by a U.S. District Court.

The Settlement Treats Class Members Equitably Under Rule 23(e)(2)(D)

25. The Court finds and concludes, on a preliminary basis, the Settlement and Settlement Agreement treat DSI Settlement class members equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2)(D). All potential DSI Settlement Class members are treated the same, with the sole exception being the Service Award to which the DSI Class Representative would be entitled. Each member of the DSI Settlement Class with an allowed claim shall receive monetary remuneration based on that member's own, unique documented ordinary losses and reimbursement for losses fairly traceable to the DSI. The Settlement is reasonably tailored to provide relief based on both an individual's unique circumstances—*i.e.*, documented losses and time spent—and general relief for all members through credit monitoring services.

Proposed Settlement Class Counsel Is Appointed Pursuant To Rule 23(g)

26. The Court appoints the law firms of (a) the Law Offices of Peter N. Wasylk, and (b) Mason & Perry LLP, together, as Settlement Class Counsel. Settlement Class Counsel is

adequate under Rule 23(g)(1) and 23(g)(4). In appointing Settlement Class Counsel, the Court has considered (i) the work that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have done in identifying and investigating potential claims concerning the DSI and the DSI Class Action; (ii) the experience that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have with handling class action litigation and the nature of the claims asserted in the DSI Class Action; (iii) the knowledge that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have concerning the applicable law, including data and cyber security law and class action litigation; and (iv) the resources that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP will commit to representing the DSI Settlement Class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

27. Accordingly, the Court finds and concludes that Settlement Class Counsel fairly and adequately represent the interests of the DSI Settlement Class.

28. Settlement Class Counsel is authorized to file a DSI Class Proof of Claim with the Claims and Notice Agent on, or before, the General Bar Date, to be allowed in the amount of $190,000.00, with an aggregate recovery in an amount not to exceed $190,000.00. The DSI Class Proof of Claim shall be filed in form substantially similar to Official Form B410 for bankruptcy court proofs of claim.

29. Those DSI Settlement Class Members who only hold claims based on, and arising exclusively from, the DSI are not required to file general bankruptcy proofs of claim against the Debtor's bankruptcy estate. The Debtor is not required to send to individual members of the DSI Settlement Class who only hold claims based on, and arising exclusively from, the DSI notice of the General Bar Date in the Chapter 11 Case. As to those individual members of the DSI Settlement Class who are known to hold potential claims against the Debtor arising from matters distinct and separate from the DSI, the Debtor shall provide to such potential claimants and class

members notice of the General Bar Date.

30. DSI Settlement Class members that (i) have no claims against the Debtor ***unrelated*** to the DSI, and (ii) do not opt-out and do not request exclusion from the Settlement shall not be required to file an individualized bankruptcy proof of claim, ***provided that*** no other party-in-interest objects to the allowance of the DSI Class Proof of Claim, to the extent that any other party has standing to object to such allowance, and the DSI Class Proof of Claim is finally allowed upon entry of the Final Approval Order. All rights, claims, remedies, and defenses of the Debtor are expressly preserved as to any and all proofs of claim, opt-outs, settlement claims, and any other demands, assertions, claims, and/or causes of action that may be asserted by, or on behalf of, any person, regulatory entity, governmental entity, or any other entity, authority, or person whatsoever concerning the DSI, including, without limitation, the Debtor's right to object to any such proofs of claim, opt-outs, settlement claims, and any other demands, assertions, claims, and/or causes of action.

**C. The Opt-Out Process And Objection Procedures Are Approved**

31. The proposed Opt-Out Process, including, without limitation, the nature and form of the Opt-Out Letter and the Opt-Out Deadline are APPROVED.

32. For an eligible and potential DSI Settlement Class member to request exclusion and opt out of the Settlement, that individual will be required to send to the Settlement Administrator ~~a letter,~~ via U.S. Mail an Opt-Out Letter, that includes (i) the class member's name, address, and telephone number; (ii) a personal signature; (iii) the name and caption of the Chapter 11 Case; and (iv) a clear written statement that the individual desires to be excluded from the DSI Settlement Class, such as "I hereby request to be excluded from the Data Incident Settlement Class for *In re Central Falls Detention Facility Corporation*."

33. Opt-Out Letters, to be effective, must also be received, or post-marked, by the Settlement Administrator no later than twenty-one (21) days prior to the Final Approval Hearing (the "Opt-Out Deadline"). The Settlement Administrator shall verify that each individual who submits an Opt-Out Letter is an eligible DSI Settlement Class member.

34. The Court finds and concludes that the Notice Plan will advise all DSI Settlement Class members of their right (a) to opt out of the Settlement, (b) to file with the Bankruptcy Court an objection to the Settlement, (c) to file with the Bankruptcy Court an objection concerning the fees, costs, and expenses of proposed Settlement Class Counsel and the Service Award for the DSI Class Representative, and (d) all relevant and related deadlines. The opt out and objection instructions are in plain language and clearly prompt those who wish to opt out or object to provide the specific information each action requires. The Long Form Class Notice, to be posted to the Settlement Website, clearly informs DSI Settlement Class members of the Opt-Out Deadline, how to opt out, the consequences of opting out, and requires that they supply only the information needed to opt out of the Settlement. Similarly, the Long Form Class Notice informs DSI Settlement Class members about how to send their written objections to the Bankruptcy Court or file in person with the Bankruptcy Court (or if represented by counsel to have counsel file a written objection), tells them that ~~the~~ each of the Bankruptcy Court and a U.S. District Court can only approve or deny the Settlement and cannot change its terms, and clearly states the Objection Deadline.

