**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re:<br><br>CENTRAL FALLS DETENTION FACILITY CORPORATION,<br>d/b/a Donald W. Wyatt Detention Facility<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-10628 |

**ORDER GRANTING (I) PRELIMINARY APPROVAL OF DATA SECURITY INCIDENT SETTLEMENT; (II) CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY; (III) APPOINTMENT OF SETTLEMENT CLASS COUNSEL; (IV) AUTHORIZATION FOR SETTLEMENT CLASS COUNSEL TO FILE A CLASS PROOF OF CLAIM; (V) APPROVAL OF THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS REGARDING CLASS CERTIFICATION AND SETTLEMENT TERMS; (VI) ESTABLISHMENT OF THE DATE AND TIME FOR A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE CLASS SETTLEMENT; AND (VII) RELATED RELIEF**

Upon the motion (the "Motion"[2]) of the Debtor, for entry of an order (this "Order" or the "Preliminary Approval Order") (a) preliminarily approving the settlement (generally, the "Settlement") contemplated in the Settlement Agreement attached to the Motion, between the Debtor and the DSI Class Representative, on behalf of the DSI Settlement Class (together with the Debtor, the "Parties", each a "Party"); (b) certifying the DSI Settlement Class for settlement purposes only, appointing the DSI Settlement Class Representative, and authorizing the Service Award; (c) appointing Settlement Class Counsel; (d) authorizing Settlement Class Counsel to file the DSI Class Proof of Claim with the Claims and Notice Agent for this Chapter 11 Case; (e) approving and authorizing the Notice Plan, detailed below, and form and manner of notices to

[1] The last four digits of the Debtor's federal employer identification number are 5439. The address of the Debtor is 950 High Street, Central Falls, RI 02863.

[2] Unless stated otherwise, capitalized terms used but not defined in this Order, shall have the meaning ascribed to them in the Motion.

members of the DSI Settlement Class (collectively, the "Class Notices"), attached hereto at **Exhibit A**; (f) approving the Settlement Claim Form, attached hereto at **Exhibit B**; (g) approving the form and manner by which DSI Settlement Class members may opt-out and exclude themselves from the Settlement; (h) scheduling the Final Approval Hearing to consider final approval of the Settlement and Settlement Agreement; and (i) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor and the Debtor's estate, its creditors, the DSI Settlement Class, and other parties-in-interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were proper and sufficient and no other or further notice being necessary, including based on the certificate of service filed with the Court on September 4, 2026 (ECF No. 174); and the Court having reviewed the Motion and having heard the statements and testimony in support of the relief requested in the Motion at the September 24, 2026 hearing and the October 1, 2026 status conference before the Court (together, the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, as well as the declarations of Daniel Polsky, Cameron Azari, and Kyle Bingham of Epiq regarding CAFA Notice, filed September 22, 2026 (ECF No. 192, the "Bingham-CAFA Declaration"; collectively, the "Declarations") admitted into evidence and accepted into the Court's record at the Hearing, establish just cause for the relief granted in this Order; and upon all of the proceedings before the Court; and after due deliberation

and sufficient cause, the Court ORDERS THAT[3]:

1. The Motion is GRANTED, as set forth in this Order.

2. Pursuant to 11 U.S.C. §§ 105(a), 363(b), 502, Rules 7023, 9014, and 9019 of the Bankruptcy Rules, Rule 23 of the Civil Rules, as incorporated herein, the Local Rules, and all applicable law, the Settlement and Settlement Agreement, each, are authorized and preliminarily approved, as set forth in this Order. Based on the record established at the Hearing, the Court finds and concludes in its discretion that Rule 23 of the Civil Rules may be expressly incorporated and relied upon in this contested matter, including pursuant to Rule 7023 and 9014 of the Bankruptcy Rules.

3. The Settlement Agreement was negotiated by the Parties, and their respective representatives, in good faith and is preliminary approved, subject to the Final Approval Hearing and entry of a Final Approval Order.

**A. Bankruptcy Rule 9019 Has Been Satisfied**

4. The Settlement and Settlement Agreement meet and satisfy the standards of Bankruptcy Rule 9019 for approval of a settlement and compromise as to the DSI Class Action and related claims and disputes. The Court accepts the reasoning stated in the Motion concerning Bankruptcy Rule 9019. The Settlement and Settlement Agreement satisfy the factors espoused by the U.S. Supreme Court, as applied by courts within this Circuit. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995); *In re GHR Cos.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1985); *In re Anolik*, 107 B.R. 426, 429 (D. Mass. 1989).

[3] Where appropriate, findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact. *See* Fed. R. Bankr. P. 7052.

5. The facts stated in the Polsky Settlement Declaration further support entry of this Preliminary Approval Order, which facts also support the requisite standards under Bankruptcy Rule 9019 for approval of a settlement and compromise.

6. The Parties' respective probability of success in the litigation warrants approval of the Settlement and Settlement Agreement. The collectability of a judgment, if one were entered in favor of the DSI Class Representative as plaintiff, warrants approval of the Settlement and Settlement Agreement. The complexity, expense, inconvenience, and delay of prolonged litigation and discovery warrant approval of the Settlement and Settlement Agreement. Approval of the Settlement and Settlement Agreement benefits the Debtor's creditors, all of the Debtor's stakeholders, and the Debtor itself.

**B. Civil Rule 23, Through Bankruptcy Rules 9014 & 7023, Has Been Satisfied**

7. The Court finds and concludes that the Debtor's Motion, as well as its Exhibits and supporting facts asserted in the Declarations, establish that the Settlement and Settlement Agreement and these procedures satisfy all requirements for preliminary approval under Rule 23.

i. Civil Rule 23(a)(1)-(4) Is Satisfied On A Preliminary Basis

8. The Court finds and concludes, on a preliminary basis, that: the DSI Settlement Class is "so numerous that joinder of all members is impracticable; there are questions of law [and] fact common to the [DSI Settlement Class]; the claims [and] defenses of the [DSI Class Representative] are typical of the claims [and] defenses of the [DSI Settlement Class]; and the [DSI Class Representative] will fairly and adequately protect the interests of the [DSI Settlement Class.]" Fed. R. Civ. P. 23(a)(1)-(4).

ii. Civil Rule 23(b)(3) Is Satisfied On A Preliminary Basis

9. The Court, on a preliminary basis and based on the relevant factors set forth in Rule

23(b)(3)(A), (B), and (C), "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

10. The DSI Settlement Class satisfies Rule 23(b)(3) for settlement purposes, that the questions and issues of law and fact common to members of the DSI Settlement Class predominate over any questions or issues that may affect only individual members, and that a class action is superior to other available, if any, methods for fairly and efficiently adjudicating the controversies and claims raised by the DSI Class Representative and the DSI Settlement Class members.

iii. <u>The DSI Settlement Class Is Certified For Settlement Purposes</u>

11. The Court preliminarily certifies, for settlement purposes only pursuant to Rule 23, incorporated and applicable herein through Rules 9014 and 7023 of the Bankruptcy Rules, the DSI Settlement Class, consistent with the Settlement Agreement, is defined as follows: all individuals in the United States whose private information was maintained on the Debtor's computer systems and who were identified by the Debtor as having certain of that private information taken from the Debtor during the DSI.

12. The DSI Settlement Class expressly ***excludes***: (a) the Debtor's directors; (b) all eligible DSI Settlement Class Members who timely and validly request to opt-out from the DSI Settlement Class; (c) the presiding Judge of this Bankruptcy Court that evaluates the fairness of the Settlement and the presiding Judge of the DSI Class Action before the U.S. District Court for the District of Rhode Island, and the respective staff and employees for each of the foregoing Bankruptcy Court and U.S. District Court; and (d) potential DSI Settlement Class members, if any, that, prior to July 10, 2026 have provided to the Debtor an express release of claims arising from

the DSI.

13. Under Rule 23(e)(1)(B)(ii), the Court finds and concludes, on a preliminary basis, that the DSI Settlement Class may be certified for purposes of judgment on the Settlement and Settlement Agreement. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). The Debtor's Motion establishes that class certification is appropriate because the four factors under Rule 23(a)—numerosity, commonality, typicality, and adequacy—and that the two factors under Rule 23(b)—predominance and superiority—are satisfied. *See* Fed. R. Civ. P. 23(a)(1)-(4), Fed. R. Civ. P. 23(b)(3).

iv. The Notice Plan Is Approved And Meets Civil Rule 23(c)(2)(B) and 23(e)(1)

14. Based on the certificate of service filed on behalf of Epiq and the Bingham-CAFA Declaration, the Debtor has served, or caused to be served, on all necessary CAFA Notice Parties, the CAFA Documents, or notice thereof, within ten (10) days of the Debtor's filing of the Motion.