35. The Bankruptcy Court shall~~, if any formal objections are timely served and filed with the Court,~~ convene ~~a hearing~~the Final Approval Hearing for final consideration and approval of the Settlement Agreement, the award of Settlement Class Counsel's fees, costs, and expenses, and approval of the Service Award, and after such Final Approval Hearing—if there are any objections and any such objections are overruled, resolved, or otherwise withdrawn—the

Bankruptcy Court may issue proposed findings of fact and conclusions of law concerning the final authorization and approval of the relief requested in the Motion for review by the U.S. District Court for the District of Rhode Island consistent with the Federal Rules of Bankruptcy Procedure and, thereafter, the U.S. District Court for the District of Rhode Island may enter a final Order concerning the authorization and approval of the relief requested in the Motion.

**D. Epiq Is Appointed As Settlement Administrator**

36. The Court appoints Epiq as Settlement Administrator and finds and concludes that Epiq is qualified and has considerable experience with providing claims and notice services in both bankruptcy and class action proceedings. Epiq, as Settlement Administrator, is expressly authorized to take all actions necessary consistent with, and in furtherance of, this Order, including, without limitation, as to the Notice Plan and its components.

37. For its services related to the Settlement, Notice Plan, and consistent with the Settlement Agreement, Epiq shall charge its standard rates for all services and standard reimbursement rates for costs and expenses, which are commensurate with its rates utilized for other services on behalf of the Debtor. These services include, without limitation, (i) fulfillment of the Notice Plan, and all related mailings and postage costs; (ii) establishing and maintaining the Settlement Website and call center; (iii) claims processing, reconciliation, and review; and (iv) opening, establishing, maintaining, and making distributions and payments on allowed settlement claims from a qualified settlement fund account, which shall be an interest-bearing account and qualifies settlement as defined by Treasury § 1.46B-1, *et seq.*

38. Epiq, as the Settlement Administrator, shall have the authority to open, maintain, and make distributions and payments on claims from a qualified settlement fund account, which shall be an interest-bearing account and qualified settlement as defined by Treasury § 1.46B-1, *et*

*seq.* To the extent that any prior Order may have restricted Epiq's authority to open, establish, and maintain a bank account, such prior Order is abrogated so that Epiq may take all actions necessary in furtherance of the Settlement Agreement, including as to the Settlement Fund and associated bank accounts.

**E. Final Approval Hearing**

39. The Final Approval Hearing is set for December ●, 2026 at ●, which shall be convened before the Bankruptcy Court.

**F. Related And Miscellaneous Relief**

40. No creditor, other than the members of the DSI Settlement Class that timely file Settlement Claims that are allowed and valid, shall gain any rights by reason of the Settlement Agreement. The Settlement Agreement shall not be used, introduced, or otherwise deemed to be admissible in any manner or fashion in any action or proceeding by any creditors of the Debtor or its insiders.

41. All of the Debtor's rights, claims, remedies, and defenses to any Claim that is not the subject of the Settlement Agreement are expressly reserved and preserved. All of the Debtor's rights, claims, remedies, and defenses to any individual, or entity, that submits an Opt-Out Letter are expressly reserved and preserved.

42. The Settlement Agreement, and any related agreements, documents, or other instruments, may be modified, amended, or supplemented upon mutual agreement of the Parties without further order of the Court, provided that such modification, amendment, or supplement is not material and does not contravene the express terms of this Order.

43. The failure to mention or expressly reference any provision or term of the Settlement or the Settlement Agreement in this Order shall not impair the efficacy of the Settlement

or the Settlement Agreement, it being the intent and effect of this Order that the Settlement, the Settlement Agreement, and the compromises and agreements contained therein are preliminarily approved in all respects and all relief contemplated by the Settlement and the Settlement Agreement is hereby GRANTED on a preliminary basis; *provided that*, for the avoidance of doubt, the releases contained in the Settlement Agreement are subject to entry of the Final Approval Order by a U.S. District Court and upon entry of the Final Approval Order by a U.S. District Court, such releases shall be deemed effective as of the Plan Effective Date.

44. Notwithstanding the relief authorized and preliminarily approved by this Preliminary Approval Order and any actions taken in furtherance of such relief and preliminary approval, nothing in this Order shall be deemed to be: (a) an admission to the amount of, bases for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law or regulation; (b) a waiver of the Debtor's, or any other party-in-interest's, right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim unless expressly required by this Order; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion, this Order, or any other order granting the relief requested by the Motion that any particular claim is an administrative expense priority claim or other priority claim; (e) a request or authorization to assume, assign, adopt, or reject any agreement, contract, or lease pursuant to 11 U.S.C. § 365; (f) any admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor or the Debtor's estate; (g) a waiver or limitation of the Debtor's, or any other party-in-interest's, rights under the Bankruptcy Code or any other applicable law or regulation; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion or authorized by this Order are valid, and the rights

of all parties-in-interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

45. Notice of the Motion, as provided and certified therein, including, without limitation, the certificates of service filed with the Court on ● ●September 4, 2026 (ECF No. 174) and September ●, 2026 (ECF No. ●), is deemed proper, good, and sufficient notice of the Motion, and, as to notice, the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and CAFA have been satisfied.

46. The Debtor, and its representatives, are authorized to take all actions necessary to effectuate the relief authorized and granted by this Order in accordance with the Motion.

47. The Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters and disputes, if any, arising from or related to the implementation, interpretation, and enforcement of this Order, subject to the entry, and terms, of the Final Approval Order by a U.S. District Court.

48. No later than four (4) Business Days after the date of entry of this Order, the Debtor shall cause to be served on the necessary and required notice parties a copy of this Order and shall file a certificate of service not later than four (4) Business Days after such service.

Dated: __________________, 2026
Providence, Rhode Island

______________________________
The Honorable John A. Dorsey, Jr.
United States Bankruptcy Judge