15. The Court GRANTS the proposed Notice Plan, which is APPROVED and AUTHORIZED, as detailed below. For settlement purposes, and, as to the proposed DSI Settlement Class, the Notice Plan is "the best notice that is practicable under the circumstances . . . ." Fed. R. Civ. P. 23(c)(2)(B). The elements of the Notice Plan satisfy each of the elements of Rule 23(c)(2)(B)(i)-(vii), including the following sources of notice, information, and related forms, all of which are approved:

- Settlement Website: Within 15 Days after entry of this Preliminary Approval Order, the Settlement Administrator shall establish a web-site (the "Settlement Website") with detailed information concerning the terms of the proposed Settlement, posting the approved Long Form Class Notice, in the form attached hereto, relevant deadlines and requirements necessary to either file a Settlement claim, including enrollment in credit-monitoring, or to opt-out of the Settlement, relevant telephone numbers, including English and Spanish language options, that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff, and the ability to access, view, and download with no charge copies of all documents filed with the Court, including filings concerning the Settlement, the Settlement Website will also have an online claim portal for the submission and filing of claims;

- Post-Card Notice: Within 15 Days after entry of this Preliminary Approval Order, the members of the DSI Settlement Class will be sent, via U.S. Mail, a post-card notice in the form attached hereto, which will include critical information concerning the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement claim or to opt out of the Settlement, a QR code that will direct the recipient to the Settlement Website, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff. The Post-Card Notice also includes a "tear-off" claim;

- Social Media Notice: Through social media and other Internet methods of notice, including through *Google Display Network*, *Facebook*, and *Instagram*, as well as with *ProvidenceJournal.com* and *NewportRI.com*, the Settlement Administrator will publicize the Settlement Website, and additional information and links regarding the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement Claim or to opt out of the Settlement, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff; and

- Publication Notice: Within 60 Days after entry of this Preliminary Approval Order, notice of and information regarding the Settlement Website, the terms of the proposed Settlement, relevant deadlines and requirements necessary to either file a Settlement Claim or to opt-out of the Settlement, and relevant telephone numbers that will provide automated information and the ability to speak live with a member of the Settlement Administrator's staff shall also be publicized with (i) *Prison Legal News*; (ii) *The Boston Globe,* and (iii) the *Providence Journal*, in the form of the Publication Notice attached hereto, in both print and online formats. Additionally, the Debtor, or Epiq, shall issue an informational, press release concerning the Settlement for regional issuance via *PR Newswire's Rhode Island Newsline* in the form of the Informational Release, in the form attached hereto.

16. The Settlement Website, the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice, together, satisfy Rule 23(c)(2)(B). The form and content of each of the relevant notices—the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice—are each expressly approved pursuant to Rule 23(c)(2)(B).

17. Pursuant to Rule 23(e)(1)(A) and based on the information to be included with the Notice Plan and the Settlement Website, the Long Form Class Notice, the Post-Card Notice, Social Media Notice, and Publication Notice, the Parties have provided to the Court "information sufficient to enable [the Court] to determine whether to give notice of the [proposed Settlement]

to the [DSI Settlement Class].” Fed. R. Civ. P. 23(e)(1)(A).

18. Pursuant to Rule 23(e)(1)(B), the Court finds grounds sufficient for the Debtor, and its agents and representatives, to commence the Notice Plan, which constitutes “notice in a reasonable manner to all class members who would be bound by the [proposed Settlement because] notice is justified by the parties’ showing that the Court will likely be able to: (i) approve the [proposed Settlement] under Rule 23(e)(2); and (ii) certify the [DSI Settlement Class] for purposes of judgment on the [proposed Settlement].” Fed. R. Civ. P. 23(e)(1)(B).

19. The following schedule and deadlines, relating to the approval process of the Settlement and the Settlement Agreement is APPROVED, *provided that* the schedule and deadlines may be modified as may be mutually agreed between the Debtor and the DSI Class Representative, or their respective counsel and representatives without further order of the Court, *provided further that* any such modification(s) to the schedule and deadlines do not shorten or abbreviate the time periods with respect to: (a) the Notice Period; (b) the Objection and Opt-Out Deadline; and (c) the Deadline for submission of Settlement Claims:

| DEADLINE | EVENT / ACTION |
|---|---|
| General Bar Date (October 16, 2026) | Proposed Settlement Class Counsel shall file the Settlement Class Proof of Claim |
| No Later Than 7 days after entry of Preliminary Approval Order | Debtor shall provide to the Settlement Administrator all available information regarding the DSI Settlement Class members necessary to effectuate the Notice Plan |
| No Later Than 15 days after entry of Preliminary Approval Order | Notice Plan Commencement: Launch of Settlement Website, Post Card Notices Mailed, Social Media Notices |
| Dec. 31, 2026 | Substantial completion of the Notice Plan, issuance of Publication Notice, issuance of Informational Release, and notice of Final Approval Hearing and related deadlines |

| DEADLINE | EVENT / ACTION |
| --- | --- |
| Jan. 15, 2027 | Deadline for DSI Settlement Class members to file objections to final Settlement approval and to submit Opt-Out Letters |
| Jan. 18, 2027 | Settlement Class Counsel to file with the Court a fee application for award of fees, expenses, costs, and for Service Award for DSI Class Representative |
| Feb. 5, 2027 | Settlement Claim Filing Deadline |
| Feb. 10, 2027 | Debtor and Settlement Class Counsel to file with Court all necessary documents in support of entry of the Final Approval Order |
| Feb. 17, 2027 | Final Approval Hearing |

20. Under Rule 23(e)(2), the Court finds and concludes, on a preliminary basis, that the DSI Class Representative and Settlement Class Counsel have adequately represented the DSI Settlement Class, the Settlement Agreement was negotiated at arm's length, and the relief provided by the Settlement Agreement and the Settlement is adequate.

21. The Settlement Agreement and the Settlement treat the members of the DSI Settlement Class equitably relative to each other. The Court has preliminarily determined that the Settlement is fair, reasonable, and adequate based on the merits of the claims raised and asserted by the DSI Class Representative, as plaintiff, weighted against the terms of the Settlement, the Debtor's financial condition, the lack of available insurance coverage for the claims alleged by the DSI Class Representative, the complexity, expense, and uncertainty of further litigation, and any opposition to the Settlement at this stage. *See* Fed. R. Civ. P. 23(e)(2)(C)(i)-(iv), (D).

22. The form and manner of the Settlement Claim Form, in the form attached hereto, and the method of distribution of benefits to members of the DSI Settlement Class, including, without limitation, the method and manner of processing class-member claims, as set forth in the Motion, is APPROVED.

23. Jacob Hellested, as the proposed class representative, is hereby appointed as the DSI Class Representative. To date, the DSI Class representative has advocated for the interests of all potential DIS Settlement Class members, and his own interests are aligned with interests of all potential DSI Settlement Class members. The DSI Class Representative does not have or hold any interests that would contravene those of other DSI Settlement Class members, including to seek shared remuneration as provided by the Settlement. The DSI Class Representative has been informed of, and understands, his duties and obligations to represent the DSI Settlement Class and to participate actively in these proceedings. The DSI Class Representative reviewed and approved pleadings and filings with the District Court, had ongoing communications with the Settlement Class Counsel, has reviewed and approved filings with this Court, and will continue to do so through final approval and the implementation of the Settlement.

24. On a preliminary basis, the Service Award, of $2,000.00, to be paid and distributed to the DSI Class Representative is APPROVED. The Service Award is justified, reasonable, and adequate based on the services and efforts and the time and expense incurred by the DSI Class Representative, subject to entry of the Final Approval Order.

v. The Settlement Treats Class Members Equitably Under Rule 23(e)(2)(D)

25. The Court finds and concludes, on a preliminary basis, the Settlement and Settlement Agreement treat DSI Settlement class members equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2)(D). All potential DSI Settlement Class members are treated the same, with the sole exception being the Service Award to which the DSI Class Representative would be entitled. Each member of the DSI Settlement Class with an allowed claim shall receive monetary remuneration based on that member's own, unique documented ordinary losses and reimbursement for losses fairly traceable to the DSI. The Settlement is reasonably tailored to provide relief based

on both an individual's unique circumstances—*i.e.,* documented losses and time spent—and general relief for all members through credit monitoring services.

vi. Proposed Settlement Class Counsel Is Appointed Pursuant To Rule 23(g)

26. The Court appoints the law firms of (a) the Law Offices of Peter N. Wasylk, and (b) Mason & Perry LLP, together, as Settlement Class Counsel. Settlement Class Counsel is adequate under Rule 23(g)(1) and 23(g)(4). In appointing Settlement Class Counsel, the Court has considered (i) the work that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have done in identifying and investigating potential claims concerning the DSI and the DSI Class Action; (ii) the experience that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have with handling class action litigation and the nature of the claims asserted in the DSI Class Action; (iii) the knowledge that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP have concerning the applicable law, including data and cyber security law and class action litigation; and (iv) the resources that the Law Offices of Peter N. Wasylk, and Mason & Perry LLP will commit to representing the DSI Settlement Class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

27. Accordingly, the Court finds and concludes that Settlement Class Counsel fairly and adequately represent the interests of the DSI Settlement Class.

28. Settlement Class Counsel is authorized to file a DSI Class Proof of Claim with the Claims and Notice Agent on, or before, the General Bar Date, to be allowed in the amount of $190,000.00, with an aggregate recovery in an amount not to exceed $190,000.00, subject to the terms of the Debtor's Plan. The DSI Class Proof of Claim shall be filed in form substantially similar to Official Form B410 for bankruptcy court proofs of claim. To the extent of any inconsistency regarding the treatment of the DSI Class Proof of Claim under the terms of this Order or the Settlement Agreement, on the one hand, and the Debtor's Plan, once confirmed and

effective on the other hand, the terms and conditions of the Debtor's confirmed Plan and order confirming the Plan shall control.

29. Those DSI Settlement Class Members who only hold claims based on, and arising exclusively from, the DSI are not required to file general bankruptcy proofs of claim against the Debtor's bankruptcy estate in order to file and submit a Settlement Claim and, if timely received and allowed, receive benefits from the Settlement. Those DSI Settlement Class members that, consistent with this Order, timely and correctly submit requests for exclusion from the Settlement through Opt-Out Letters shall, however, also be required to file a bankruptcy proof of claim in the form of, or substantially similar to, Official Form B410 (an "Opt-Out Proof of Claim") on, or before, the applicable deadline established below (the "Opt-Out Proof of Claim Deadline") to assert a claim solely related to the DSI; provided that all claims against the Debtor unrelated to the DSI shall be subject to the General Bar Date. The proposed components of the Notice Plan shall be modified to reflect the requirements of, and process for, an Opt-Out Proof of Claim and the applicable Opt-Out Proof of Claim Deadline. All parties' respective rights, claims, defenses, and remedies under the Bankruptcy Code, and otherwise applicable law, are preserved as to any Opt-Out Proof of Claim, including, without limitation, the validity, priority, amount, and basis of an Opt-Out Proof of Claim. Any Opt-Out—including any DSI Settlement Class member that submits or files an Opt-Out Proof of Claim—that also submits or files a Settlement Claim shall be, with no further action or order necessary, prohibited from receiving any benefit or recovery on account of that Settlement Claim, and such Settlement Claim shall be disallowed and deemed invalid. Timely and allowed Opt-Out Proofs of Claim shall be treated in accordance with the terms and conditions of Class 5 (Unsecured Litigation Claims) under the Debtor's Plan.

30. DSI Settlement Class members that (i) have no claims against the Debtor ***unrelated***

to the DSI, and (ii) do not opt-out and do not request exclusion from the Settlement shall not be required to file an individualized bankruptcy proof of claim, ***provided that*** no other party-in-interest objects to the allowance of the DSI Class Proof of Claim, to the extent that any other party has standing to object to such allowance, and the DSI Class Proof of Claim is finally allowed upon entry of the Final Approval Order and the approval, confirmation, and effectiveness of the Debtor's Plan. All rights, claims, remedies, and defenses of the Debtor are expressly preserved as to any and all proofs of claim, opt-outs, settlement claims, and any other demands, assertions, claims, and/or causes of action that may be asserted by, or on behalf of, any person, regulatory entity, governmental entity, or any other entity, authority, or person whatsoever concerning the DSI, including, without limitation, the Debtor's right to object to any such proofs of claim, opt-outs, settlement claims, and any other demands, assertions, claims, and/or causes of action.

**C. The Opt-Out Process And Objection Procedures Are Approved**

31. The proposed Opt-Out Process, including, without limitation, the nature and form of the Opt-Out Letter and the Opt-Out Deadline are APPROVED, as well as the process and procedure concerning Opt-Out Proof of Claims and the Opt-Out Proof of Claim Deadline.

32. For an eligible and potential DSI Settlement Class member to request exclusion and opt out of the Settlement, that individual will be required to send to the Settlement Administrator a letter, via U.S. Mail an Opt-Out Letter, that includes (i) the class member's name, address, and telephone number; (ii) a personal signature; (iii) the name and caption of the Chapter 11 Case; and (iv) a clear written statement that the individual desires to be excluded from the DSI Settlement Class, such as "I hereby request to be excluded from the Data Incident Settlement Class for *In re Central Falls Detention Facility Corporation*."

33. Opt-Out Letters, to be effective, must also be received, or post-marked, by the

Settlement Administrator no later than January 15, 2027 (the "Opt-Out Deadline"). The Settlement Administrator shall verify that each individual who submits an Opt-Out Letter is an eligible DSI Settlement Class member.

34. Upon the Debtor's Settlement Administrator's timely receipt of a valid Opt-Out Letter and request for exclusion, it shall, within five (5) business days of receipt of such Opt-Out Letter, provide notice, via U.S. Mail, to the individual that the Opt-Out Proof of Claim Deadline to assert any claim related to the DSI for such individual through an Opt-Out Proof of Claim is thirty (30) calendar days from the date of service of such notice. The notice of the Opt-Out Proof of Claim Deadline shall contain and provide in plain language the instructions for the submission of an Opt-Out Proof of Claim, including a blank Official Form B410 and instructions for the online submission; and the Opt-Out Proof of Claim Deadline. The Debtor, including through Epiq, shall maintain a record of all Opt-Out Letters received and file with the Court certificate(s) of service as to the notice of the Opt-Out Proof of Claim requirement and the Opt-Out Proof of Claim Deadline. For the avoidance of doubt, only those DSI Settlement Class members that timely and validly submit an Opt-Out Letter and request for exclusion will be authorized to file an Opt-Out Proof of Claim to assert a claim based on, and solely based on, the DSI, on, or before, the Opt-Out Proof of Claim Deadline in this Chapter 11 Case; the October 16, 2026 General Bar Date controls as to all other manner of claimants, creditors, and parties-in-interest, as applicable. For the avoidance of doubt, any other claim that such individual may have against the Debtor will be subject to the General Bar Date. Any DSI Settlement Class member that submits an Opt-Out Letter that does not timely file an Opt-Out Proof of Claim on or before the applicable Opt-Out Proof of Claim Deadline shall be forever barred from asserting any claims against the Debtor in any way related to the DSI.

35. The Court finds and concludes that the Notice Plan will advise all DSI Settlement Class members of their right (a) to opt out of the Settlement, (b) to file with the Court an objection to the Settlement, (c) to file with the Court an objection concerning the fees, costs, and expenses of proposed Settlement Class Counsel and the Service Award for the DSI Class Representative, and (d) all relevant and related deadlines. The opt out and objection instructions are in plain language and clearly prompt those who wish to opt out or object to provide the specific information each action requires. The Long Form Class Notice, to be posted to the Settlement Website, clearly informs DSI Settlement Class members of the Opt-Out Deadline, how to opt out, the consequences of opting out, and requires that they supply only the information needed to opt out of the Settlement. Similarly, the Long Form Class Notice informs DSI Settlement Class members about how to send their written objections to the Court or file in person with the Court (or if represented by counsel to have counsel file a written objection), tells them that the Court can only approve or deny the Settlement and cannot change its terms, and clearly states the Objection Deadline.

36. The Court shall, if any formal objections are timely served and filed with the Court, convene a hearing for final consideration and approval of the Settlement Agreement, the award of Settlement Class Counsel's fees, costs, and expenses, and approval of the Service Award.

**D. Epiq Is Appointed As Settlement Administrator**

37. The Court appoints Epiq as Settlement Administrator and finds and concludes that Epiq is qualified and has considerable experience with providing claims and notice services in both bankruptcy and class action proceedings. Epiq, as Settlement Administrator, is expressly authorized to take all actions necessary consistent with, and in furtherance of, this Order, including, without limitation, as to the Notice Plan and its components.

38. For its services related to the Settlement, Notice Plan, and consistent with the

Settlement Agreement, Epiq shall charge its standard rates for all services and standard reimbursement rates for costs and expenses, which are commensurate with its rates utilized for other services on behalf of the Debtor. These services include, without limitation, (i) fulfillment of the Notice Plan, and all related mailings and postage costs; (ii) establishing and maintaining the Settlement Website and call center; (iii) claims processing, reconciliation, and review; and (iv) opening, establishing, maintaining, and making distributions and payments on allowed settlement claims from a qualified settlement fund account, which shall be an interest-bearing account and qualifies settlement as defined by Treasury § 1.46B-1, *et seq.*

39. Epiq, as the Settlement Administrator, shall have the authority to open, maintain, and make distributions and payments on claims from a qualified settlement fund account, which shall be an interest-bearing account and qualified settlement as defined by Treasury § 1.46B-1, *et seq.* To the extent that any prior Order may have restricted Epiq's authority to open, establish, and maintain a bank account, such prior Order is abrogated so that Epiq may take all actions necessary in furtherance of the Settlement Agreement, including as to the Settlement Fund and associated bank accounts.

**E. Final Approval Hearing**

40. The Final Approval Hearing is set for February 17, 2027 at 2:00 PM EST.

**F. Related And Miscellaneous Relief**

41. No creditor, other than the members of the DSI Settlement Class that timely file Settlement Claims that are allowed and valid, shall gain any rights by reason of the Settlement Agreement. The Settlement Agreement shall not be used, introduced, or otherwise deemed to be admissible in any manner or fashion in any action or proceeding by any creditors of the Debtor or its insiders.

42. All of the Debtor's rights, claims, remedies, and defenses to any Claim that is not the subject of the Settlement Agreement are expressly reserved and preserved. All of the Debtor's rights, claims, remedies, and defenses to any individual, or entity, that submits an Opt-Out Letter or Opt-Out Proof of Claim are expressly reserved and preserved.

43. The Settlement Agreement, and any related agreements, documents, or other instruments, may be modified, amended, or supplemented upon mutual agreement of the Parties without further order of the Court, provided that such modification, amendment, or supplement is not material and does not contravene the express terms of this Order.

44. The failure to mention or expressly reference any provision or term of the Settlement or the Settlement Agreement in this Order shall not impair the efficacy of the Settlement or the Settlement Agreement, it being the intent and effect of this Order that the Settlement, the Settlement Agreement, and the compromises and agreements contained therein are preliminarily approved in all respects and all relief contemplated by the Settlement and the Settlement Agreement is hereby GRANTED; *provided that*, for the avoidance of doubt, the releases contained in the Settlement Agreement are subject to entry of the Final Approval Order and upon entry of the Final Approval Order, such releases shall be deemed effective as of the Plan Effective Date.

45. Notwithstanding the relief authorized and preliminarily approved by this Preliminary Approval Order and any actions taken in furtherance of such relief and preliminary approval, nothing in this Order shall be deemed to be: (a) an admission to the amount of, bases for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law or regulation; (b) a waiver of the Debtor's, or any other party-in-interest's, right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim unless expressly required by this Order; (d) an implication or admission that any particular claim is of a type

specified or defined in the Motion, this Order, or any other order granting the relief requested by the Motion that any particular claim is an administrative expense priority claim or other priority claim; (e) a request or authorization to assume, assign, adopt, or reject any agreement, contract, or lease pursuant to 11 U.S.C. § 365; (f) any admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor or the Debtor's estate; (g) a waiver or limitation of the Debtor's, or any other party-in-interest's, rights under the Bankruptcy Code or any other applicable law or regulation; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion or authorized by this Order are valid, and the rights of all parties-in-interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

46. Notice of the Motion, as provided and certified therein, including, without limitation, the certificate of service filed with the Court on September 4, 2026 (ECF No. 174) and the Bingham-CAFA Declaration, is deemed proper, good, and sufficient notice of the Motion and the Hearing, and, as to notice, the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and CAFA have been satisfied.

47. The Debtor, and its representatives, are authorized to take all actions necessary to effectuate the relief authorized and granted by this Order in accordance with the Motion.

48. The Court shall retain exclusive jurisdiction with respect to all matters and disputes, if any, arising from or related to the implementation, interpretation, and enforcement of this Preliminary Approval Order.

49. No later than four (4) Business Days after the date of entry of this Order, the Debtor shall cause to be served on the necessary and required notice parties—including all creditors

pursuant to the Bankruptcy Rules, Local Rules, and the Case Management Procedures Order entered in this Case—a copy of this Order or, where applicable, notice of the Final Approval Hearing, related relief, and related objection deadlines—and shall file a certificate of service not later than four (4) Business Days after such service.

Dated: October 16, 2026
Providence, Rhode Island

The Honorable John A. Dorsey, Jr.
United States Bankruptcy Judge

# EXHIBIT A-1 – LONG FORM CLASS NOTICE

**CLASS ACTION NOTICE**

# If your Private Information was affected by the Data Incident involving the Central Falls Detention Facility Corporation in November 2023, then you may be entitled to Settlement Class benefits from a Settlement.

*A Court authorized this Notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against the Central Falls Detention Facility Corporation d/b/a Wyatt Detention Facility (the "CFDFC") arising from a Data Incident on, or about, November 2, 2023, in which an unauthorized third party gained unauthorized access to certain of CFDFC's systems and accessed Settlement Class Members' Private Information (the "Data Incident"). "Private Information" includes: personally identifiable information and private health information, including names, addresses, medical information, Social Security numbers, dates of birth, and/or other identifying information.
- The Settlement is fully detailed in the Settlement Agreement, dated ● ●, 2026, between the CFDFC and Jacob Hellested, as plaintiff and proposed class representative. You may obtain and review, at no cost, a copy of the Settlement Agreement [HYPERLINK]. Unless stated otherwise, capitalized terms not defined in this Notice shall have the meaning stated in the Settlement Agreement.
- The Settlement Class, as defined at § 3.1 of the Settlement Agreement, includes: all individuals in the United States whose Private Information was maintained on the CFDFC's computer systems and who were identified by the CFDFC as having certain of that Private Information taken from the CFDFC during the CFDFC's November 2023 Data Incident.
- If you are a member of the Settlement Class, then you can submit a Claim Form for the following Settlement Class benefits:
  1. **Documented Out-of-Pocket Losses Payment**: You may submit a Claim Form and provide reasonable documentation for losses related to the Data Incident for up to $5,000 per Settlement Class Member; **AND**
  2. **Attested Time Spent Payment**: You may submit a Claim Form for up to four (4) hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour (for a maximum of $80.00); **AND**
  3. **Credit Monitoring:** You may submit a Claim Form to enroll in and receive 60 months of single bureau credit monitoring services, at no cost to you.

Payments for all Claimants' Documented Losses, Attested Time, and Service Awards are capped at $100,000 in total. Your cash payment may be subject to a *pro rata* (a legal term meaning "equal share") decrease depending upon the total value of all Approved Claims and the remaining amount of the Settlement Fund.

**This Notice may affect your rights. Please read it carefully.**

| Your Legal Rights & Options | | Deadline |
|---|---|---|
| **Submit a Claim Form** | The only way to get Settlement Class benefits is to submit a timely and valid Claim Form. | Submitted or Postmarked by: **Month DD, 2026** |
| **Exclude Yourself** | Get no Settlement Class benefits. Keep your right to file your own lawsuit against the Released Parties, as defined at § 2.26 of the Settlement Agreement, about the Released Claims as defined at § 2.25 of the Settlement Agreement, that are released by the Settlement in this lawsuit. | Postmarked by: **Month DD, 2026** |
| **Object to the Settlement** | Stay in the Settlement but tell the Court why you do not agree with the Settlement. You will still be bound by the Settlement if the Bankruptcy Court approves it. | Postmarked or Filed by: **Month DD, 2026** |
| **Do Nothing** | Get no Settlement Class benefits. Give up your legal rights against the CFDFC and others. | |

# ABOUT THIS NOTICE

### 1. Why did I get this Notice?

A Court authorized this Notice because you have a right to know about a Settlement in this class action lawsuit, and about your legal rights and options, before the Bankruptcy Court decides whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get them.

In July 2024, Jacob Hellested (the "Plaintiff" or "Class Representative") commenced a lawsuit concerning the Data Incident by filing a complaint with the U.S. District Court for the District of Rhode Island, which is known as *Jacob Hellested v. Central Falls Detention Facility Corporation d/b/a Donald W. Wyatt Detention Facility* (the "Lawsuit").

On July 10, 2026, the CFDFC filed a chapter 11 bankruptcy petition with the U.S. Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court"). The Bankruptcy Court assigned case number 26-10628 to CFDFC's chapter 11 case (the "Bankruptcy Case"). U.S. Bankruptcy Judge John A. Dorsey is overseeing the Bankruptcy Case, including the proposed Settlement. The Bankruptcy Case and chapter 11 filing paused and halted the ongoing Lawsuit.

### 2. What do I do next?

Read this Notice carefully to determine if you are a member of the Settlement Class to understand the Settlement and its benefits.

You must submit a Claim Form by the deadline to receive any cash payment and enroll in credit monitoring. Read on to understand the specifics of the Settlement, your choices, and what each choice would mean for you.

**3. What are the deadlines I need to know?**

- Your deadline to submit a Claim Form: [DATE]
- Your deadline to Object: [DATE]
- Your deadline to Opt-Out of the Settlement: [DATE]
- Final Approval Hearing: [DATE]

## LEARNING ABOUT THE LAWSUIT

**4. What is this lawsuit about?**

The Plaintiff filed the Lawsuit against the CFDFC on behalf of himself and all others similarly situated involving the Data Incident, in which an unauthorized third party gained unauthorized access to certain of CFDFC's systems and may have accessed Settlement Class Members' Private Information. Private Information includes personally identifiable information and private health information consisting of some combination of the following: names, addresses, medical information, Social Security numbers, dates of birth, and/or other identifying information.

CFDFC denies any wrongdoing or liability as to Plaintiff's claims in the Lawsuit. No court has determined that CFDFC is liable for any alleged acts or omissions. The Plaintiff and CFDFC have agreed to this Settlement to avoid the risk, cost, expense, and time of continuing the Lawsuit.

**5. What is a class action?**

In a class action, one or more people, called "class representatives," sue on behalf of all people who have similar legal claims. Together, all these people included in the class action are called a "class," "class members," or "Settlement Class Members." One court resolves the issues for all class members, except for those who timely exclude themselves (opt out) from the class.

**6. Why is there a Settlement of the Lawsuit?**

The Plaintiff and CFDFC do not agree about the legal claims in the Lawsuit. The Lawsuit has not gone to trial, and the Bankruptcy Court has not decided in favor of the Plaintiff or CFDFC. Instead, the Plaintiff and CFDFC agreed to settle the Lawsuit. The Class Representative, CFDFC, and their respective lawyers believe the Settlement is best for the Settlement Class because of the Settlement Class benefits available and the risks and uncertainty associated with continuing the Lawsuit.

## IMPORTANT FACTS ABOUT THE SETTLEMENT

**7. How do I know if I am part of this Settlement?**

You are included in the Settlement Class if you are an individual in the United States whose Private Information was maintained on CFDFC's computer systems and who was identified by the CFDFC as having certain of that Private Information taken from the CFDFC during the CFDFC's November 2023 Data Incident.

**8. Are there exceptions to being included in the Settlement Class?**

Yes, excluded from the Settlement Class are the court and all members of the court's staff, and any person who timely and validly requests exclusion from the Settlement Class.

| **9. I am still not sure if I am included in the Settlement Class.** |
|---|
| Additional information and documents concerning the Settlement are available at www.XXXXXXXXXX.com or call toll-free 1-8XX-XXX-XXXX. |
| **10. What claims am I releasing if I participate in the Settlement?** |
| Unless you properly exclude yourself and "opt-out" of the Settlement, you will remain a member of the Settlement Class. If the Settlement is approved and becomes final, then all court orders and any judgments will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against the Released Parties as to the Released Claims. |
| **11. What are the Released Claims?** |
| Section 2.25 of the Settlement Agreement defines the Released Claims, and § 10 of the Settlement Agreement further describes the Releases, Released Claims, and Released Parties, in necessary legal terms, so please read that section 10 carefully. The Settlement Agreement is available, for no cost, at www.XXXXXXXXXX.com. For questions regarding the Releases, Released Claims, or Released Parties and what the language in the Settlement Agreement means, you may also contact Settlement Class Counsel, listed below, for free; or you may hire and consult your own lawyer at your own expense. |
| **12. What do I need to know about CFDFC's Bankruptcy Case?** |
| If you remain a Settlement Class Member, then you should ***not*** file a proof of claim with the Bankruptcy Court concerning your claims relating to the Data Incident and the Settlement.<br><br>If, however, you believe that you have a legal claim against CFDFC for rights or damages incurred ***not*** related to the Data Incident or the existing Lawsuit, then you should consult your own attorney. You may visit the Bankruptcy Case website www.XXXXXXXXXX.com to learn more about the Bankruptcy Case. |

**13. What does the Settlement provide?**

If you are a member of the Settlement Class, then you may submit a Claim Form for the following Settlement Class benefits:

**Documented Out-of-Pocket Losses Payment**: You may submit a Claim Form and provide reasonable documentation for losses related to the Data Incident for up to $5,000 per Settlement Class Member.

Examples of expenses incurred due to the Data Incident include (but are not limited to): unreimbursed losses relating to fraud or identity theft; costs associated with freezing or unfreezing credit with any credit reporting agency; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Examples of reasonable documentation include (but are not limited to): telephone records, correspondence including emails, or receipts. Personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute reasonable documentation but may be included to provide clarification, context, or support for other submitted reasonable documentation.

You will not be reimbursed for expenses if you have already been reimbursed for the same expenses by another source.

**Attested Time Spent Payment**: You may submit a Claim Form for up to four (4) hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour (for a maximum of $80.00).

The time you are attesting to includes: changing passwords on accounts, checking your medical, financial, or other accounts for suspicious activity, contacting your bank or other financial institution to discuss suspicious activity, signing up for identity theft or fraud monitoring, or researching information about the Data Incident, its impact, or how to protect yourself from harm due to the Data Incident.

**Credit Monitoring:** You may submit a Claim Form to receive sixty (60) months of single bureau credit monitoring services.

Payments for Documented Out-of-Pocket Losses, Attested Time, and the Service Award requested by Plaintiff are to be paid from the $100,000 Settlement Fund. Your cash payment may be subject to a *pro rata* (a legal term meaning "equal share") decrease depending upon the total amount of all approved Settlement claims and the remaining amount of the Settlement Fund. Costs of Credit Monitoring, as well as court-approved attorneys' fees and expenses, are to be paid separate and apart from the Settlement Fund.

**14. How may I enroll in the Credit Monitoring Services?**

If the Bankruptcy Court approves the Settlement on a final basis, then instructions on how to complete the enrollment process and for credit monitoring, including the enrollment code, will be provided to you if you timely file a valid Claim Form and select the credit monitoring benefit.

**15. How do I submit a Claim Form?**

You must submit a Claim Form with any required information at www.XXXXXXXXXX.com by **Month DD, 20YY**, or by U.S. mail to the Claims Administrator at the address on the Claim Form, **postmarked** by **Month DD, 20YY**. If you do not timely request a paper Claim Form at the website or by calling the toll-free number, then you will be deemed to have consented to electronic submission of your claim. Paper Claim Forms are available for download at www.XXXXXXXXXX.com or by calling 1-8XX-XXX-XXXX or by writing to:

*Data Incident*
Claims Administrator
PO Box XXXX
Portland, OR 9XXXX-XXXX

Please note, per the United States Postal Service, mail may *not* be postmarked the day it is deposited in a mailbox or at a local post office. Postmarks occur when mail reaches a processing facility. To meet a postmark deadline, **mail at least a week prior to a postmark deadline**, get a manual postmark in person at any post office, or send via Certified Mail.

## EXCLUDING YOURSELF - OPTING OUT

**16. Why would I opt out of the Settlement Class?**

If you are a member of the Settlement Class and want to keep any right you may have to sue or continue to sue the Released Parties on your own about the legal claims in the Lawsuit or the Released Claims, then you must take steps to get out of the Settlement Class. This is called excluding yourself from—or "opting-out" of—the Settlement Class.

**17. How do I opt-out of the Settlement Class?**

To opt-out of the Settlement Class, you must mail a written request for exclusion, which must include the following information:

1) Your name, address, and telephone number;
2) Your personal, written signature;
3) The Bankruptcy Case name and number: *In re Central Falls Detention Facility Corporation*, Bankr. Case No. 26-10628; and
4) A written statement that you want to be excluded from the Settlement Class, such as "I hereby request to be excluded from the Settlement Class for *In re Central Falls Detention Facility Corporation*."

The exclusion request must be **mailed** to the Claims Administrator at the following address, and be **postmarked** by **Month DD, 2026**:

*Data Incident*
Claims Administrator
PO Box XXX
Portland, OR 9XXXX-XXX

**You cannot opt-out (exclude yourself) by telephone or by email.**

"Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class members or multiple Settlement Class members where the opt-out has not been signed by each and every individual Settlement Class member are not allowed.

Please note, per the United States Postal Service, mail may *not* be postmarked the day it is deposited in a mailbox or at a local post office. Postmarks occur when mail reaches a processing facility. To meet a postmark deadline, **mail at least a week prior to a postmark deadline**, get a manual postmark in person at any post office, or send via Certified Mail.

**18. If I do not opt-out, can I sue the CFDFC and other Released Parties for the same thing later?**

No. Unless you opt-out, you give up and waive any right to sue the Released Parties for the legal claims that this Settlement resolves and Releases, and you will be bound by all the terms of the Settlement, proceedings, orders, and judgments as to the Data Incident and Lawsuit. You must opt-out to start, or continue, your own lawsuit or be part of any other lawsuit against the Released Parties about the Released Claims in this Settlement. If you have a pending lawsuit, then you should speak to your lawyer for that lawsuit immediately.

**19. If I opt out, then can I get any benefits from the Settlement?**

No. If you opt-out, then you will not be able to receive Settlement Class benefits, and you will not be bound by the Settlement or any judgments as to the Lawsuit. You can only get Settlement Class benefits if you stay in the Settlement and submit a timely and valid Claim Form.

## OBJECTING TO THE SETTLEMENT

**20. How do I tell the Bankruptcy Court that I don't like the Settlement?**

If you are a Settlement Class Member, then you can tell the Bankruptcy Court you do not agree with all, or a part, of the Settlement, the request for the Attorneys' Fees and Expenses Award, and/or the Service Award.

To object, you must file your timely written objection with the Bankruptcy Court as provided below by **Month DD, 2026**, or send it by U.S. mail to the Bankruptcy Court **postmarked** by **Month DD, 2026**, and send copies by U.S. mail to Settlement Class Counsel and CFDFC's Counsel stating that you object to the Data Incident Settlement in *In re Central Falls Detention Facility Corporation*, Bankr. Case No. 26-10628.

1) your full name, address, telephone number, and e-mail address (if any);
2) the name and number of the Bankruptcy Case, *In re Central Falls Detention Facility Corporation*, Bankr. Case No. 26-10628;
3) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class;
4) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class;
5) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection you believe is applicable;
6) the identity of any lawyer(s) representing or advising you;
7) a statement whether you intend to appear at the Final Approval Hearing, either in person or through your lawyer, and, if through your lawyer, identifying that lawyer;
8) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection and any documents to be presented or considered; and

9) your personal and original signature and the signature of your duly authorized lawyer or other duly authorized representative (if any).

Do ***not*** file any documents or objections with the U.S. District Court for the District of Rhode Island in the *Jacob Hellested v. Central Falls Detention Facility Corporation d/b/a Donald W. Wyatt Detention Facility* Lawsuit (D. R.I. Case No. 1:24-CV-00284-MRD-AEM).

| COURT | SETTLEMENT CLASS COUNSEL | CFDFC'S COUNSEL |
|---|---|---|
| Clerk<br>U.S. Bankruptcy Court<br>District of Rhode Island<br>380 Westminster Street<br>6th Floor<br>Providence, RI 02903<br><br>https://www.rib.uscourts.gov/contact_us | Peter N. Wasylyk, Esq.<br>**Law Offices of Peter N. Wasylyk**<br>1307 Chalkstone Avenue<br>Providence, Rhode Island 02908<br><br>https://wasylyklaw.com/<br><br>&<br><br>Gary E. Mason, Esq.<br>**Mason & Perry LLP**<br>5335 Wisconsin Ave NW<br>Suite 640<br>Washington, DC 20015<br><br>https://www.masonllp.com/ | Daniel E. Burgoyne, Esq.<br>**Partridge Snow Hahn, LLP**<br>40 Westminster St., Suite 1100<br>Providence, Rhode Island 02903<br><br>https://psh.com/ |

**Your objection must be filed with the Bankruptcy Court, received by the Clerk for the Bankruptcy Court, or postmarked, on or before 11:59 p.m. (prevailing Eastern Time) on Month DD, 2026.**

**21. May I, or my lawyer, speak at the Final Approval Hearing about my objection?**

Yes, if the Bankruptcy Court permits, then you or your lawyer may speak at the Final Approval Hearing on [Month Day, 2026] about your objection. To do so, you must include a statement in your objection indicating that you or your lawyer intends to appear at the Final Approval Hearing. If you appear through your own lawyer, then you are responsible for hiring and paying your own lawyer.

**22. What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Bankruptcy Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Opting-out is telling the Bankruptcy Court that you do not want to be part of the Settlement Class. If you opt-out, then you cannot object because you are no longer a member or a part of the Settlement Class.

## THE LAWYERS REPRESENTING YOU AS A MEMBER OF THE SETTLEMENT CLASS

### 23. Do I have a lawyer in this case?

Yes, the Bankruptcy Court has appointed, for purposes of the Settlement only, lawyers to represent the members of the Settlement Class. Settlement Class Counsel are:

| | |
|---|---|
| Peter N. Wasylyk, Esq.<br>**Law Offices of Peter N. Wasylyk**<br>1307 Chalkstone Avenue<br>Providence, Rhode Island 02908 | Gary E. Mason, Esq.<br>**Mason & Perry LLP**<br>5335 Wisconsin Ave NW, Suite 640<br>Washington, DC 20015 |

As a member of the Settlement Class, you will not be charged for the fees and expenses incurred by Settlement Class Counsel for their services.

### 24. Should I get my own lawyer?

You do not need to hire your own lawyer to participate in the Settlement. If you object to the Settlement or otherwise want to be represented by your own lawyer, then you may hire one at your own expense.

### 25. How will the lawyers for the Settlement Class be paid?

Settlement Class Counsel will ask the Bankruptcy Court to approve payment of $90,000 to Settlement Class Counsel (the "Attorneys' Fees and Expenses Award"). The Attorneys' Fees and Expenses Award will ***not*** be paid from the Settlement Fund and will ***not*** reduce the benefits paid to members of the Settlement Class.

Settlement Class Counsel will also ask the Bankruptcy Court to approve a payment of up to $2,000 to Jacob Hellested as the lead Plaintiff and Class Representative (the "Service Award"). The Service Award will be paid from the Settlement Fund.

The Court may award less than these amounts.

## IF YOU DO NOTHING

### 26. What happens if I do nothing at all?

If you are a member of the Settlement Class and you do nothing and take no action, then you will not receive a cash payment or other benefit, including credit monitoring, to which you may be entitled under the Settlement.

# THE FINAL APPROVAL HEARING BEFORE THE COURT

**27. When and where will the Bankruptcy Court decide whether to approve the Settlement?**

The Bankruptcy Court will hold a Final Approval Hearing to decide whether to approve the Settlement; the hearing will be held at:

WHERE:

U.S. Bankruptcy Court
District of Rhode Island
380 Westminster Street, 6th Floor
Providence, RI 02903

https://www.rib.uscourts.gov/court_address_and_directions%20

WHEN: [Month DD, 2026 at ●:● AM/PM]

At this hearing, the Bankruptcy Court will consider whether the Settlement is fair, reasonable, and adequate. The Bankruptcy Court may also decide how much Settlement Class Counsel and the Class Representative are entitled to by the Settlement. If there are objections, then the Court will consider them. The Court may listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement.

**28. Can the date, time, or location of the Final Approval Hearing change?**

Yes, the Bankruptcy Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice. The date of the Final Approval Hearing may change without further notice to members of the Settlement Class.

Please check www.XXXXXXXXXX.com to confirm there are no changes such as the date and time of the Final Approval Hearing.

**29. Do I have to attend the Final Approval Hearing?**

No. Settlement Class Counsel will answer questions the Bankruptcy Court may have about the Settlement. You may attend at your own expense if you wish. If you file an objection, then you do not have to attend the Final Approval Hearing to talk about it.

# GET MORE INFORMATION

**30. How do I get more information about the Settlement?**

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.XXXXXXXXXX.com.

If you have additional questions, then you may contact the Settlement Administrator by calling toll-free 1-XXX-XXX-XXXX, or by writing to:

*CFDFC Data Incident*
Settlement Administrator
PO Box XXXX
Portland, OR 9XXXX-XXXX

You may also contact Settlement Class Counsel:

| | |
|---|---|
| Peter N. Wasylyk, Esq.<br>**Law Offices of Peter N. Wasylyk**<br>1307 Chalkstone Avenue<br>Providence, Rhode Island 02908 | Gary E. Mason, Esq.<br>**Mason & Perry LLP**<br>5335 Wisconsin Ave NW, Suite 640<br>Washington, DC 20015 |

**PLEASE DO NOT TELEPHONE OR E-MAIL THE BANKRUPTCY COURT, THE BANKRUPTCY COURT'S CLERK'S OFFICE, OR THE CFDFC'S COUNSEL REGARDING THIS NOTICE.**

**EXHIBIT A-2 – POST CARD NOTICE**

Data Incident
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

[redacted]

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO.xxxx

Court-Approved Legal Notice

**If your Private Information was affected by the Data Incident involving The Central Falls Detention Facility Corporation in November 2023, then you may be entitled to Settlement Class benefits from a Settlement.**

*A Court has authorized this notice.*
*This is **not** a solicitation from a lawyer.*

www.XXXXXXXXXXX.com
1-XXX-XXX-XXXX

Scan this QR code to visit the Settlement Website!

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

[redacted]

A Settlement has been reached in a class action lawsuit against the Central Falls Detention Facility Corporation d/b/a Wyatt Detention Facility (the "CFDFC") in which a third party gained unauthorized access to certain of CFDFC's systems and accessed Private Information. "Private Information" includes: personally identifiable information and private health information, including names, addresses, medical information, SSNs, dates of birth, and/or other identifying information. On July 10, 2026, CFDFC filed for chapter 11 Bankruptcy with the U.S. Bankruptcy Court for the District of Rhode Island, which is case number 26-10628. The chapter 11 filing paused a pending class action lawsuit. The Bankruptcy Court is overseeing the settlement.

**Who is Included? Records show you are a member of the Settlement Class**, defined as: all individuals in the United States whose Private Information was maintained on CFDFC's computer systems and who were identified by the CFDFC as having certain of that Private Information taken from the CFDFC during the November 2023 Data Incident.

**What does the Settlement Provide?** Settlement Class Members can submit a Claim Form online or by mail postmarked by **Month XX, 20YY,** to request the Settlement Benefits described below. If you do not request a paper claim form via the Settlement Website or by calling the toll-free number, then you will be deemed to have consented to electronic submission of your claim. If you do not submit a Claim Form, then you will not receive any benefits from the Settlement. Subject to Bankruptcy Court approval, Settlement Class Members can submit a Claim Form for the following benefits, subject to review by the Settlement Administrator:

**Documented Out-of-Pocket Losses Payment**: You may submit a Claim Form and provide reasonable documentation for losses related to the Data Incident for up to $5,000 per Settlement Class Member; **AND**

**Attested Time Spent Payment**: You may submit a Claim Form for up to four (4) hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour (for a maximum of $80.00); **AND**

**Credit Monitoring:** You may submit the Claim Form attached to this notice to enroll in and receive 60 months of single bureau credit monitoring services, at no cost to you by completing the attached Claim Form.

Payments for all Claimants' Documented Losses, Attested Time, and Service Awards are capped at $100,000 in total. Your cash payment may be subject to a *pro rata* (a legal term meaning "equal share") decrease depending upon the total value of all approved cash payments and the remaining amount of the $100,000 Settlement Fund. Settlement Class Counsel will be seeking an award of $90,000 in attorneys' fees and costs, to be paid separate and apart from the Settlement Fund. Plaintiff will seek an award of $2,000.

**Other Options**: If you do not want to be legally bound by the Settlement, you must request exclusion from the Class by submitting an opt-out (by mail only) **postmarked** by **Month XX, 20YY**. If you do not opt-out, you will give up the right to sue and will release CFDFC, and other Released Parties from the legal claims in this lawsuit. If you do not opt out, you also have the right to object to the Settlement and by filing an objection with the Bankruptcy Court by **Month XX, 20YY**. The Long Form Class Notice on the Settlement Website explains how to opt-out or object. You may also call toll free at 1-XXX-XXX-XXXX to request a Long Form Class Notice and Claim Form be mailed to you. If you do nothing, you will get no Settlement Class Member Benefits, and you will be bound by the Settlement and any judgments and orders. The Bankruptcy Court will hold a Final Approval Hearing on **Month XX, 20YY**, to consider whether to approve the Settlement, other relief related to the Settlement, and any objections that have been filed. You or your lawyer may attend and ask to appear at the hearing if you object, but you are not required to do so.

**This notice is a summary**. Learn more at www.XXXXX.com, or by calling toll free 1-XXX-XXX-XXX.

<<UNIQUEID>>

## CLAIM FORM

Claims must be postmarked or submitted online by **Month DD, 20YY**. This claim form can be submitted for **Attested Time Spent AND Credit Monitoring Services**. A Claim Form for Documented Out-of-Pocket Losses MUST be obtained online or requested by phone.

1) **Documented Out-of-Pocket Losses Payment (must be claimed using the online claim form OR by requesting a claim form be mailed to you):** Claims for Documented Out-of-Pocket Losses requiring documentation must be submitted by doing one of the following: (1) visit the Settlement Website and follow the instructions on the Claim Form and submit online, (2) download a paper Claim Form from the Settlement Website and submit by mail, (3) call the toll-free number, 1-XXX-XXX-XXXX and request a Claim Form be mailed to you, or (4) request a Claim Form be mailed to you by writing to the address listed on the front of this notice.

**2) Attested Time Spent Payment:** In addition to Documented Out-of-Pocket Losses Payment, you may elect to receive up to four (4) hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour (for a maximum of $80.00).

**Hours claims (up to 4 hours) – check one box**

☐ 1 Hour ☐ 2 Hours ☐ 3 Hours ☐ 4 Hours

3) **Credit Monitoring Services:** In addition to the Cash Payment options, you may also elect to receive sixty (60) months of single bureau credit monitoring services, at no cost to you. You will be sent instructions and an activation code after the Settlement is final.

☐ By checking this box, I confirm I want to receive sixty (60) months of free Credit Monitoring.

**By signing my name, I swear and affirm I am completing this Claim Form to the best of my personal knowledge.**

**Signature:** ____________________ **Date:** ____________________

If your mailing address has changed, please provide your current address here:

*Address:

*City: *State: *ZIP Code:

*Email Address:

[redacted]

PLACE
STAMP
HERE

Data Incident
Settlement Administrator
PO Box XXXX
Portland, OR 97xxx-xxxx

[redacted]

**EXHIBIT A-3 – PUBLICATION NOTICE**

# If your Private Information was affected by the Data Incident involving The Central Falls Detention Facility Corporation in November 2023, then you may be entitled to Settlement Class benefits from a Settlement.

A Settlement has been reached in a class action lawsuit against the Central Falls Detention Facility Corporation d/b/a Wyatt Detention Facility ("CFDFC") in which a third party gained unauthorized access to certain of CFDFC's systems and accessed Private Information. "Private Information" includes: personally identifiable information and private health information, including names, addresses, medical information, SSNs, dates of birth, and/or other identifying information. On July 10, 2026, CFDFC filed for chapter 11 bankruptcy with the U.S. Bankruptcy Court for the District of Rhode Island, which is case number 26-10628. The chapter 11 filing paused a pending class action lawsuit. The Bankruptcy Court is overseeing the settlement.

**Who is Included?** The Settlement Class is defined as: all individuals in the United States whose Private Information was maintained on CFDFC's computer systems and who were identified by the CFDFC as having certain of that Private Information taken from the CFDFC during the November 2023 Data Incident.

**What does the Settlement Provide?** Settlement Class Members can submit a Claim Form online or by mail postmarked by **Month XX, 20YY**, to request for the Benefits below. If you do not request a paper Claim Form via the Settlement Website or by calling the toll-free number, then you will be deemed to have consented to electronic submission of your claim. If you do not submit a Claim Form, then you will not receive any benefits from the Settlement. Subject to Bankruptcy Court approval, Settlement Class Members are entitled to request the following benefits, subject to review by the Settlement Administrator:

**Documented Out-of-Pocket Losses Payment**: You may submit a Claim Form and provide reasonable documentation for Losses related to the Data Incident for up to $5,000 per Settlement Class Member; **AND**

**Attested Time Spent Payment**: You may submit a Claim Form for up to four (4) hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour (for a maximum of $80.00); **AND**

**Credit Monitoring**: You may enroll in and receive 60 months of single bureau credit monitoring services, at no cost to you by completing a Claim Form.

You must timely submit a Claim Form to receive any of these benefits. Payments for Documented Losses, Attested Time, and Service Awards are capped at $100,000. Your cash payment may be subject to a *pro rata* (a legal term meaning "equal share") decrease depending upon the total value of all approved Claims Forms and the remaining amount of the $100,000 Settlement Fund. Settlement Class Counsel will be seeking an award of $90,000 in attorneys' fees and costs, to be paid separate and apart from the Settlement Fund. Plaintiff will seek an award of $2,000.

**Other Options**. If you do not want to be legally bound by the Settlement, you must request exclusion from the Class by submitting an opt-out (by mail only) **postmarked** by **Month XX, 20YY**. If you do not opt-out, you will give up the right to sue and will release CFDFC, and other Released Parties from the legal claims in this lawsuit. If you do not opt-out, you also have the right to object to the Settlement by filing an objection with the Bankruptcy Court by **Month XX, 20YY**. The Long Form Class Notice on the Settlement Website explains how to opt-out or object. You may also call toll-free at 1-XXX-XXX-XXXX to request a Long Form Class Notice and Claim Form be mailed to you. If you do nothing, you will get no Settlement Class Member Benefits, and you will be bound by the Settlement and any judgments and orders. The Bankruptcy Court will hold a Final Approval Hearing on

**Month XX, 20YY**, to consider whether to approve the Settlement, other relief related to the Settlement, and any objections that have been filed. You or your lawyer may attend and ask to appear at the hearing if you object, but you are not required to do so.

**EXHIBIT A-4 – INFORMATIONAL RELEASE**

# If your Private Information was affected by the Data Incident involving The Central Falls Detention Facility Corporation in November 2023, then you may be entitled to Settlement Class benefits from a Settlement

PROVIDENCE, R.I., ● ●, 2026 / PRNewswire / --

A Settlement has been reached in a class action lawsuit filed against the Central Falls Detention Facility Corporation d/b/a Wyatt Detention Facility ("CFDFC") in which a third party gained unauthorized access to certain of CFDFC's systems and accessed Private Information. "Private Information" includes: personally identifiable information and private health information, including names, addresses, medical information, SSNs, dates of birth, and/or other identifying information. On July 10, 2026, CFDFC filed for chapter 11 bankruptcy with the U.S. Bankruptcy Court for the District of Rhode Island, which is case number 26-10628. The chapter 11 filing paused a pending class action lawsuit. The Bankruptcy Court is overseeing the settlement.

**Who is Included?** Settlement Class is defined as: all individuals in the United States whose Private Information was maintained on CFDFC's computer systems and who were identified by the CFDFC as having certain of that Private Information taken from the CFDFC during the November 2023 Data Incident.

**What does the Settlement Provide?** Settlement Class Members can submit a Claim Form online or by mail postmarked by **Month XX, 20YY**, to request the Benefits below. If you do not request a paper Claim Form via the Settlement Website or by calling the toll-free number, then you will be deemed to have consented to electronic submission of your claim. If you do not submit a Claim Form, then you will not receive any benefits from the Settlement. Subject to Bankruptcy Court approval, Settlement Class Members are entitled to request the following benefits, subject to review by the Settlement Administrator:

**Documented Out-of-Pocket Losses Payment**: You may submit a Claim Form and provide reasonable documentation for Losses related to the Data Incident for up to $5,000 per Settlement Class Member; **AND**

**Attested Time Spent Payment**: You may submit a Claim Form for Up to four (4) hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour (for a maximum of $80.00); **AND**

**Credit Monitoring**: You may enroll in and receive 60 months of single bureau credit monitoring services, at no cost to you by completing a Claim Form.

You must timely submit a Claim Form to receive any of these benefits. Payments for all Claimants' Documented Losses, Attested Time, and Service Awards are capped at $100,000 in total. Your cash payment may be subject to a *pro rata* (a legal term meaning "equal share")

decrease depending upon the total value of all approved Claims Forms and the remaining amount of the $100,0000 Settlement Fund. Settlement Class Counsel will be seeking an award of $90,000 in attorneys' fees and costs, to be aid separate and apart from the Settlement Fund. Plaintiff will seek a Service Award of $2,000.

**Other Options**. If you do not want to be legally bound by the Settlement, you must request exclusion from the Class by submitting an opt-out (by mail only) **postmarked** by **Month XX, 20YY**. If you do not opt-out, you will give up the right to sue and will release CFDFC, and other Released Parties from the legal claims in this lawsuit. If you do not opt-out, you also have the right to object to the Settlement by filing an objection with the Bankruptcy Court by **Month XX, 20YY**. The Long Form Class Notice on the Settlement Website explains how to opt-out or object. You may also call toll-free at 1-XXX-XXX-XXXX to request that a Long Form Class Notice and Claim Form be mailed to you. If you do nothing, then you will get no Settlement Class Member Benefits, and you will be bound by the Settlement and any judgments and orders. The Bankruptcy Court will hold a Final Approval Hearing on **Month XX, 20YY**, to consider whether to approve the Settlement, other relief related to the Settlement, and any objections that have been filed. You or your lawyer may attend and ask to appear at the hearing if you object, but you are not required to do so.

**This notice is a summary. Learn more at www.XXXXX.com, or by calling toll-free 1-XXX-XXX-XXX.**

###

Media Contact: www.XXXXX.com

SOURCE: Central Falls Detention Facility Corporation d/b/a Wyatt Detention Facility

**EXHIBIT B – CLAIM FORM**

*0000PLACEHOLDER0000*

**Must be postmarked or submitted online NO LATER THAN MONTH DD, 20YY**

*Central Falls Detention Facility Corporation Data Incident*
SETTLEMENT ADMINISTRATOR
P.O. BOX XXX
PORTLAND, OR 972XX-XXXX
www.xxxxxxxxx.com

*In re Central Falls Detention Facility Corporation d/b/a Wyatt Detention Facility*
*U.S. Bankr. Ct. D. R.I. - Case No. 26-10628*

## GENERAL INFORMATION

If your Private Information was affected by the Data Incident involving the Central Falls Detention Facility Corporation d/b/a Wyatt Detention Facility in November 2023, then you may be entitled to Settlement Class benefits from a Settlement.

**You may submit a Claim Form for Settlement Class Member Benefits, outlined below, by visiting the Settlement Website at www.xxxxxxxxx.com. Claims must be submitted online by MONTH DD, 20YY. If you would prefer to submit by mail, then please complete the form below and use the return address at the top of this form. If you mail your completed Claim Form, then it must be postmarked by MONTH DD, 20YY.**

## SETTLEMENT BENEFITS – WHAT YOU MAY GET

**You may submit a Claim Form for the following Settlement Class Member Benefits:**

1. **Documented Out-of-Pocket Losses Payment**: You may submit a Claim Form and provide reasonable documentation for losses related to the Data Incident for up to $5,000 per Settlement Class Member;

   **AND**

2. **Attested Time Spent Payment**: You may submit a Claim Form for up to four (4) hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour (for a maximum of $80.00);

   **AND**

3. **Credit Monitoring:** You may submit a Claim Form to enroll in and receive 60 months of single bureau credit monitoring services, at no cost to you.

Your cash payment may be subject to a *pro rata* (a legal term meaning "equal share") decrease depending upon the total value of all Approved Claims and the remaining amount of the Settlement Fund

* * *

*Please Note: The Settlement Administrator may contact you to request additional documents to process your Claim Form.*

For more information and complete instructions, visit **www.xxxxxxxxx.com**.

**Please note that Settlement Class Member Benefits will be distributed after the Settlement receives final approval from the Bankruptcy Court. Thank you for your patience.**

## Contact Information

**1. NAME (REQUIRED):**

First Name | MI | Last Name

**2. MAILING ADDRESS (REQUIRED):**

Street Address

Apt. No.

City | State | ZIP Code

**3. PHONE NUMBER:**

– –

**4. EMAIL ADDRESS:**

## Credit Monitoring

*You may be eligible to receive free Credit Monitoring services.*

All Settlement Class Members are eligible to claim Credit Monitoring services.

*Please select the checkbox if you want to enroll in Credit Monitoring services for which you are eligible.*

☐ **Credit Monitoring:** I want to receive 60 months of Credit Monitoring services at the email entered in the above section.

*If you select this option, then you will be sent instructions and an activation code after the Settlement is final. Enrollment in this service will not subject you to marketing for additional services or any required payments.*

## Attested Time Spent Payment

You may seek reimbursement for up to four (4) hours of lost time spent dealing with the Data Incident, calculated at the rate of $20 per hour (for a maximum of $80.00).

Hours claimed (up to 4 hours – check one box). ◻ 1 Hour ◻ 2 Hours ◻ 3 Hours ◻ 4 Hours

◯ I attest and affirm to the best of my knowledge and belief that any claimed lost time was spent related to the Data Incident.

Your cash payment may be subject to a *pro rata* (a legal term meaning "equal share") decrease depending upon the total value of all Approved Claims and the remaining amount of the Settlement Fund

## Documented Out-of-Pocket Losses Payment

You may also seek a recovery for losses related to fraud and/or identity theft that can be reasonably traced to the Data Incident for up to $5,000.00 per Settlement Class Member, and you must provide reasonable documentation for such losses.

It is important for you to send reasonable documents that show what happened and how much you lost or spent so that you can be reimbursed.

Examples of reasonable documentation include (but are not limited to): credit card statements, bank statements, invoices, telephone records, photographs, and receipts. Documented Losses cannot be documented solely by a personal certification, declaration, or affidavit from you; you must provide supporting documentation in addition to any such certification, declaration, or affidavit. "Self-prepared" documents such as handwritten receipts, by themselves, are not reasonable documentation, but can be considered to add clarity or support to other documentation. Do not send originals of any documents; please send only clear, legible photocopies. **You must redact any personal or account information from documents, and redact expenses unrelated to the loss**.

To look up more details about how the cash payments work, visit **www.xxxxxxxxx.com** or call toll-free **1-XXX-XXX-XXX**. Please also review the Long Form Notice on the Settlement Website for more information.

*By filling out the boxes below, you are certifying that the money you spent does not relate to other data incidents or breaches. You will not be reimbursed for expenses if they have been reimbursed for the same expenses by another source.*

| **Expense Type and Examples of Documents** | **Amount and Date** | **Description of Expense or Money Spent and Supporting Documents** (Identify what you are attaching, and why it's related to the Data Incident) |
|---|---|---|
| Professional fees incurred to address identity theft or fraud, such as falsified tax returns, account fraud, and/or identity theft.<br>*Examples: Receipts, notices, or account statements reflecting payment for a credit freeze. Expenses unrelated to the loss must be redacted.* | $ ☐☐☐☐☐ . ☐☐<br>Date: ☐☐ – ☐☐ – ☐☐☐☐<br>MM DD YYYY | ______<br>______<br>______ |
| Other losses or costs resulting from identity theft or fraud (provide detailed description) related to the Data Incident.<br>*Examples: Account statement with unauthorized charges circled; bank fees, and fees for credit reports, credit monitoring, or other identity theft insurance products purchased. Expenses unrelated to the loss must be redacted.* | $ ☐☐☐☐☐ . ☐☐<br>Date: ☐☐ – ☐☐ – ☐☐☐☐<br>MM DD YYYY | ______<br>______<br>______ |
| Other expenses such as notary, fax, postage, copying, mileage, long-distance telephone charges, or professional fees related to the Data Incident.<br>*Examples: Phone bills, receipts, detailed list of addresses you traveled to (e.g., police station, IRS office), reason why you traveled there (e.g., police report or letter from IRS re: falsified tax return) and number of miles you traveled. Expenses unrelated to the loss must be redacted.* | $ ☐☐☐☐☐ . ☐☐<br>Date: ☐☐ – ☐☐ – ☐☐☐☐<br>MM DD YYYY | ______<br>______<br>______ |

*PLACEHOLDER0000*

## Payment Election

If your claim is approved by the Settlement Administrator, then you will receive payment by check, sent to the mailing address that you provide at section 2, above, unless you select one of the electronic payment options below and provide the email address **or** phone number associated with your account:

#1 Digital Payment Account – Payment Option

| ☐ PayPal ☐ Venmo ☐ Zelle | |
|---|---|
| *Provide the email OR phone number, NOT both, associated with your selected digital payment account.* | |
| Email Address: | |
| Phone Number: | |

#2 ACH Transfer: Direct Electronic Payment to a Bank Account – Payment Option

| ☐ Checking Account ☐ Savings Account | |
|---|---|
| Routing Number: | |
| Account Number: | |

## Signature

By signing my name, I affirm under the penalty of perjury and laws of the United States that the information I have supplied in this Claim Form and any copies of documents that I am sending to support my Claim are true and correct to the best of my knowledge.

I understand that I may be asked to provide more information by the Settlement Administrator before my Claim is complete and approved.

Signature

Date: ☐☐ – ☐☐ – ☐☐☐☐
MM DD YYYY

Print Name